IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>Defendants. | CIVIL ACTION NO. NO. 3:18-cv-00749<br><br>CHIEF JUDGE CRENSHAW<br><br>MAGISTRATE JUDGE JOE BROWN<br><br>JURY DEMAND |

**RESPONSE IN OPPOSITION TO DEFENDANT ANTHEM SPORTS & ENTERTAINMENT CORP.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiffs Jeffrey Jarrett and Global Force Entertainment, Inc. (collectively "Plaintiffs") submit their Response in Opposition to Defendant Anthem Sports & Entertainment Corp.'s ("Anthem Sports'") Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion").

**INTRODUCTION**

The crux of Anthem Sports' Motion is the statement: "Anthem Sports has no meaningful connection with the State of Tennessee." This is a stark contrast to Anthem Sports' press release published on November 25, 2018 in which it states, "Anthem Sports & Entertainment Corp. is a global sports and entertainment media company with offices and studios in New York, Toronto, Los Angeles and Nashville." This press release alone is sufficient to disregard the self-serving affidavit relied upon by Anthem Sports for its Motion.

The truth is Anthem Sports is subject to both general and specific personal jurisdiction in Tennessee. By its admission in the press release, it has an office and studio in Nashville, and at least one employee who lives in Nashville. Further, it created Anthem Wrestling Exhibitions, LLC ("Anthem Wrestling"), specifically to acquire a Tennessee entity on its behalf. Even if Anthem Sports is not subject to general personal jurisdiction, its contacts with Tennessee related to this lawsuit confer specific personal jurisdiction. Anthem Sports initiated negotiations with Plaintiffs, who are residents of Tennessee, regarding a merger of the parties' companies. The aftermath of the merger's failure led to this lawsuit.

## STATEMENT OF FACTS

Anthem Sports broadcasts and sells products globally via its brands and subsidiaries, including in Tennessee. All entities owned by Anthem Sports, including Anthem Wrestling, engage in the same business enterprise – broadly speaking, entertainment with a distinct focus in sports. (Dkt. 25 ¶ 3). Anthem Sports formed Anthem Wrestling Exhibitions, LLC ("Anthem Wrestling"), in Tennessee to acquire assets of TNA Entertainment, LLC ("TNA") based in Nashville, Tennessee, when Anthem Sports' entity Fight Network Group, LLC, foreclosed on debts owed to it. (Dkt. 25 ¶ 7-8). TNA, now owned by Anthem Sports, has since been rebranded as IMPACT! Wrestling (First Amended Complaint ("FAC"), Dkt. 15 ¶ 31), which continues to be based in Nashville, Tennessee (Exhibits 3-4).

Anthem Sports initiated negotiations with Plaintiffs, who are Tennessee residents, related to merging with GFE in exchange for membership and equity in Anthem Sports and hiring Mr. Jarrett as Chief Creative Officer for the wrestling portion of Anthem Sports. (FAC ¶ 34). Although this lawsuit is not brought under the contract or nondisclosure agreement provided by Plaintiffs for purposes of background, the negotiations pertaining to them are connected to the claims

alleged. (*Id*. ¶ 35.) The only master recordings of 16 hours of GFW Amped content (the "Masters") were provided to Defendants in anticipation of the merger but the term sheet made clear that Defendants did not own the Masters. (Dkts. 15 ¶ 38, 15-2 at 5). When the merger failed, Defendants refused to return them and proceeded to wrongfully reproduce and distribute the GFW Amped content. (Dkt. 15 ¶ 156).

## ARGUMENT

"Where a federal court's subject-matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted). "Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged, and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). As the Tennessee long-arm statute, TENN. CODE ANN. § 20-2-214, has been "interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause," *Payne v. Motorists' Mut. Ins. Cos.,* 4 F.3d 452, 454 (6th Cir.1993), the only inquiry is whether exercising personal jurisdiction over Anthem Sports is consistent with federal due process requirements, *Bridgeport*, 327 F.3d at 477.

Where, as here, there has been no discovery and "no evidentiary hearing to resolve apparent factual questions, the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). "In this procedural posture, [the Court does] not weigh the facts disputed by the parties but instead consider[s] the pleadings in the light most favorable to the plaintiff, although [the Court] may

consider the defendant's undisputed factual assertions." *Kuhnmuench v. LivaNova PLC*, 2017 WL 5479610, at *3 (E.D. Mich. Nov. 15, 2017).

