IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT<br><br>　　Plaintiff,<br><br>v.<br><br>ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>　　Defendants. | CIVIL ACTION NO. NO. 3:18-cv-00749<br><br>CHIEF JUDGE CRENSHAW<br><br>MAGISTRATE JUDGE JOE BROWN<br><br>JURY DEMAND |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND/OR SUBJECT-MATTER JURISDICTION**

Plaintiffs Jeffrey Jarrett and Global Force Entertainment, Inc. ("GFE"; collectively "Plaintiffs") submit their Response in Opposition to Defendants' Motion to Dismiss for Failure to State a Claim and/or Lack of Subject-Matter Jurisdiction (the "Motion").

**INTRODUCTION**

As a preliminary matter, Defendants' Motion does not address all of the Counts in the Amended Complaint. Defendants have asserted no basis for dismissal of GFE's claim for infringement of GLOBAL WRESTING NETWORK, the GLOBAL WRESTING NETWORK logo, GWN, and the GWN logo constitute infringement of GFE's exclusive rights to the GLOBAL FORCE WRESTLING and GFW trademarks (both words and logo) in violation of the Lanham Act, specifically 15 U.S.C. § 1114(1) and § 1125, and of GFE's trademark rights under Tennessee law as alleged in Count III of the First Amended Complaint. As shown in the chart in paragraph

55 of the First Amended Complaint, GFE complains of more than simply the use of its trademarks on the unauthorized and infringing AMPED content. Defendants' uses of GLOBAL WRESTLING NETWORK word mark, the GLOBAL WRESTING NETWORK logo, GWN word mark, and the GWN logo on all of Defendants content, services, and products infringe GFE's exclusive rights to the GLOBAL FORCE WRESTLING and GFW trademarks (both words and logo). No reason has been given for dismissal. Accordingly, this Court has original jurisdiction over the claims under 15 U.S.C. § 1121(a).[1]

Defendants' Motion also is fatally flawed because it relies on facts and evidence outside the scope of Plaintiff's Amended Complaint in violation of Rule 12(b)(6) and should be denied for that reason alone.[2] Notwithstanding this fatal flaw, Defendants' substantive arguments do not provide adequate grounds for dismissal, especially at this early stage.

Plaintiffs have properly alleged that applications for copyrights have been submitted. The only reason the applications are not complete is Defendants' repeated refusal to return the only copies of the master recordings of the sixteen (16) one-hour episodes of Global Force Wrestling ("GFW") AMPED content (the "Masters").[3] The return of the copies is necessary for Plaintiffs to complete the applications, which require copies of the Masters. Thus, Defendants' wrongful conduct of refusing to return or provide copies of the Masters should not be countenanced as way to avoid liability for copyright infringement. Furthermore, the Supreme Court currently has under

---

[1] This section states, "The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."
[2] To the extent Defendants are attempting to file a motion for summary judgment, they have failed to file the required statement of undisputed material facts as required by Local Rule 56.01(b).
[3] Plaintiffs intend to add a claim of negligence and trover if Defendants' fail to produce for inspection or provide a copy of the Masters.

consideration the issue of whether an application alone is sufficient to bring a copyright infringement claim. Judge Jon Phipps McCalla sitting by designation in this District has already denied a motion to dismiss on the basis due to the Supreme Court's pending determination of the issue. Plaintiffs assert the same jurisprudence is justified here.

Mr. Jarrett's Personal Rights Protection Act claim also should not be dismissed. Defendants fail to address the distinction between a trade name and Mr. Jarrett's actual identity. Although Defendants refer to "Jeff Jarrett" as a fictional "character," "Jeff Jarrett" is Mr. Jarrett's real name. This different from a character such as "Hulk Hogan" whose real name is Terry Bollea. His right to control the use of his real identity is exactly what the Personal Rights Protection Act serves to protect, regardless of whether a trademark was assigned to Defendants for use in connection with the sale of certain classes of goods and services.[4]

Finally, Defendants, as the alleged infringers, must carry the burden of proving the existence of an implied license as an affirmative defense to Plaintiffs' copyright and trademark infringement claims, which they have failed to do. The only reason Defendants ever came into possession of the Masters was in anticipation of a merger that ultimately failed. In addition, Plaintiffs have always exclusively owned the GFW marks. Plaintiffs' Masters and trademarks are being used without payment or Plaintiffs' involvement in a manner they never intended. Neither the allegations in the Complaint nor the evidence submitted by Defendants permit or support an inference of an implied license.

