IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE, ENTERTAINMENT, INC. and JEFFREY JARRET<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>Defendants. | CIVIL ACTION NO. 3:18-cv-00749<br><br>CHIEF JUDGE CRENSHAW<br><br>MAGISTRATE JUDGE BROWN<br><br>JURY DEMAND |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

In support of its Motion to Compel ("Motion") on Defendants, Plaintiff Global Force Entertainment ("GFE") and Jeffrey Jarret (collectively "Plaintiffs") state as follows:

### INTRODUCTION

The subject of the Motion is not a hostile dispute between the parties. Defendants have refused to provide documents responsive to Request for Production Nos. 13 and 14 in the absence of an Order. Defendants assert they have contractual obligations owed to third parties that require an Order prior to disclosure of the requested documents. Defendants have voiced no objection as to the relevancy, proportionality, or scope of these requests. Plaintiffs simply seek the Order required by Defendants mandating they produce responsive documents so the parties may continue with discovery.

1

## ARGUMENT

This Motion seeks an Order compelling Defendants to produce contracts requiring the delivery of certain episodes of content responsive to Plaintiffs' Request for Production Nos. 13 and 14. These requests seeks documents and records related to sales of the Episodes underlying this litigation to third parties. Defendants have identified documents responsive to Request Nos. 13 and 14 (Exhibit 2 at 6):

> I have documents that are responsive to Requests 13 – 14 but they are contracts with third parties that contain confidentiality provisions that I cannot share. I can only produce them pursuant to a court order.

Defendants have not objected to the Requests on relevancy, scope, or any other grounds (Exhibit 1 at 5 and 2 at 1, 6):

> **REQUEST NO. 13:** Produce documents and/or other records sufficient to identify Episodes that were bundled with AWE content (whether original AWE content, licensed content, and/or third-party content used with permission by AWE) and sold to foreign licensees as part of a quarterly bundle of content used to meet contracted content requirements of foreign licensees.
>
> **RESPONSE:** There are no such documents. Defendants have no obligations to deliver any quarterly bundles of content. Anthem has contracts that require the delivery of certain episodes of content – it is not "bundled" and it is not measured on a quarterly basis.
>
> **REQUEST NO. 14:** Produce documents and/or other records sufficient to identify all revenue generated from Episodes that were bundled with AWE content (whether original AWE content, licensed content, and/or third-part content used with permission by AWE) and sold to foreign licensees as part of a quarterly bundle of content used to meet contracted content requirements of foreign licensees.
>
> **RESPONSE:** See Response to No. 13, above.

2

The responsive documents are contracts with third parties that contain confidentiality provisions and cannot be produced in the absence of a Court Order. (Exhibit 2 at 6). At least one court in a similar circumstance has recognized a party's predicament when an obligation for a court order is necessary prior to disclosure. Where the party has "indicated a willingness to readily produce responsive documents upon satisfaction of its confidentiality concerns via release or court order," such an order is appropriate. *Porter v. AAR Aircraft Services, Inc*., 2016 WL 10570881, at *2 (W.D. Tenn. Sept. 26, 2016).

The requests seek materials directly relevant to the case and must be produced pursuant to Fed. R. Civ. P. 26(b)(1) and 34(a)(1)(A). The contracts will indicate, for example, the extent of economic detriment Plaintiffs have suffered due to Defendants' profiting from Plaintiffs' Episodes. *Cf. Porter*, 2016 WL 10570881, at *2 (finding profitability of cancelled lease directly relevant to unjust enrichment claim). In light of the importance of this information to Plaintiffs' case, Plaintiffs seek entry of the Order Defendants require to produce the documents.

Plaintiffs requested a Local Rule 37.01 meet and confer to which Defendants responded as follows (Exhibit 2 at 1):

> As for the documents responsive to 13-14, those documents require us to keep them confidential, except pursuant to a court order. Unfortunately, because I don't feel like I have any room to negotiate on this point, I don't think a meet and confer would be productive on this issue.

Due to the nature of the subject matter of the Motion, Plaintiffs currently do not request fees, costs, or any other sanction in association with this Motion.

## CONCLUSION

In light of the foregoing, Plaintiffs respectfully request the Court grant the Motion to Compel.

Respectfully submitted,

/s/ A. Grace Van Dyke James
Samuel F. Miller (BPR No. 022936)
Nicholas R. Valenti (BPR No. 035420)
A. Grace Van Dyke James (BPR No. 035667)
MILLER LEGAL PARTNERS PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988.9011
Email: Smiller@millerlegalpartners.com
Nvalenti@millerlegalpartners.com
Gjames@millerlegalpartners.com

*Attorneys for Plaintiff Louisiana-Pacific Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2019, the foregoing document was served via the Court's CM/ECF system upon the following:

Paige W. Mills
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com

/s/ A. Grace Van Dyke James
A. Grace Van Dyke James

4

Case 3:18-cv-00749   Document 51   Filed 02/15/19   Page 4 of 4 PageID #: 449