IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>Defendants. | Civil Action No. 3:18-Cv-00749<br>Chief Judge Crenshaw<br>Magistrate Judge Brown<br>Jury Demand |

## ANTHEM SPORTS & ENTERTAINMENT CORP. AND ANTHEM WRESTLING EXHIBITIONS, LLC'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Defendants Anthem Sports Entertainment Corp[1] and Anthem Wrestling Exhibitions, LLC (together, "ANTHEM" or "Defendants") hereby respond to Plaintiffs' first set of interrogatories and requests for documents or things as follows.

### GENERAL STATEMENTS AND OBJECTIONS

1. ANTHEM objects to each of Plaintiff's discovery requests, including the "Definitions" and "Instructions" portions of the requests, to the extent they seek to expand the scope and obligations of discovery beyond that provided for in the Rules of Federal Civil Procedure.

2. ANTHEM objects to each of the discovery requests, including the "Definitions" and "Instructions" portions of the interrogatories, because they potentially seek disclosure of (a) any attorney/client or accountant/client privileged communications; (c) any legal theories and/or mental impressions framed by an attorney; or (d) any attorney work product.

---

[1] Defendant Anthem Sports and Entertainment Corp. joins in this response while preserving all jurisdictional defenses it has previously asserted in this litigation.

3. ANTHEM objects to each of the discovery requests, including the "Definitions" and "Instructions," to the extent the discovery requests seek information, documents or items not in ANTHEM's possession, custody or control, including, without limitation, any personal files, documents, records or other items in the possession of ANTHEM's employees, officers, directors or agents.

4. ANTHEM objects to each of the discovery requests, including the "Definitions" and "Instructions," to the extent they seek to expand the duty of supplementation beyond that required by the Federal Rules of Civil Procedure.

5. ANTHEM objects to each of the discovery requests insofar that, as expanded by their "Instructions," preamble, or explanatory language, they are vague, overly broad, unduly burdensome, unlimited in time or scope, oppressive and/or seek information or items that are more easily and/or less expensively obtained through deposition testimony or other discovery methods.

6. ANTHEM objects to the discovery requests to the extent they seek confidential financial information beyond the scope of Discovery.

7. ANTHEM objects to any use of terms in the discovery requests that are difficult to understand or undefined and any discovery request that is vague, ambiguous or unintelligible.

8. ANTHEM reserves the right to supplement their discovery responses as additional information becomes known.

Subject to such statements and objections and without waiving the same, ANTHEM responds as follows:

### FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce for inspection and copying the masters of the sixteen (16) one-hour Episodes of Global Force Wresting Amped content that was provided to one or more of the Defendants.

**RESPONSE:** The sixteen one-hour Episodes of Global Force Wrestling Amped content sought in this question no longer exist. It was deleted in the normal course of business, long prior to the onset of this litigation, in order to free up storage space on Anthem Wrestling's systems.

**REQUEST NO. 2:** Produce all documents and/or other records sufficient to identify each sale of the Episodes.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 3:** Produce all documents and/or other records sufficient to identify all expenditures made in the production of the Episodes.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 4:** Produce all documents and/or other records sufficient to identify Defendants' total revenues from sales of the Episodes including but not limited to pay-per-view revenues, views online, downloads, and discs sales.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 5:** Produce all documents and/or other records sufficient to identify all returns of previously purchased Episodes.

**RESPONSE:** Subject to the entry of a suitable protective order, any responsive documents that exist will be produced at a mutually agreeable time.

**REQUEST NO. 6:** Produce all documents and/or other records sufficient to identify the number of times each Episode has been viewed via any streaming service.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 7:** Produce all documents and/or other records sufficient to identify all Pay-Per-View sales of the Episodes.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 8:** Produce documents sufficient to identify the annual amounts and line-item detail of such amounts that Defendants invested in advertising and promoting the Episodes.

**RESPONSE:** As Defendants did all such promotion internally on its own social media, there are no such responsive documents.

**REQUEST NO. 9:** Produce your complete unaudited financial data (including but not limited to revenue, profits, losses, and expenses) since January 1, 2017 including but not limited to any revenues derived from Global Wrestling Network.

**RESPONSE:** Defendants object to this request as overly broad and unduly burdensome. Defendants object to the production of sensitive financial information that is not relevant to Plaintiffs' claims. Further, Defendants' object to this Request as not proportional to the needs of this particular case and is not germane to resolving the issues.

**REQUEST NO. 10:** Produce documents sufficient to show the total number of streams of the Episodes on Global Wrestling Network.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 11:** Produce documents sufficient to show the date of each stream of each of the Episodes on Global Wrestling Network.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 12:** Produce documents sufficient to show the total number of streams of the Episodes on Global Wrestling Network.

**RESPONSE:** Subject to the entry of a suitable protective order, responsive documents will be produced at a mutually agreeable time.

**REQUEST NO. 13:** Produce documents and/or other records sufficient to identify Episodes that were bundled with AWE content (whether original AWE content, licensed content, and/or third-party content used with permission by AWE) and sold to foreign licensees as part of a quarterly bundle of content used to meet contracted content requirements of foreign licensees.

**RESPONSE:** There are no such documents. Defendants have no obligations to deliver any quarterly bundles of content. Anthem has contracts that require the delivery of certain episodes of content – it is not "bundled" and it is not measured on a quarterly basis.

**REQUEST NO. 14:** Produce documents and/or other records sufficient to identify all revenue generated from Episodes that were bundled with AWE content (whether original AWE content, licensed content, and/or third-part content used with permission by AWE) and sold to foreign licensees as part of a quarterly bundle of content used to meet contracted content requirements of foreign licensees.

**RESPONSE:** See Response to No. 13, above.

Dated this 30th day of November, 2018.

BASS, BERRY & SIMS PLC

By: _/s/ Paige Mills_____
Paige W. Mills (TN #016218)
150 Third Avenue So, Suite 2800
Nashville, TN 37201
(615)742-6200
pmills@bassberry.com

*Attorneys for Anthem Sports & Entertainment Corp. and Anthem Wrestling Exhibitions, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Nicholas R. Valenti
A. Grace Van Dyke James
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
MillerLegalPartners.com

*/s/ Paige Mills*