IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC, <br><br> Defendants. | CIVIL ACTION NO. NO. 3:18-cv-00749 <br><br> CHIEF JUDGE CRENSHAW <br><br> MAGISTRATE JUDGE JOE BROWN <br><br> JURY DEMAND |

**PLAINTIFFS' MOTION FOR LEAVE FOR INTERLOCUTORY APPEAL**

Plaintiff Global Force Entertainment, Inc. ("Plaintiff") respectfully seeks leave for interlocutory appeal under 28 U.S.C. § 1292(b) of the Order granting the dismissal of Plaintiff's copyright infringement claim and the reasoning for grant of the Order as set forth in the Memorandum Opinion of the Court. Order dated June 24, 2019, Dkt. 80; Memorandum Opinion, Dkt. 79 at 15-16. As explained in the Memorandum Opinion, the Court ruled "Plaintiffs have no rights under the Copyright Act, and their copyright claim will be dismissed" because GFE did not complete the registration process. Memorandum Opinion, Dkt. 79 at 15-16. It did not matter to the Court the reason the registration process could not be completed—namely, the infringers destroyed the only copy of the works-at-issue. *Id*. "Whatever the reason that the registration process was never completed dooms Plaintiff's copyright claim." *Id*.

This ruling is ripe for interlocutory appeal for at least two reasons. First, it creates an issue of first impression, given a recent Supreme Court ruling and substantial grounds for difference of opinion. In *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), the Supreme Court recently resolved the question of when a copyright registration has been made within the meaning of 17 U.S.C. § 411(a). There is nothing, however, to indicate the Supreme Court contemplated a scenario in which the infringer destroyed the *only* copy of a work before application for registration and, therefore, making registration, or refusal thereof an impossibility because no deposit copy of the original work is available through no fault of the copyright owner. The Supreme Court focused solely on the administrative timing aspects of a typical copyright infringement action where a copy of the original work is available. To Plaintiff's knowledge, no prior case has addressed the exact issue.

The dismissal of Plaintiff's copyright claim presents an important public policy issue regarding the deprivation of rights endowed to creators of the arts under Article I, Section 8, Clause 8 of the Constitution. The Court's Order, and basis for the Order, signals future infringers that they may act with no fear of penalty under the Copyright Act if they destroy the only copy of the work before a copyright owner's filing an application for registration. This is akin to giving a free pass to criminals solely because they destroy the evidence of their crimes.

Second, and respectfully, the Court's Order and Memorandum Opinion incorrectly applied the Supreme Court's decision in *Fourth Estate* by holding that a lack of a registration extinguishes a copyright owners rights under the Copyright Act. The Court's Order stated in pertinent part, "Plaintiffs have no rights under the Copyright Act, and their copyright claim will be dismissed." Memorandum Opinion, Dkt. 79 at 16. This is incorrect because ownership and existence of a copyright are separate from an ability to sue. Under the Copyright Act, the author of an original

2

Case 3:18-cv-00749   Document 83   Filed 07/03/19   Page 2 of 4 PageID #: 701

work has exclusive rights from the moment of creation of the work. Registration of a work is purely an administrative requirement before suing to enforce those rights. As stated in *Fourth Estate*, "an owner's rights exist apart from the registration[,] registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate*, 139 S. Ct. at 887. Thus, a registration (or refusal thereof) is necessary to sue but has no impact on the existence of a copyright or the ownership of a copyright.

An immediate appeal of the Order would materially advance the ultimate termination of this litigation as it will save judicial resources and litigant expense. If Plaintiff must wait until the conclusion of litigation to raise the copyright issues before the appellate court it could necessitate a second round of discovery (including likely re-deposing parties and third parties) and a second trial for determination of the copyright claim.

In support of this Motion, Plaintiff has filed simultaneously herewith its supporting memorandum.

Wherefore, Plaintiff respectfully seeks leave for interlocutory appeal under 28 U.S.C. § 1292(b) of the Order granting the dismissal of Plaintiff's copyright infringement claim and the reasoning for grant of the Order as set forth in the Memorandum Opinion of the Court, and certification of the Order for appeal.

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Sara R. Ellis, TN Bar No. 30760
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Phone: 615.988.9590

Facsimile: 615.988.9559
Email: smiller@millerlegalpartners.com
nvalenti@millerlegalpartners.com
sellis@millerlegalpartners.com

*Counsel for Plaintiffs*

## CERTIFICATION OF CONSULTATION

Pursuant to Local Rule 7.01, the undersigned certifies he has conferred with Defendants' counsel. Defendants oppose the motion.

/s/ Samuel F. Miller
Samuel F. Miller

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of July 2019, the foregoing document was filed and served via the Court's CM/ECF filing system:

Paige W. Mills
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com

/s/ Samuel F. Miller
Samuel F. Miller