## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

_____

Global Force Entertainment, Inc. and Jeffrey Jarrett,

              Plaintiffs,

v.

Anthem Sports & Entertainment Corp., and Anthem Wrestling Exhibitions, LLC,

              Defendants.

_____

Case No. 3:18-cv-00749
Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Joe B. Brown

## DEFENDANT ANTHEM WRESTLING EXHIBITIONS, LLC'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE FOR INTERLOCUTORY APPEAL

Defendant Anthem Wrestling Exhibitions, LLC ("Anthem Wrestling"), by and through its undersigned counsel, and for its response to Plaintiffs' Motion for Leave for Interlocutory Appeal states:

## INTRODUCTION

Certifying an order for interlocutory appeal under 28 U.S.C. § 1292(b) is an extraordinary remedy that is granted rarely and in only exceptional circumstances. This case, which involves the aftermath of a failed merger between Plaintiffs and Anthem Wrestling, is far from exceptional. In their motion, which only seeks review of the Court's dismissal of their copyright claims, Plaintiffs misstate the legal standard under § 1292(b) by conflating two of the three required factors. Further, Plaintiffs' arguments, when viewed in light of their entire complaint, quickly demonstrate that no valid grounds exist for immediate appellate review because: (1) the Court's dismissal of Plaintiffs' copyright infringement claim does not involve a controlling question of law; (2) the Court correctly applied the Supreme Court's recent decision in *Fourth Estate Public Benefit Corp. v Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) ("*Fourth Estate*") such that no

substantial ground for difference of opinion exists; and, (3) given that Plaintiffs have twelve other pending claims, including claims covering Anthem Wrestling's allegedly wrongful disposal of the master copies of "GFW Amped" content that was the basis of Plaintiffs' copyright claims, immediate appeal will not materially advance the ultimate termination of this litigation. Accordingly, Plaintiffs' motion for leave for interlocutory appeal should be denied.

## ARGUMENT

Interlocutory appeals in the federal system are disfavored because they represent a departure from the long-standing final judgment rule. *Novacor Chemicals, Inc. v. GAF Corp.*, 164 F.R.D. 640, 643-44 (E.D. Tenn. 1996). Avoidance of piecemeal appeals "is preferable except in the extraordinary type of case contemplated by § 1292(b)." *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). For this reason, the Sixth Circuit repeatedly has held that "[r]eview under §1292(b) should be sparingly granted and then only in exceptional cases." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Specifically, a district court may certify an order for interlocutory appeal only when: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *In re City of Memphis*, 293 F.3d at 350. The proponent of the interlocutory appeal has the burden of showing that all three of the statutory criteria are met. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014); *Lang v. Crocker Park, LLC*, No. 1:09-CV-1412, 2011 WL 3297865, at *5 (N.D. Ohio July 29, 2011) ("It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)").

2

Even if these prerequisites are met, interlocutory appeal is not guaranteed because of the mandate that § 1292(b) be strictly limited to only those exceptional circumstances that justify a departure from the final judgment rule. *In re Facebook*, 986 F. Supp. 2d at 529-30 (citations and quotations omitted). If there are any doubts whether an interlocutory appeal is appropriate, the question is resolved in favor of finding the order non-appealable. *United States v. Stone*, 53 F.3d 141, 143-144 (6th Cir. 1995).

In their motion, Plaintiffs conflate and combine the first two factors of a § 1292(b) analysis, which are distinct inquires. As discussed below, when viewed under established case law, Plaintiffs' motion falls far short of establishing the presence of the § 1292(b) statutory criteria or other exceptional circumstances.

### 1. There Is No Issue Of Controlling Law

A question of law is controlling "if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. For instance, "[a]mong the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of the statute are those rejecting-or, without final judgment, accepting-challenges to subject matter jurisdiction." *Winnett v. Caterpillar, Inc.*, No. 3:06CV00235, 2007 WL 2123905, at *4 (M.D. Tenn. July 20, 2007). Stated another way, controlling questions of law involve "abstract legal issues," rather than issues that might be free from a factual contest. *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002); *Jeffrey Owen & Associates v. Puget Plastics Corp.*, No. 00-CV-75258-DT, 2002 WL 1480825, at *2 (E.D. Mich. June 21, 2002) (court's interpretation of statute, although question of law, was not a controlling question of law under section 1292(b)). Significantly, "[t]he court's application of the law to a novel factual situation is not considered a

3

controlling question of law for § 1292(b) purposes." *Patrick v. A. K. Steel Corp.*, No. 1:05-CV-000681, 2008 WL 11351555, at *2 (S.D. Ohio May 29, 2008).

This case does not present the type of abstract question of law that warrants interlocutory appeal. In their motion, Plaintiffs spend significant effort attempting to explain how this case involves a unique factual situation not previously considered by any court nor contemplated by the Supreme Court in *Fourth Estate*. Putting aside the veracity of those claims, even if true, novel facts being applied to established law does not constitute a question of controlling law. In dismissing Plaintiffs' copyright infringement claim, the Court was applying the facts of this case to controlling and *very recent* Supreme Court case law that Plaintiffs must have registered their copyrights or been refused registration before they can maintain a suit for copyright infringement. As the Court correctly stated, "[w]hatever the reason that the registration process was never completed dooms Plaintiffs' copyright claim." [Dkt. 79, PageID# 674]. The lack of an issue of controlling law likewise dooms Plaintiffs' motion.

