# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:18-cv-00749 ) |
| ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

In an Order (Doc. No. 80) filed June 24, 2019, the Court granted Anthem Sports & Entertainment's Motion to Dismiss, solely as to Global Forces' copyright claim as alleged in Count I of the Second Amended Complaint. In an accompanying Memorandum Opinion, the Court found that claim barred by the Supreme Court's recent decision <u>Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC</u>, 139 S. Ct. 881, 887 (2019) because, admittedly, the copyright process was not completed and the copyright was not registered as required by 17 U.S.C. § 411. The Court concluded its discussion by stating "[i]n light of <u>Fourth Estate</u>, Plaintiffs have no rights under the Copyright Act, and their copyright claim will be dismissed." (Doc. No. 79 at 16). Because other claims remain, Global Force now moves for leave to appeal that decision.

Interlocutory appeals are governed by 28 U.S.C. 1292, that, so far as relevant, provides:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if

application is made to it within ten days after the entry of the order: Provided, however, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). Such review is appropriate where "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id. There is nothing exceptional about this case, or the Court's ruling, warranting expedited review.

To begin, while the Court did say that "Plaintiffs have no rights under the Copyright Act," that was simply a scrivener's error. What the Court meant to say was that ""[i]n light of Fourth Estate, Plaintiffs have no *right to so sue* under the Copyright Act . . . ." Appellate intervention is not required to make that correction.

Nor is immediate review required to address this Court's legal conclusion that the holding in Fourth Estate serves as a bar to Global Force's pursuit of its copyright claim. Global Force argues "the Supreme Court opined that a registration or refusal of application was necessary based on the binary assumption that the Copyright Office would assess whether either registration should issue, or the application should be refused" but "d[id] not address a scenario in which the Copyright Office has declined review, approved, or refused the application." (Doc. No. 84 at 9). Maybe so, but the very nature of this Court's business is to apply principles of law to various factual scenarios. This case may indeed "presents a unique issue that appears to be a matter of first impression," (id. at 4), but "'[t]he phrase 'question of law' as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law.'" No. Arapaho Tribe v. Ashe, 925 F. Supp.2d 1206, 1223-24 (D.

2

Wyo. 2012) (quoting Certain Underwriters at Lloyd's, London v. Nance, No. CIV 04–937 JB/WDS, 2006 WL 4109675, at *3 (D.N.M. Aug. 24, 2006)). Rather, "'district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.'" Id. Here, the Court is sure about what the law is post-Fourth Estate: Global Force must have registered their copyrights or been refused registration before they can maintain a suit for copyright infringement.

Furthermore, that this may be a case of "first impression not just in this Circuit, but in any federal court," (Doc. No. 84 at 4), undercuts the argument that there is a "substantial grounds for difference of opinion" within the meaning of § 1292(b). "[A] substantial ground for difference of opinion . . . regarding the correctness of the decision" occurs when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." The question of the need for registration was not difficult, and its resolution was substantially guided – nay dictated – by Fourth Estate.

Accordingly, the Motion for Leave to Appeal (Doc. No. 83) is **DENIED.** This Court Memorandum Opinion (Doc. No. 79) is **AMENDED**. The sentence appearing on page 16 immediately before the heading "B. Tennessee Personal Rights Protection Act (TRPPA)" is **REPLACED** with the following sentence:

> "In light of Fourth Estate, Plaintiffs have no right to sue under the Copyright Act, and their copyright claim will be dismissed."

In all other respects the Memorandum Opinion remains unchanged.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE