IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM SPORTS & ENTERTAINMENT CORP. and ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>Defendants. | CIVIL ACTION NO. 3:18-cv-00749<br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Joe B. Brown<br><br>JURY DEMAND |

**PLAINTIFF JEFFREY JARRETT'S ANSWER AND AFFIRMATIVE DEFENSES TO ANTHEM WRESTLING EXHIBITIONS, LLC'S COUNTERCLAIMS**

Plaintiff Jeffrey Jarrett ("Mr. Jarrett"), by and through counsel, and for its Answer and Affirmative Defenses to Anthem Wrestling Exhibitions, LLC's ("Anthem Wrestling") Counterclaims states as follows:

**ANSWER TO COUNTERCLAIM OF ANTHEM WRESTLING AGAINST JEFF JARRETT**

1. Mr. Jarrett admits that Global Force Entertainment, Inc ("GFE") and Anthem Wrestling did not complete a contemplated merger, and that this action follows thereafter.

2. Admitted.

3. The terms of the merger are found in term sheet filed under seal as Exhibit 2 to the First Amended Complaint and in the record at Docket Number 15-2 (the "Term Sheet"), which speaks for itself. Mr. Jarrett admits the allegations in paragraph 3.

4. The terms of the merger are found in the Term Sheet, which speaks for itself. Mr. Jarrett admits the allegations in the first sentence of paragraph 4. Mr. Jarrett denies the allegations in the second sentence of paragraph 4, to the extent they are inconsistent with the Term Sheet.

5. Mr. Jarrett admits that on July 24, August 21, and October 23, 2015, GFE, under the GLOBAL FORCE WRESTLING and GFW trademarks, produced approximately sixteen (16) hours of original wrestling programming to market to television and/or pay-per-view markets ("GFW Amped Content"). Mr. Jarrett denies the remaining allegations in paragraph 5.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Mr. Jarrett admits that, pursuant to the Term Sheet, he was named Chief Creative Officer of Anthem Wrestling as of April 17, 2017. Mr. Jarrett denies the remaining allegations in paragraph 11.

12. Mr. Jarrett admits that during his tenure as Chief Creative Officer of Anthem Wrestling, the post-production work on the GFW Amped Content was completed and was packaged as four, not five as alleged, different pay-per-view broadcasts and was marketed with both the GFW and IMPACT! trademarks. Mr. Jarrett denies any implication that the use of the IMPACT! Trademark with the GFW Amped Content was authorized.

13. Denied.

14.     Mr. Jarrett lacks sufficient knowledge to admit or deny whether Anthem Wrestling made any payment to KSTV or the reason for any payment. Mr. Jarrett denies the remaining allegations in paragraph 14.

15.     Mr. Jarrett admits that the GFW Amped Content was packaged as DVDs and sold on-line. Mr. Jarrett denies the allegations in the second sentence of paragraph 15. Mr. Jarrett denies any implication that the use of the phrase Global Wrestling Network with the GFW Amped Content was authorized.

16.     Mr. Jarrett admits that GFE and Anthem Wrestling did not complete the contemplated merger. Mr. Jarrett admits Anthem Wrestling terminated Mr. Jarrett's employment in October 2017. Mr. Jarrett lacks sufficient knowledge to admit or deny whether the sale and marketing of the GFW Amped Content was not successful and did not turn a profit.

17.     The allegations of the Second Amended Complaint speak for themselves.

18.     Denied.

19.     Paragraph 19 states a legal conclusion to which no response is required.

20.     Mr. Jarrett lacks sufficient knowledge to admit or deny the allegations of paragraph 20.

21.     Paragraph 21 states a legal conclusion to which no response is required.

## COUNTERCLAIM ONE

### Breach of Duty of Loyalty

22.     Mr. Jarrett realleges and incorporates each and every of his foregoing answers as though fully set forth herein.

23.     Paragraph 23 states a legal conclusion to which no response is required.

24. Paragraph 24 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

25. Paragraph 25 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

## COUNTERCLAIM TWO

### Breach of Fiduciary Duty

26. Mr. Jarrett realleges and incorporates each and every of his foregoing answers as though fully set forth herein.

27. Paragraph 27 states a legal conclusion to which no response is required.

28. Paragraph 28 states a legal conclusion to which no response is required.

29. Paragraph 29 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

30. Paragraph 30 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

## COUNTERCLAIM THREE

### Unjust Enrichment

31. Mr. Jarrett realleges and incorporates each and every of his foregoing answers as though fully set forth herein.

32. Mr. Jarrett lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 32. Mr. Jarrett admits that the payment served to obtain the release of the GFW Amped Content. Mr. Jarrett denies the remaining allegations in the second sentence of paragraph 32. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

33. Denied.

34. Paragraph 34 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

35. Paragraph 35 states a legal conclusion to which no response is required. Mr. Jarrett denies that Anthem Wrestling it entitled to any relief.

36. Mr. Jarrett denies any remaining allegations in Anthem Wrestling's Counterclaims not expressly admitted.

## PRAYER FOR RELIEF

Anthem Wrestling's Prayer for Relief sets forth requests for relief to which no response is required. To the extent necessary, Mr. Jarrett denies that Anthem Wrestling is entitled to relief.

## AFFIRMATIVE DEFENSES

1. Anthem Wrestling's Counterclaims should be dismissed for failure to state a claim upon which relief can be granted.

2. Anthem Wrestling's Counterclaim of Breach of Duty of Loyalty should be dismissed because the Term Sheet describes the terms under which Plaintiffs' intellectual property assets would be licensed to Anthem Wrestling.

3. Anthem Wrestling's Counterclaim of Breach of Fiduciary Duty should be dismissed because the Term Sheet describes the terms under which Plaintiffs' intellectual property assets would be licensed to Anthem Wrestling.

4. The relief requested as against Mr. Jarrett is barred because no action or omission by Mr. Jarrett caused Anthem Wrestling injury.

5. Anthem Wrestling's Counterclaims are, by virtue of its own acts, omissions and conduct, estopped.

6. Any equitable relief sought by Anthem Wrestling is barred by unclean hands.

7. Anthem Wrestling's Counterclaims are barred by equity.

8. Anthem Wrestling lacks standing to bring its Counterclaims.

9. For the reasons set forth in Plaintiffs' Second Amended Complaint, Anthem Wrestling's Counterclaims should be dismissed.

Dated: August 7, 2019

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Sara R. Ellis, TN Bar No. 30760
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Phone: 615.988.9590
Facsimile: 615.988.9559
Email: smiller@millerlegalpartners.com
    nvalenti@millerlegalpartners.com
    sellis@millerlegalpartners.com

*Counsel for Plaintiffs*