# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT,  Plaintiffs,  v.  ANTHEM WRESTLING EXHIBITIONS, LLC,  Defendant. | CIVIL ACTION NO. 3:18-cv-00749  CHIEF JUDGE CRENSHAW  MAGISTRATE JUDGE JOE BROWN  JURY DEMAND |

## JOINT STATEMENT OF ISSUES

When the parties first approached the Court, Plaintiffs and Defendants disagreed as to whether Defendant's Executive Vice-President Scott D'Amore's deposition could occur after the discovery cutoff of December 6, 2019. After the Court scheduled the telephonic conference, the parties were able to agree that Mr. D'Amore's deposition could occur after the discovery cut-off.

As a result, Plaintiffs and Defendant present the Court with a single issue: whether Defendant should be compelled to produce Scott D'Amore, a Canadian citizen, for deposition. Plaintiffs assert they should not have to pay the US$4000+ for letters rogatory, nor risk the length of time the letters rogatory process may take, to compel Mr. D'Amore to testify in this case when Defendant has the ability and control over Mr. D'Amore, who as recently as November 19, 2019, was in Nashville working at Defendant's offices. Defendant asserts it cannot force Mr. D'Amore to testify or accept service for him because he is an independent contractor.

The parties' respective positions are set forth more fully below:

1

**PLAINTIFFS' POSITION**: There is no dispute Mr. D'Amore is Defendant's Executive Vice President, sends and receives emails through an email account with Defendant, and on occasion works out of Defendant's Nashville offices (including as recently as November 19, 2019). Defendant should produce Scott D'Amore, an officer and/or executive of Defendant Anthem Wrestling, for deposition because "a subpoena is not necessary to compel attendance at a deposition if the person to be examined is an officer, director, or managing agent of the party." *Amway Corp v. Nartron Corp.*, No. 1:92 CV 156, 1992 WL 478099, at *2 (W.D. Mich. Oct. 13, 1992). In the spirt of cooperation, Plaintiffs have not demanded Mr. D'Amore's deposition in Nashville but instead, have offered to take the deposition via videoconference.

This case involves claims by Plaintiffs that Defendant aired wrestling content belonging to Plaintiff Global Force Entertainment, Inc. when it knew it had no rights to do so. The fact discovery deadline in this case is December 6, 2019, the deadline for dispositive motions is <u>February 14, 2020</u>, and the case is set for a jury trial on June 30, 2020. Plaintiffs seek to take the deposition of Scott D'Amore, who has been held out publicly on the internet by both Defendant and Mr. D'Amore as either Vice-President or Executive Vice-President of Defendant. Mr. D'Amore is a resident of the city of Windsor in Canada. Mr. D'Amore is a key fact witness who will testify at least as to (1) when Defendant actually decided to terminate Plaintiff Jarrett; (2) Defendant's decision to air content for which it knew it had not rights despite the risk of litigation (see email attached as Exhibit 2) after Mr. Jarrett's termination; (3) his taking over Plaintiff Jarrett's role upon Plaintiff Jarrett's termination; (4) Defendant's refusing to pay for the use of the content even though it knew it had an obligation to do so; (5) the value of the content at issue if it was independently created; and (6) Defendant's ongoing use of Plaintiff Global Force Entertainment, Inc.'s trademarks without payment to Plaintiff Global Force Entertainment, Inc.

Because of Mr. D'Amore's apparent officer and employee position, Plaintiffs' counsel Hayley Baker emailed Defendant's counsel Paige Mills on October 17, 2019 requesting whether Scott D'Amore could be available for a deposition in Toronto the week of November 12, 2019, the same week that both Plaintiffs' and Defendant's counsel would be in Toronto to depose other key witnesses. Despite a follow-up email to Defendant's counsel on October 24, 2019, Plaintiffs' counsel never received a response from Defendant's counsel.  Plaintiffs served Mr. D'Amore's notice of deposition and subpoena (out of an abundance of caution) on Defendant's counsel on October 30, 2019, to have his deposition in Toronto on November 12, 2019.

