IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jerry Jarrett, <br><br> Plaintiffs, <br><br> v. <br><br> Anthem Wrestling Exhibitions, LLC, <br><br> Defendants. | Case No. 3:18-cv-00749 |

**DEFENDANT ANTHEM WRESTLING'S REPLY TO PLAINTIFFS' SUR-REPLY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The facts are undisputed that Plaintiff Jarrett became Defendant's Chief Creative Officer and oversaw and directed the use of all of the intellectual property about which he now complains. He admits that he allowed the use and never told anyone that Anthem could not use this intellectual property, until he revoked the permission by filing the complaint in this case. Yet Plaintiffs try to create a fact issue by baldly asserting that this license was "contingent upon the merger going through." However, Plaintiffs bear the burden of proof on showing that Defendant exceeded the terms of the license. Plaintiffs cannot meet this burden as a matter of law because Plaintiff has not offered any proof whatsoever that he ever told anyone that the license was contingent upon the merger closing. As such, Defendants are entitled to summary judgement on all of his infringement-related claims.

## I. PLAINTIFF HAS OFFERED NO EVIDENCE WHATSOEVER TO SUPPORT HIS CONCLUSORY ASSERTION THAT A COMPLETED MERGER WAS A CONDITION PRECEDENT OF THE PARTIES' LICENSE.

As set forth in Defendant's response papers, Plaintiffs have now admitted that a license between these parties existed for the use of the Plaintiffs' content, trademarks, and image and likeness in creating the Amped PPVs. Dkt. 111, Plaintiff's Statement of Additional Facts ("AF") 10, 38; and Dkt. No. 112 at ¶¶45, 47. Jarrett has admitted that he allowed and oversaw the use while he was acting as Anthem's Chief Creative Officer. *Id.,* and Dkt. 105 37-41, 43-45. Plaintiffs now insist that this license was contingent upon the merger going through and the terms of that license is a question of fact for the jury. However, once Defendant has proved the existence of the license, which it has, Plaintiffs bear the burden of proving that the use was unauthorized. *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995). Disputes involving only the *scope* of the license present the court with a question that essentially is one of contract: whether the parties' license agreement encompasses the defendant's activities. Just as in an ordinary contract action, the party claiming a breach carries the burden of persuasion. *Id.*

Plaintiffs cannot carry this burden of persuasion as a matter of law. Nowhere in the voluminous record of this case do Plaintiffs ever testify or offer any other evidence that they communicated to *anyone* that this implied license was subject to a condition precedent—completion of the merger. At most, Jarrett speaks in terms of his own subjective beliefs about the merger (*see* Dkt. 111, AF 8 – 14) but never testifies that *he told anyone else that the use he allowed of the IP was contingent upon the merger going through*. A party's subjective, uncommunicated beliefs are completely irrelevant in ascertaining the terms of a contract under Tennessee law:

> We are not concerned with the parties' state of mind when they entered into the contract, *Petty v. Sloan,* 197 Tenn. 630, 642, 277 S.W.2d 355, 360–61

(1955), and, therefore, we do not consider their uncommunicated, subjective intentions. *Malone & Hyde Food Servs. v. Parson,* 642 S.W.2d 157, 159 (Tenn.Ct.App.1982); *Ward v. Berry & Assocs., Inc.,* 614 S.W.2d 372, 375 (Tenn.Ct.App.1981). As noted by Judge Learned Hand:

> A contract is an obligation attached by mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent. If, however, it were proved by twenty bishops that either party, when he used the words, intended something else than the usual meaning which the law imposes on them, he would still be held, unless there was some mutual mistake, or something else of the sort.

*Bill Walker & Assocs., Inc. v. Parrish*, 770 S.W.2d 764, 770 (Tenn. Ct. App. 1989) (some citations omitted).

The undisputed facts are that Jarrett knowingly allowed the use of the content, trademarks, and his image and likeness and never objected to the use or withdrew that consent. Dkt. 105, ¶¶ 53-59; 62-63. Plaintiff has come forward with no testimony or proof of any kind that he ever communicated his subjective belief that the use of the IP was contingent upon completion of the merger. Moreover, conditions precedent are disfavored under Tennessee law and there is a presumption against the finding of one. *Law v. Bioheart, Inc*. 2009 WL 693149, * 13-14 (W.D. Tenn. March 13, 2009). As such, Plaintiffs cannot carry their burden of proof that the license was contingent upon the merger or, even if so, that such a term was a condition precedent. As set forth in Defendant's first Reply, if the term was not a condition precedent, it was merely a contractual covenant, and any breach of it was a breach of contract and not infringement. Accordingly, Defendant is entitled to judgment on all of Plaintiffs' infringement-related causes of action.

The Plaintiffs' reliance on the case of *Derma Pen, LLC v. 4EverYoung Ltd.*, 773 F.3d 1117 (10th Cir. 2014) is misplaced. Unlike the case at bar, *Derma Pen* does not involve an implied license for use of IP that was granted, managed, and overseen by the Plaintiff as an

3

officer of the Defendant. *Derma Pen* involved completely apposite facts in which one party refused to let another exercise its contractual right of first refusal. When the parties could not reach agreement on that issue, the party with the contractual right of first refusal proceeded anyway as if it had the trademark rights, without the approval of the trademark owner. In this case, the parties worked together on the allegedly infringing acts and Anthem's use of the IP was done with the approval and oversight of Plaintiff Jarrett.

