## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 3:18-cv-00749 |
| Anthem Wrestling Exhibitions, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' SIXTH DOCUMENT PRODUCTION

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below, for entry of an Order excluding all of the documents produced in Plaintiffs' sixth document production, which includes documents with bates numbers GFE-0000674 through GFE-001133. This production was made almost six months after the close of fact discovery, nearly doubles the total pages of documents produced during the discovery period, and is extremely prejudicial to Anthem Wrestling. Pursuant to Local Rule 7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

### ARGUMENT

While parties are permitted to supplement discovery responses no later than thirty days before trial pursuant to Middle District of Tennessee Local Rule 39.01(d), the Court must still determine whether a party supplemented its discovery response in a "timely manner" under Federal

Rule of Civil Procedure 26(e)(1)(A) and, if not, whether the failure was "substantially justified" or "harmless" under Federal Rule of Civil Procedure 37(c)(1). *Hobson v. Mattis*, No. 3:14-CV-01540, 2017 WL 11475404, at *4 (M.D. Tenn. Sept. 11, 2017). Here, fact discovery closed on December 6, 2019. Plaintiffs' made their sixth production nearly six months later at the eleventh hour on May 29, 2020—the very last possible day to supplement its discovery responses. (Email from Hayley Hanna Baker (May 29, 2020, 21:11 CST) (attached as Exhibit A) This Court has cited favorably a case holding that a document production that took place three months after the close of discovery and one month before the start of trial was untimely under Rule 26. *Id.* (citing *Accord Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *3 (S.D. Ohio Oct. 15, 2014)). The Plaintiffs' production is clearly untimely.

Additionally, Plaintiffs' failure to disclose these exhibits in a timely manner is not substantially justified or harmless. This Court has recited the standard for determining if an untimely disclosure is justified or harmless:

> "The phrase 'substantially justified' is generally interpreted to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Brooks v. Kerry*, 37 F. Supp. 2d 187, 203 (D.D.C. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)). Citing the advisory committee note to Rule 37(c), the Sixth Circuit has explained that a failure to supplement is "harmless" where that failure "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435, at *5 (6th Cir. June 25, 1999) (internal quotation marks omitted)). *See also* Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993) (giving as an example of a harmless violation the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties"). The party accused of failing to comply with Rule 26 has the burden of proving that its failure to disclose or supplement was substantially justified or harmless. *Johnson*, 325 F.3d at 782 (collecting cases)[.]

*Hobson*, 2017 WL 11475404 at *3. Plaintiffs' untimely production is not justified because all of the documents produced in the sixth production were readily available to Plaintiffs during the

2

discovery period. This is not the case of newly discovered evidence or a new issue arising after the discovery period. Plaintiffs simply failed to produce these documents when they should have—nearly sixth months ago at the very latest.

Additionally, the untimely production of these documents is particularly harmful to Anthem Wrestling. This is the first evidence Plaintiffs have produced regarding potential consumer confusion related to the trademarks at issue. When fact discovery closed without production of such evidence, Anthem Wrestling believed that Plaintiffs did not possess any evidence of consumer confusion based on Plaintiffs discovery responses made over a year ago. On February 20, 2019, Anthem Wrestling propounded the following Request for Production on both Plaintiffs:

> Please provide a copy of all documents that would indicate that consumers have been confused or deceived by Defendants' alleged use of the marks GFW, GLOBAL WRESTLING NETWORK, the GLOBAL WRESTLING NETWORK logo, GWN, and the GWN logo (as these marks are described in the (Amended Complaint).

(Def.'s First Set of Written Discovery to Jeff Jarrett, Request for Production No. 19) (attached as Exhibit B); (Def.'s First Set of Written Discovery to Global Force Entertainment, Request for Production No. 18) (attached as Exhibit C) On April 19, 2020 both Plaintiffs responded by stating:

> Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Subject to the foregoing General Objections, *Plaintiff will produce responsive documents in his possession to the extent such documents exist*.

(Pl. Jarrett's Responses to Def.'s First Set of Written Discovery to Jeff Jarrett, Response to Request for Production No. 19) (attached as Exhibit D); (Pl. Global Force Entertainment's Responses to Def.'s First Set of Written Discovery to Global Force Entertainment, Response to Request for Production No. 18) (attached as Exhibit E) Clearly Anthem Wrestling was entitled to believe that, as Plaintiffs stated in their discovery responses, no such documents existed when Plaintiffs failed to produce such evidence by the close of discovery. Anthem Wrestling relied on Plaintiffs' sworn

3

responses and document productions in making the decision not to retain an expert witness to analyze consumer confusion evidence. This last minute production is extremely prejudicial to Anthem Wrestling because it is now barred from retaining such an expert witness to analyze this evidence, which it may have done if these documents had been properly produced during the discovery period.

Furthermore, the mere size of this production weeks before trial begins is prejudicial to Anthem Wrestling. Before the close of discovery, Plaintiffs had produced a total of 680 pages of documents. Plaintiffs' sixth production contained 459 pages of documents. Plaintiffs have waited until the eve of trial to nearly double the number of documents produced during the discovery period. This is incredibly harmful to Anthem Wrestling as it is preparing for trial. Anthem Wrestling will have to commit a significant amount of time to now reviewing this production and potentially changing its trial strategy in response to these new documents. Plaintiffs' improper tactics should not be tolerated by the Court.

## CONCLUSION

Anthem Wrestling humbly requests that the Court enter an Order excluding all of the documents that were produced in Plaintiffs' sixth document production because the untimely production, made nearly six months after the close of discovery, is not substantially justified and is particularly harmful to Anthem Wrestling.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*
Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201

4

Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219



*/s/ Paige W. Mills*

6