The Fourteenth Amendment Due Process Clause allows for two types of personal jurisdiction: general and specific. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Tennessee has both general personal jurisdiction over Anthem Sports due to its systematic contacts with Tennessee itself and through its alter-ego subsidiaries, and specific personal jurisdiction arising from Anthem Sports' contacts with Tennessee related to this lawsuit.

I. **TENNESSEE HAS GENERAL PERSONAL JURISDICTION OVER ANTHEM SPORTS.**

General personal jurisdiction exists where a defendant's contacts with the forum are so continuous and systematic as to render it essentially at home. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). At this early stage of litigation, Plaintiffs have not yet had an opportunity to conduct discovery regarding Anthem Sports' relationship with Tennessee. However, Anthem Sports reportedly maintains an office and studio in Nashville (Exhibit 1) and appears to have at least one employee residing in Nashville, Tennessee (Exhibit 2). Anthem Sports has a website accessible globally, including in Tennessee. (Exhibit 5). These facts are sufficient to dispute the self-serving declaration submitted by Anthem Sports.

Further, a subsidiary's jurisdictional contacts – here, Anthem Wrestling's[1] – can be imputed to its parent when the parent is sufficiently dominated as to be the subsidiary's alter-ego. *See Daimler*, 571 U.S. at 134–35 (2014) (subsidiary's jurisdictional contacts can be imputed to its parent when the subsidiary is dominated by the parent). This theory "provides that a nonresident parent corporation is amenable to suit in the forum state if the parent company exerts so much

---

[1] Anthem Wrestling is registered to do business in Tennessee, and there is no dispute that it is subject to general personal jurisdiction.

control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Indah v. U.S. S.E.C.,* 661 F.3d 914, 921 (6th Cir. 2011).

The Sixth Circuit has considered the following relevant factors to determine whether the alter-ego theory of personal jurisdiction applies:

> (1) sharing the same employees and corporate officers; (2) engaging in the same business enterprise; (3) having the same address and phone lines; (4) using the same assets; (5) completing the same jobs; (6) not maintaining separate books, tax returns and financial statements; and (7) exerting control over the daily affairs of another corporation.

*Conley v. MLT, Inc.*, 2012 WL 1893509, at *3 (E.D. Mich. May 23, 2012).

Anthem Sports formed Anthem Wrestling Exhibitions, LLC ("Anthem Wrestling"), in Tennessee to acquire assets of TNA Entertainment, LLC ("TNA"), when Fight Network Group, LLC, foreclosed on debts owed to it. (Dkt. 25 ¶ 7-8). TNA, now owned by Anthem Sports, has since been rebranded as IMPACT! Wrestling (FAC ¶ 31), which continues to be based in Nashville, Tennessee (Exhibits 3-4). Anthem Sports has attempted to shield itself from personal jurisdiction by forming layers of entities to do its bidding and conducting no business in its own right while claiming it does no business whatsoever in Tennessee. This is precisely the type of avoidance of liability that the Tennessee Supreme Court has rejected. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 653 (Tenn. 2009) (subsidiary serving as an instrumentality, agent, conduit, or adjunct of the parent subjects the parent to personal jurisdiction). Yet, Anthem Sports broadcasts and sells products via its subsidiaries and through the brands it holds globally including in Tennessee. (Exhibit 5; Dkt. 15 ¶ 27-30). It further formed Anthem Wrestling to acquire TNA on its behalf in Tennessee. (Dkt. 25 ¶ 7). All entities owned by Anthem Sports, including Anthem Wrestling, engage in the same business enterprise – entertainment, with a distinct focus in sports. (Dkt. 25 ¶ 3). At this stage before any exchange of discovery between the parties, these facts are

sufficient to show a *prima facie* case of general personal jurisdiction. *C.f. Conley*, 2012 WL 1893509, at *4, 8.

## II.  TENNESSEE HAS SPECIFIC PERSONAL JURISIDICTION OVER ANTHEM SPORTS.

Even if Tennessee does not have general personal jurisdiction over Anthem Sports, it has specific jurisdiction for this litigation. "To prove specific jurisdiction, Plaintiff must be able to demonstrate that its suit arises out of or is related to Defendant's contacts with Tennessee." *Southern Sys. v. Torrid Oven Ltd.*, 58 F. Supp. 2d 843, 848 (W.D. Tenn. 1999). "[S]pecific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). It "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*. In making this determination, courts must examine "whether the nonresident defendant possessed such 'minimum contacts' with the forum state that exercising jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *SFS Check*, 774 F.3d at 356 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Sixth Circuit Court of Appeals established a three-prong test in *Southern Machine Co. v. Mohasco Industries, Inc.* for the minimum contacts analysis:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d 374, 381 (6th Cir. 1968). Each of these three elements are met as to Anthem Sports.