---

[4] This necessarily would assume that the rights continue to exist through ongoing use of "Jeff Jarrett" in interstate commerce. By Defendants' admission, they terminated their relationship with Mr. Jarrett such that he is not providing "Entertainment services, namely wrestling exhibits and performances by a professional wrestler and entertainer." Accordingly, under 15 U.S.C. § 1127, the "Jeff Jarrett" mark is deemed to be abandoned because "its use has been discontinued with intent not to resume such use." Mr. Jarrett intends to move the Court for leave to amend to add a claim for abandonment and cancellation of the asserted registration.

For the foregoing reasons, and those described in more detail below, Plaintiffs request the Court deny the Motion in its entirety.

## FACTUAL BACKGROUND

As alleged in the Amended Complaint, in anticipation of GFE and Anthem merging, on or around January 2017, Mr. Jarrett, a shareholder of GFE, provided to Defendants the only set of Masters. (First Amended Complaint ("FAC", Dkt. 15) ¶ 37.) The merger ultimately did not go through. (*Id*. ¶ 43.) The contemplated agreement, however, makes it clear that Plaintiffs own all GFW AMPED content. (*Id*. ¶ 21, 39.) Despite Plaintiffs' continued and repeated requests for return of the Masters, Defendants continue to maintain the only Masters in their possession. (*Id*. ¶ 152-156.)

On August 9, 2018, GFE filed sixteen (16) applications (the "Applications") for registration with the Copyright Office for each of the Masters. (*Id*. ¶ 23; Dkt. 9). Defendants have known this since at least as early as August 24, 2018, when Plaintiffs moved for Very Limited Expedited Discovery requesting permission to serve a single request for production to obtain a copy of the Masters for submission to the Copyright Office.[5] (Dkt. 9). Application receipts are already in the record at Dkt. 9-1.

Plaintiffs have continued to contact the Copyright Office to request extensions pending discovery to obtain deposit copies. (Van Dyke James Declaration (filed herewith); Exhibits 1-2). The Copyright Office notified Plaintiffs that the applications will be closed on December 23, 2018 if deposit copies are not received. (Exhibit 3). The only thing standing in the way of Plaintiffs' completion of the applications is submission of the deposit copies. Moreover, Plaintiff hand-delivered requests for production Defendants on October 31, 2018 (which makes responses due on

---

[5] This Motion was denied. (Dkt. 10).

November 30, 2018, the date after the filing of this response) in which Plaintiffs request copies of the Masters.[6] Therefore, if Defendants have not negligently or intentionally lost or destroyed the Masters, Plaintiffs will have all that is needed to complete the applications on November 30, 2018.

Defendants' license argument – again completely based on documents outside the Amended Complaint – also fails. Defendants do not have a license – implied or otherwise – to use, reproduce, distribute, and/or publicly display GFW AMPED content, GFW marks, or Jeff Jarrett's personal identity. (FAC ¶ 59-61). Jeff Jarrett is not a fictional character developed for commercial purposes, but a legal name and true identity belonging to a real person. Mr. Jarrett did not give consent to Defendants to register "Jeff Jarrett." (Dkt. 27-1, 27-2, 27-3). Defendants were not the original applicants or owners of the "Jeff Jarrett" registered trademark. (*Id*.) It was assigned to them by TNA Entertainment, LLC ("TNA"), as part of a portfolio of twenty-eight registrations (Dkt. 27-3). The GFW registration relied upon by Defendants in their Motion is owned by GFE, as are all GFW marks. (FAC ¶ 17-19, 124).

Based on the foregoing, the Motion should be denied in its entirety.

## ARGUMENT

I. **DEFENDANTS' MOTION SHOULD BE DENIED AS IT PREMATURELY RELIES ON FACTS OUTSIDE OF THE COMPLAINT.**

"In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the nonmovant." *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d

---

[6] Plaintiffs' counsel served Defendants' counsel via hand-delivery immediately following the initial case manage conference. This was the earliest possible time to serve discovery in light of the Court's denial of expedited discovery.