### 2. No Substantial Ground For Difference Of Opinion Exists

"District courts in this circuit have interpreted 'a substantial ground for difference of opinion ... regarding the correctness of the decision' to mean when '(1) the question is difficult, novel *and* either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult *and* of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.'" *In re Miedzianowski,* 735 F.3d 383, 384 (6th Cir. 2013) (emphasis added). "A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010); *see Am. Tel. &*

4

*Tel. Co. v. N. Am. Indus. of New York, Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992) (difference of opinion must be "substantial," and not "merely metaphysical.")

Here, none of the above situations are present. While the question may previously have been difficult, after *Fourth Estate*, it is clear that plaintiffs have to have registered their copyright or had their registration rejected prior to maintaining a suit for copyright infringement. Plaintiffs' arguments focus on their disagreement with the Supreme Court's, and by extension this Court's, interpretation of the Copyright Act by not carving out an exception. Plaintiffs' disagreement is further evidenced by their pleas to equity and hypothetical doomsday scenarios where "future defendants…could avoid a claim of copyright infringement by destroying the sole copy of a work to deny the ability to file the required deposit copy." [Dkt. 84, PageID#713]. While Anthem Wrestling denies that it infringed Plaintiffs' copyrights or improperly disposed of the master copies of "GFW Amped" content, it is clear that Plaintiffs' theoretical arguments are insufficient to establish a substantial ground for difference of opinion. Finally, Plaintiffs' reference to a single sentence of the Court's Order that "Plaintiffs have no rights under the Copyright Act, and their copyright claim will be dismissed" to claim this Court misapplied *Fourth Estate* is baseless. A plain reading of the Court's Order clearly shows that the Court was referencing the Plaintiffs' rights to sue Anthem Wrestling under the Copyright Act.

### 3. Certification Would Not Materially Advance The Resolution Of This Litigation

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351, quoting *White v. Nix*, 43 F.3d 374, 378-379 (8th Cir. 1994). Here, regardless of Plaintiffs' copyright claims, this litigation will be conducted in substantially the same manner due to the nature and extent of Plaintiffs' other claims. For

5

*Tel. Co. v. N. Am. Indus. of New York, Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992) (difference of opinion must be "substantial," and not "merely metaphysical.")

Here, none of the above situations are present. While the question may previously have been difficult, after *Fourth Estate*, it is clear that plaintiffs have to have registered their copyright or had their registration rejected prior to maintaining a suit for copyright infringement. Plaintiffs' arguments focus on their disagreement with the Supreme Court's, and by extension this Court's, interpretation of the Copyright Act by not carving out an exception. Plaintiffs' disagreement is further evidenced by their pleas to equity and hypothetical doomsday scenarios where "future defendants…could avoid a claim of copyright infringement by destroying the sole copy of a work to deny the ability to file the required deposit copy." [Dkt. 84, PageID#713]. While Anthem Wrestling denies that it infringed Plaintiffs' copyrights or improperly disposed of the master copies of "GFW Amped" content, it is clear that Plaintiffs' theoretical arguments are insufficient to establish a substantial ground for difference of opinion. Finally, Plaintiffs' reference to a single sentence of the Court's Order that "Plaintiffs have no rights under the Copyright Act, and their copyright claim will be dismissed" to claim this Court misapplied *Fourth Estate* is baseless. A plain reading of the Court's Order clearly shows that the Court was referencing the Plaintiffs' rights to sue Anthem Wrestling under the Copyright Act.

### 3. Certification Would Not Materially Advance The Resolution Of This Litigation

"When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351, quoting *White v. Nix*, 43 F.3d 374, 378-379 (8th Cir. 1994). Here, regardless of Plaintiffs' copyright claims, this litigation will be conducted in substantially the same manner due to the nature and extent of Plaintiffs' other claims. For

5

instance, because Plaintiff Jeffrey Jarrett performs in the "GFW Amped" content, Anthem Wrestling's allegedly unlawful displays of the "GFW Amped" content will be at issue through Plaintiffs' Tennessee Personal Rights Protection Act claims as well as their trademark claims for Anthem Wrestling's allegedly unauthorized use of the GFW mark.  Further, Plaintiffs' argument that Anthem Wrestling's improper disposal of the "GFW Amped" masters will go unpunished if their copyright claims are dismissed is directly contradicted by Plaintiffs' claims for conversion, trover, and negligence.  When the totality of Plaintiffs' other claims against Anthem Wrestling are viewed, there is no legitimate basis to claim that immediate appellate review will materially advance the ultimate termination of the litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave for interlocutory appeal should be denied.


Dated: July 17, 2019                                     Respectfully submitted,


                                                         **BASS, BERRY & SIMS PLC**


                                                         /s/ Paige W. Mills
                                                         Paige W. Mills (TN #016218)
                                                         150 Third Avenue So, Suite 2800
                                                         Nashville, TN 37201
                                                         Tel: (615)742-6200
                                                         pmills@bassberry.com

                                                         *Attorneys for Defendant Anthem Wrestling*
                                                         *Exhibitions, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Nicholas R. Valenti
Sara R. Ellis
MILLER LEGAL PARTNERS, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219

/s/ Paige W. Mills