On November 2, 2019, Defendant's counsel responded and said she "has no authority to accept service for Scott D'Amore and he lives four hours from Toronto."  On November 4, 2019, Plaintiffs' counsel offered to take Mr. D'Amore's deposition via videoconference as an attempt to resolve this dispute and as an accommodation.  On November 5, 2019, Defendants' counsel advised Plaintiffs' counsel that she had been told by her client that Mr. D'Amore is an independent contractor and is not an employee of Defendant, despite Anthem Sports and Entertainment's (Defendant's parent company) website that shows Mr. D'Amore is Executive VP of Anthem Wrestling (Defendant in this case) and Mr. D'Amore's twitter.com page. Copies attached hereto as collective Exhibit 1. Prior to this email, Plaintiffs' counsel had no reason to believe that Mr. D'Amore was not one of Defendant's employees. Moreover, Ed Nordholm, Defendant's President, confirmed in his recent deposition that Mr. D'Amore is an Executive and Vice-President of Defendant, which means Mr. D'Amore is an officer of Defendant, and is on the committee that manages the operations of Defendant.  Mr. D'Amore, however, was not included in Defendant's Rule 26(a) initial disclosures and no contact information was provided.  An email produced by Defendant, which was sent by Mr. D'Amore and is attached hereto as Exhibit 2, shows that he is

indeed a key witness in this dispute. Plaintiffs' counsel then asked Defendant's counsel to provide Mr. D'Amore's contact information or that of Mr. D'Amore's attorney. Plaintiffs' counsel never received this Mr. D'Amore's contact information from Defendant. Plaintiffs' counsel eventually received this information from their own client on November 20, 2019.

Late in the day of November 20, 2019, Plaintiffs learned Mr. D'Amore had been seen in Nashville at Defendant's offices. On the morning of November 21, 2019, Plaintiffs' counsel confirmed Mr. D'Amore's presence in Nashville through Kevin Sullivan, a third-party witness. Mr. Sullivan saw Mr. D'Amore at Defendant's Nashville office on November 19, 2019, apparently doing work for Defendant. He also stated Mr. D'Amore's pattern was to come into Nashville for short visits. Mr. Sullivan stated that he has not seen Mr. D'Amore since November 19, 2019. Thus it appears Mr. D'Amore was no longer present in Nashville as of November 21, 2019, which is a fact that Defendant should be able to confirm.

Defendant has known of Plaintiffs' request to depose Mr. D'Amore for months. Yet, Defendant took the position that it would not accept service or tell Mr. D'Amore to appear for a deposition. Had Defendant simply told Plaintiffs or their counsel that Mr. D'Amore was going to be in Nashville on November 19, 2019, the deposition (which is expected not to last more than 2 to 3 hours) could have easily, inexpensively, and timely been completed without needing to go beyond the discovery deadline, spend $4000+ for letters rogatory, and without involvement of the Court. By the time Defendant's learned Mr. D'Amore was in Nashville, it was too late to serve him with a subpoena. Plaintiffs' counsel reached out to Mr. D'Amore's alleged attorney (according to Mr. D'Amore) on November 20, 2019, yet there is presently no confirmation that Mr. D'Amore is willing to attend a deposition via teleconference. In fact, Mr. D'Amore's attorney did not clearly

confirm he is Mr. D'Amore's attorney by responding with a vague reference as to with Mr. D'Amore had a retainer. See email attached hereto as Exhibit 3.

Defendant's only rationales for not freely producing Mr. D'Amore is the allegation he is only an "independent contractor" and asserting he is an owner of Global Force Entertainment, Inc. and therefore, Plaintiffs can somehow force him to appear. As for the first rationale, Defendant's claim that Mr. D'Amore is an "independent contractor" is a distinction without difference for purpose of this litigation. Except for tax treatment apparently, Mr. D'Amore functions in an officer role for Defendant, has an officer title, is held out to be an officer, uses Defendant's email system, and at least occasionally works in Defendant's Nashville offices ostensibly in his role as an officer of Defendant. He is, for all intents and purposes, both an officer and an "employee" within Defendant's control regardless of his tax status. As for the second rationale, Mr. D'Amore owns 5% of the shares of Global Force Entertainment, Inc. and is a silent shareholder with no functions, responsibilities, or ongoing involvement with the company. Global Force Entertainment, Inc., a corporation, has no more authority to force Mr. D'Amore to show up for a deposition than Walmart would have to force someone who owns shares in that company.