Moreover, Plaintiffs' attempts to distinguish *Design Basics, LLC v. Chelsea Lumber Co., 977 F. Supp. 2d 714, 729 (E.D. Mich. 2013)* are similarly unavailing. The fact that *Design Basics* involved a written agreement rather than an implied license does not eliminate the need for the Plaintiffs to establish the breach of a condition precedent before they can bring a claim for infringement, as opposed to breach of contract.

Plaintiffs also do not address the fact that Tennessee law has a presumption against condition precedents in the absence of a clear intent to establish one. *Law,* 2009 WL 693149, * 13-14. Plaintiffs do correctly note that a condition precedent has been defined as "[a]n event, not certain to occur, which must occur, unless its non-occurrence is excused, *before performance under a contract becomes due.*" *Upperline Equip. Co. v. J & M, Inc.,* 724 F. Supp. 2d 883, 888 (E.D. Tenn. 2009)(emphasis added)(quoting *Covington v. Robinson,* 723 S.W.2d 643, 645 (Tenn.Ct.App.1986). In the case at bar, the non-occurrence of the merger is an event that occurred *after* both parties had fully performed under the implied license. Plaintiffs had conveyed the intellectual property to Defendant, allowed its use, and never revoked the permission. Likewise, Defendant used the IP as allowed by Plaintiff Jarrett. Because all of this occurred prior to the merger failing to close, it cannot be a condition precedent. It must, therefore, be a contractual covenant as a matter of law and Plaintiffs cannot establish otherwise.

## II. PLAINTIFFS CLAIMS UNDER THE TENNESSEE PERSONAL RIGHTS PROTECTION ACT FAIL BECAUSE JARRETT GRANTED PERMISSION FOR THE USE AND BECAUSE WRESTLING IS A SPORT.

Plaintiff's publicity-related claims under the Tennessee Personal Rights Protection Act ("TPRPA") also fail because Defendant had Jarrett's prior consent for use of his image and likeness. Tenn. Code Ann. § 47-25-1105. Although Jarrett now contends he revoked his consent upon filing the complaint, the use of his image and likeness took place before his consent was revoked. Accordingly, the use is not actionable.

Further, Defendant stands by the distinctions it drew with respect to *Butkus v. Downtown Athletic Club of Orlando*, 2008 WL 2557427 (C.D. Cal. March 31, 2008). This case is irrelevant to Plaintiffs' claims because the alleged revocation of consent in *Butkus* was *before* the conduct of which Butkus complained. Here, Plaintiffs' consent was allegedly withdrawn by the filing of the complaint, long after the allegedly infringing activities. Accordingly, *Butkus* does nothing to shore up Plaintiffs' claims. Moreover, Plaintiffs are incorrect that professional wrestling is not a sport. *See, e.g. McCullough v. World Wrestling Entm't, Inc., 172 F. Supp. 3d 528, 559 (D. Conn. 2016)*; K*ent v. Pan Am. Ballroom,* No. F038650, 2002 WL 31776394 (Cal.Ct.App. Dec. 10, 2002) ("[w]restling, **and particularly professional wrestling**, entails inherent risks of injury. **It is a sport** where two persons grab, twist, throw or otherwise exert forces and holds upon each other's heads, necks, arms, legs, feet and torsos with the object of forcing the opponent to the mat."(emphasis added). Other than their self-serving arguments to the contrary, Plaintiffs have not produced any legal authority that professional wrestling is *not* a sport. Accordingly, any broadcast of the sport of professional wrestling would fall into the fair use exceptions laid out in the TPRPA. Tenn. Code Ann. § 47-25-1107(a).

## *III.* THERE IS NO DIVERSITY JURISDICTION IN THIS MATTER

Based on the parties' recent call with the Court, there appears to be a misunderstanding with respect to Defendant's assertion that there was a clerical error that necessitated the amendment of Defendant's Answer. Please see the Second Declaration of Paige Waldrop Mills filed contemporaneously with this Reply for a detailed explanation of when and how the error occurred that prompted Defendant's Motion to Amend its Answer. In view of the facts set out in this Declaration, Anthem asserts that Tennessee is and always has been its principal place of business and, as such, there is no diversity jurisdiction in this case.

## IV. DEFENDANT HAS A BONA FIDE INTENT TO USE THE JEFF JARRETT MARK ON ACTION FIGURES.

As set out in its earlier filings, Plaintiffs never asked during the depositions in this case what Defendant's plans were with respect to use of the JEFF JARRETT mark on action figures. Accordingly, they were surprised to learn that Defendant does indeed have plans to revive the mark on action figures and has never abandoned the mark with an intent not to resume. Mr. Nordholm's testimony on this issue is competent and admissible. Moreover, the mark is registered and incontestable and Anthem has shown use of it in the last three years. The burden shifts to Plaintiff to establish abandonment. Plaintiff cannot meet this considerable burden by simply asserting that he does not believe the mark is in use. Because that is the only evidence Plaintiff has offered on this issue, Defendant is entitled to judgement on this claim as a matter of law.

## CONCLUSION

For the foregoing reasons, Anthem is entitled to judgement as a matter of law on all of Plaintiffs' claims and asks this Court to so hold.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**


/s/ Paige W. Mills
Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219


/s/ Paige W. Mills

28143663.1