### A. *Anthem Sports Purposefully Availed Itself of the Privilege of Acting in Tennessee.*

"A defendant has 'purposefully availed' himself of a forum by engaging in activity that should provide 'fair warning' that he may have to defend a lawsuit there." *Youn v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir. 2003) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Anthem Sports initiated discussions with Plaintiffs, who are Tennessee residents, related to merging with GFE in exchange for membership and equity in Anthem Sports and hiring Mr. Jarrett as Chief Creative Officer for the wrestling portion of Anthem Sports. (FAC ¶ 34). While this lawsuit is not brought under the contract or nondisclosure agreement provided by Plaintiffs for background, the related negotiations and actions by the parties are directly connected to the claims. (*Id.* ¶ 35.) The Masters were provided to Defendants in anticipation of a merger and with the clear understanding of the parties that the Masters were not owned by Anthem Sports or any subsidiary. (Dkt. 15 ¶ 21-24). When Anthem Sports renounced the merger, Defendants failed to return the Masters, and reproduced and distributed the GFW Amped content. It should be of no surprise to Anthem Sports that Plaintiffs are now seeking to enforce their rights against Anthem Sports in Tennessee.

Further, in its Motion to Dismiss for Failure to State a Claim and for Lack of Subject-Matter Jurisdiction (Dkt. 28), Anthem Sports argued it entered into an implied license with Plaintiffs, who are Tennessee residents. While Plaintiffs categorically deny the existence of such a license, Anthem Sports cannot argue in one motion it has entered an implied agreement with a resident of Tennessee, while simultaneously arguing it has no contacts with Plaintiffs connected to this litigation. *See Guzman v. Alvares*, 205 S.W.3d 375, 382 (Tenn. 2006); *Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, 1220 (6th Cir. 1990).

Anthem Sports' willful and infringing acts are far from "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (U.S. 1985). It has purposefully availed itself of Tennessee law by engaging in contractual negotiations with Plaintiffs, who are Tennessee residents, and by causing the resultant harm. This Court's exercise of personal jurisdiction over it is therefore proper.

B.  **The Cause of Action Alleged Against Anthem Sports Arises Directly From Its Activities in Tennessee.**

The second *Mohasco* prong, which Anthem Sports chose not to address, is satisfied "when the operative facts of the controversy arise from the defendant's contacts with the state." *Intera*, 428 F.3d at 617. The causes of action must "lie in the wake of" Anthem Sports' contacts. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 553 (6th Cir. 2007). "This is a lenient standard, and the cause of action need not formally arise from defendant's contacts." *Invisible Fence, Inc. v. Fido's Fences, Inc.*, 687 F. Supp. 2d 726, 738 (E.D. Tenn. 2009). Plaintiffs' claims were precipitated by Anthem Sports' refusal to return and infringing use of the Masters provided to it solely in anticipation of a merger Anthem Sports initiated with Tennessee residents. (FAC ¶¶ 37, 39, 43.) The "arising from" element of *Mohasco* is satisfied.

C.  **Anthem Sports' Acts and Resultant Consequences Have a Substantial Connection to Tennessee, Making Exercise of Jurisdiction Over It Reasonable.**

The third and final *Mohasco* element inquires "whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that state." *Paulk v. Paulk*, 656 S.W. 34, 36 (Tenn. Ct. App. 1983) (internal citations and quotations omitted). Anthem Sports again chose not to address this element. For similar reasons already stated – namely, that Anthem Sports contacted a forum resident to initiate negotiations for a merger, then later refused to return the Masters despite its earlier agreement that Plaintiffs are

the rightful owners – it is reasonable and fair to require Anthem Sports to conduct its defense in Tennessee. Defendants have presented no argument to the contrary.

## CONCLUSION

For the foregoing reasons, Defendant Anthem Sports' Motion should be denied.

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ A. Grace Van Dyke James
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
A. Grace Van Dyke James, TN Bar No. 35667
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Phone: 615.988.9590
Facsimile: 615.988.9559
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com
gjames@millerlegalpartners.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of November 2018, the foregoing document was filed and served via the Court's CM/ECF filing system:

> Paige W. Mills
> BASS, BERRY & SIMS, PLC
> 150 Third Avenue South, Suite 2800
> Nashville, TN 37201
> Phone: (615) 742-6200
> Email: pmills@bassberry.com

/s/ A. Grace Van Dyke James
A. Grace Van Dyke James