957, 964 (E.D. Tenn. 2009) (internal citations omitted). "Because a motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations, the complaint will be construed in a light most favorable to the plaintiff and the Court will accept all . . . factual allegations as true." *Id.*

"The Federal Rules of Civil Procedure require only that a plaintiff provide 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The court must determine only whether the claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." *Cline v. United States*, 13 F. Supp. 3d 868, 871 (M.D. Tenn. 2014) (internal citations omitted). Dismissal under Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Avery Outdoors, Inc. v. Bass Pro Shops, Inc.,* 2007 WL 9710812, at *2 (W.D. Tenn. Sept. 12, 2007). Such a motion should be granted only in "meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Brown v. City of Memphis*, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

Instead of arguing the allegations in the Complaint as it is constrained to do by Rule 12(b)(6), Defendants bring in additional evidence to support their arguments. Defendants do so because they recognize the same motion on the face of the Complaint alone would fail. As such, Defendants' Rule 12(b)(6) Motion should be denied. Because Plaintiffs' claims arising under federal law should not be dismissed, Defendants' Motion to Dismiss Plaintiff's conversion claim for lack of subject-matter jurisdiction should likewise be denied.

## II. AS PLED IN THE FIRST AMENDED COMPLAINT, PLAINTIFFS SUBMITTED COPYRIGHT APPLICATIONS PRIOR TO FILING THIS LAWSUIT.

As alleged in the Complaint, Plaintiffs "<u>filed</u> applications for federal copyright registration . . . .". (Dkts. 1 ¶ 23, 9-1). The applications were submitted on August 9, 2018, <u>before</u> this lawsuit was filed, and receipts have been in the record since August 24, 2018. (Dkt. 9-1). The only thing preventing Plaintiffs from completing the applications is Defendants' refusal to return the Masters, despite repeated requests by Plaintiffs. Through counsel, Plaintiffs requested that Defendants voluntarily produce the Masters for inspection and copying via a letter electronically and hand-delivered on August 10, 2018.[7] Then on August 24, Plaintiffs moved for Very Limited Expedited Discovery requesting permission to serve a single request for production to obtain a copy of the Masters for submission to the Copyright Office.[8] (Dkt. 9). On October 31, 2018 Plaintiffs served Defendants with Requests for Production to which the Masters are responsive.

Defendants' response to Plaintiffs' Request for Production for copies of the Masters is due November 30, 2018, after which Plaintiffs anticipate being able to submit deposit copies to the Copyright Office. Registrations will issue soon. Plaintiffs can simply wait until the copyright applications are processed, and re-file the present lawsuit, ultimately landing the parties in the same position within a matter of weeks or months. *See Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc*., 2011 WL 4467675, at *5 (M.D. Tenn. Sept. 26, 2011). If Defendants' Motion is granted and Plaintiffs are prevented from, at the very least, obtaining responses to the discovery recently served, the practical result will be encouragement of all similar defendants to wrongfully obtain and keep originals of creative works, thereby preventing completion of copyright applications and the enforcement of the true owner's rights.

---

[7] The letter is not attached pursuant to Fed. R. Evid. 408.
[8] This Motion was denied. (Dkt. 10).

Further, on June 28, 2018, the Supreme Court of the United States granted certiorari in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC* (No. 17-571). The resulting opinion is expected to address whether a copyright infringement action may be taken after a copyright registration application is filed but before it is approved, resolving the circuit split between the "application approach" and the "registration approach." *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017), *cert. granted* 138 S. Ct. 2707 (2018). In light of the relevant case before the Supreme Court and ultimate futility of dismissing Plaintiff's Copyright Act claims, Defendants' Motion should be denied. *Accord Bluewater Music Services Corporation v. Spotify USA Inc.*, 2018 WL 4714812, *6 (M.D. Tenn. Sept. 29, 2018) (J. McCalla, W.D. Tenn., sitting by designation in this District).

### III. ASSIGMENT OF THE TNA TRADEMARK PORTFOLIO TO ANTHEM WRESTLING TO DEFENDANTS DOES NOT AUTHORIZE USE OF MR. JARRETT'S IMAGE OR LIKENESS.