Without the Court's involvement, Plaintiffs' only option to compel Mr. D'Amore, a Canadian citizen, to attend a deposition is through the formal letters rogatory process. The governmental fees associated with this process are around $4,000[1], at least, and the "execution of letters rogatory may take a year or more," according to the United States Department of State website.[2]

---

[1] See 22 C.F.R. § 22.1.
[2] See https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Nov. 22, 2019).

Therefore, Plaintiffs respectfully propose this Court compel Defendant to produce its Executive Vice-President, Mr. D'Amore for a deposition via teleconference, as there is no guarantee the letters rogatory process will be complete by the dispositive motion deadline on February 14, 2020 and trial on June 30, 2020.

**DEFENDANT'S POSITION:**

Defendant's position is simple. Mr. D'Amore is an independent contractor, not an employee. He is a resident and citizen of Windsor, Canada. When Plaintiff asked to depose him in Toronto, Defendant's counsel inquired of her client as to his whereabouts and availability. The client informed Defendant's counsel that Mr. D'Amore was an independent contractor and had his own legal counsel and that he lived and worked four hours away from Toronto. Defendant's counsel asked her client to ask Mr. D'Amore whether he would authorize her to accept service for him. Mr. D'Amore relayed back that Defendant's counsel did not have the authority to accept service for him and that he had his own legal counsel. In the absence of Mr. D'Amore's agreement and granting of authority, Defendant's counsel cannot accept service for him, especially outside the country where he lives and works.

Plaintiff's argument that Defendant somehow hid Mr. D'Amore from him because he was not in Defendant's initial disclosures is unavailing. Defendant does not consider Mr. D'Amore to be an important player in this drama, yet Plaintiff obviously disagrees. In fact, Plaintiffs revealed Mr. D'Amore as an individual with discoverable knowledge *in their own initial disclosures served over a year ago. See* Attached at Exhibit 4. Moreover, the email about which Plaintiff seeks to depose Mr. D'Amore was produced to Plaintiffs in April of this year. Plaintiff cannot reasonably complain that Defendant has hidden Mr. D'Amore's existence or that they didn't realize he was important to their case.

Moreover, as Plaintiffs admit, Mr. D'Amore happens to be a shareholder in Plaintiff Global Force Entertainment. Plaintiff likens the situation to Walmart being unable to compel a shareholder to do a particular act. However, unlike the tens of thousands of shareholders in Walmart, Mr. D'Amore is one of only two owners of Plaintiff Global Force Entertainment. Obviously, Plaintiff has as much access, if not more, than does Anthem Wrestling. At a minimum, Plaintiff knew that Mr. D'Amore was a Canadian citizen that lives and works in Windsor, Canada, before this litigation ever began. Plaintiff has had more than a year to serve Mr. D'Amore and has not done so. That is a problem of his own making.

Further, Defendant's counsel learned that Mr. D'Amore was in town this week *from Plaintiff's counsel.* Clearly, Plaintiff had knowledge of his whereabouts and could have served him when he was in town, but failed to do so. Moreover, Defendant's counsel spoke to Mr. D'Amore on the phone and obtained his lawyer's contact information. Defendant has no objection to Mr. D'Amore being deposed, whether in Nashville or Windsor. Defendant also agreed to an extension of the discovery deadline in order for Plaintiff to depose Mr. D'Amore. Defendant, however, has no ability to compel him to appear. For these reasons, Plaintiff's request should be denied.

Respectfully submitted,
MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Nicholas R. Valenti, TN Bar No. 35420
Sara Ellis, TN Bar No. 30760
Fifth Third Center – Suite 2000
424 Church Street
Nashville, Tennessee 37219
Phone: 615.988.9590
Facsimile: 615.988.9559
Email: smiller@millerlegalpartners.com

nvalenti@millerlegalpartners.com
sellis@millerlegalpartners.com

*Counsel for Plaintiffs*

/s/ Paige Mills
Paige W. Mills, TN Bar No. 16218
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of November 2019, the foregoing document was served to the following via email:

Paige W. Mills
BASS, BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com

/s/ Samuel F. Miller
Samuel F. Miller