As alleged in the First Amended Complaint, Defendants' use of Mr. Jarrett's name, photograph, and other likeness is <u>unauthorized</u>. (FAC ¶ 78). Defendants do not have a license to use, reproduce, distribute, and/or publicly display Jeff Jarrett's personal identity. (FAC ¶ 61). Defendants' introduction of evidence outside the allegations in the Complaint is premature at this stage and well outside the scope of a Rule 12(b)(6) motion. Even accepting them, Defendants' arguments fall flat.

Defendants fail to recognize that "Jeff Jarrett" is not just a character like "Hulk Hogan" or "The Rock" in existence solely for commercial purposes. Jeff Jarrett is the real name of an actual person. Defendants provide no basis for their conclusory determination that assignment of the "Jeff Jarrett" registration to Anthem Wrestling alone somehow conveys the right to use his image and likeness. The Lanham Act protects trademarks used "in connection with the sale, offering for sale,

distribution, or advertising of any good or services . . . ." As a matter of common sense, a human identity is simply not the same thing as a mark used to sell a good or service. Courts have recognized this distinction, drawing a line between a trade name and use of an actual name and individual reputation. *C.f. Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 608 (6th Cir. 2009). The Tennessee Personal Rights Protection Act serves to protect the "individual's name," as opposed to a trade name as contemplated by the Lanham Act. TENN. CODE ANN. § 47-25-1105.

Further, in an attempt to make it appear as though Mr. Jarrett authorized Anthem Sports and/or Anthem Wrestling to apply for and obtain the "Jeff Jarrett" registration, Defendants' Motion glosses over the underlying factual background in a footnote. (Dkt. 27 at 9 fn. 4). Defendants were not the original applicants or owners of the "Jeff Jarrett" registered trademark. (Dkt. 27-1, 27-2, 27-3). Instead, it was assigned to Anthem Wrestling after the fact by TNA, along with its twenty-seven other marks. (*Id.*) Defendants provide no context or scope for the assignment. At the very least, Plaintiffs are entitled to discovery on the circumstances under which the assignment was made, any limitations on the use of the "Jeff Jarrett" trademark, and whether such consent remains valid.

Defendants' alleged ownership of the "Jeff Jarrett" trademark and registration is fatally flawed. Under 15 U.S.C. § 1127, a trademark is deemed abandoned if the owner ceases to use the mark in commerce and has no intent to resume. In the memorandum of support, Defendants admit the allegations in paragraphs 42-43 of the First Amended Complaint that Defendants terminated Mr. Jarrett. (Dkt. 27 at 5). Therefore, the "Jeff Jarrett" mark is deemed to be abandoned because "its use has been discontinued with intent not to resume such use." There is no "Jeff Jarrett" in use by Defendants in connection with "Entertainment services, namely wrestling exhibits and performances by a professional wrestler and entertainer." This alone creates a disputed issue of

material fact regarding Defendants' implied license defense. Moreover, Defendants' defense is subject to a defense and claim for abandonment and cancellation of the asserted registration.

In sum, TNA's assignment of the TNA trademark portfolio, encompassing the purported "Jeff Jarrett" registration, to Anthem Wrestling has no bearing on Mr. Jarrett's rights in his own identity and should not impact his ability to enforce them under the Tennessee Personal Rights Protection Act. Defendants' Motion to dismiss Plaintiffs' claims arising thereunder should be denied.

### IV. THERE IS NO IMPLIED LICENSE FOR PLAINTIFFS' TRADEMARKS OR THE GFW AMPED CONTENT.

Once again, Defendants' implied license arguments bring in facts and evidence well outside the scope of the Complaint, and consideration of them is premature at the Rule 12(b)(6) stage. There are no allegations in the Complaint to support Defendants' position, which explains why Defendants make no citations to the record to support their implied license argument. Defendant, as the alleged infringer, has failed to carry its burden of proving the existence of an implied license. *Melanie Howard Music, Inc. v. Warner Bros. Records, Inc*., 2009 WL 378611, *6 (M.D. Tenn. Nov. 10, 2009); *AVKO Educational Research Foundation v. Morrow*, 2013 WL 1395824, *6 (E. D. Mich. April 5, 2013). Defendants' vague, sweeping argument lumps the Masters and all of Plaintiffs' trademarks together, attempting to address the multiple distinct theories of liability asserted in the Complaint all at once and suggesting that an implied license was intended to exist for everything upon merger of the parties' companies. Even if such an argument were viable, the merger was never completed.

"There is no precise formula for determining whether an implied license exists, but, rather, the court is to examine the 'intent' of the parties from the 'totality of the circumstances.'" *Melanie Howard*, 2009 WL 378611, *6. "That is, the court should explore, based on the facts and

circumstances of the individual case, whether the evidence supports the notion that the parties, in essence, made an agreement permitting the defendant to use the work, consistent with certain understandings or terms." *Id*. "The key issue, again, is intent, and the key question is whether the facts and circumstances demonstrate that 'the copyright owners intended that their copyrighted works be used in the manner in which they were eventually used.'" *Id*.

An implied license is established only where the parties' conduct demonstrates its existence. *Deere & Company v. FIMCO Inc.*, at 1008 (granting plaintiff's motion for summary judgment on defendant's implied license affirmative defense due to defendant's failure to present adequate evidence), citing *Big Cola Corp. v. World Bottling Co.*, 134 F.2d 718, 721 (6th Cir. 1943) ("An obligation will be implied when it is clear that such was intended."). For example, in *Melanie Howard*, the court found the defendant obtained tacit consent from the plaintiff to exploit the copyrighted works, and paid license fees which were promptly deposited. 2009 WL 3784611, at *7. In light of the complex royalty issues presented, the court could not say, as a matter of law, there was an implied license. *Id*.

As alleged in the Complaint, the only reason Defendants ever came into possession of the Masters was in anticipation of the merger, which ultimately failed. (FAC ¶ 43-44). With regard to the Lanham Act claims, Defendants rely on the statement of use filed in support of the "GFW" word mark. (Dkt. 27-4). This mark, along with all GFW marks, is owned by GFE. (FAC ¶ 17-19, 124). The inquiry should stop there. Yet, Defendants charge on, pointing to the USPTO's boilerplate statement of use declaration <u>that does not even name Defendants</u>. (Dkt. 27-4).

Defendants provide no legitimate support for their argument that Plaintiffs consented to the purported "implied license." To the contrary, when the anticipated merger failed, Defendants wrongfully kept the Masters and continued using them as though they were the owners, without

regard for Plaintiffs' rights. (FAC ¶ 43-44). Much like the plaintiff in *Johnson v. Jones*, a case relied upon heavily by Defendants, Plaintiffs' Masters and trademarks are being used in a manner they never intended, without their involvement, and without payment. 149 F.3d 494, 501 (6th Cir. 1998). An implied license cannot be inferred from the allegations in the Complaint, or from the arguments presented by Defendants.

V. **BECAUSE PLAINTIFFS' CLAIMS ARISING UNDER FEDERAL LAW SHOULD NOT BE DISMISSED, THIS COURT MAINTAINS SUPPLEMENTAL JURISDICTION OVER THE CONVERSION CLAIM.**

As discussed above, Plaintiffs' copyright and Lanham Act claims arising under federal law cannot properly be dismissed for failure to state a claim under Rule 12(b)(6). At the very least, dismissal is premature given Defendants' reliance on facts and evidence outside the Complaint. Further, Plaintiffs are contemporaneously filing a Motion to Amend and Proposed Second Amended Complaint including allegations of subject-matter jurisdiction under 28 U.S.C. § 1332. There is no basis for dismissing Plaintiffs' conversion claim for lack of subject-matter jurisdiction.

## CONCLUSION

Defendants' Motion to Dismiss for Failure to State a Claim and Lack of Subject-Matter Jurisdiction should be denied.

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
A. Grace Van Dyke James, TN Bar No. 35667
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Phone: 615.988.9590
Facsimile: 615.988.9559
Email: smiller@millerlegalpartners.com
    nvalenti@millerlegalpartners.com
    gjames@millerlegalpartners.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of November 2018, the foregoing document was filed and served via the Court's CM/ECF filing system:

Paige W. Mills
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com

/s/ Samuel F. Miller
Samuel F. Miller