# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRET, <br><br>   Plaintiffs, <br><br> v. <br><br> ANTHEM SPORTS & ENTERTAINMENT, CORP., and ANTHEM WRESTLING EXHIBITIONS, LLC, <br><br>   Defendants. | CIVIL ACTION NO. 3:18-cv-00749 |

**PLAINTIFF JEFF JARRETT'S RESPONSES TO DEFENDANT ANTHEM SPORTS AND ANTHEM WRESTLING'S FIRST SET OF INTERROGATORIES**

Plaintiff Jeffrey Jarrett ("Plaintiff") submits the following Responses to Defendants Anthem Sports & Entertainment, Corp., and Anthem Wrestling Exhibitions, LLC's (collectively "Anthem" or "Defendants") First set of Interrogatories.

**PRELIMINARY STATEMENT**

1. Plaintiff's responses and objections to the Interrogatories are based upon its present knowledge, information, and belief. Plaintiff has not completed its investigation and discovery of facts related to this action. Without acknowledging any obligation to do so, except as required by law, Plaintiff reserves the right to amend or supplement these responses when and if new and additional material or information becomes available.

2. Plaintiff's responses and objections are made solely for the purpose of this action. Plaintiff reserves all objections and other questions as to the competency, relevance, proportionality, materiality, privilege, or admissibility of these responses and any document or thing identified in

response to the Interrogatories as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

3. The following responses are submitted without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts, which Plaintiff may later recall or discover. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but in no way prejudices Plaintiff's ability to engage in further discovery, research, or analysis.

4. Plaintiff's search for information and documentation in connection with the Interrogatories was conducted with the necessary degree of diligence to locate responsive information, if any, in locations where such information is likely to exist.

5. Plaintiff incorporates by reference the foregoing in each and every response to the Interrogatories set forth below.

## GENERAL OBJECTIONS

The following general objections (the "General Objections") apply to each of the Interrogatories and to any amendments, modifications, or supplements to these responses, which may be provided at a later date.

1. Plaintiff objects to the Interrogatories insofar as they purport to require disclosure of communications and information that are shielded from disclosure by the attorney/client privilege, attorney work-product doctrine, joint defense privilege, common-interest doctrine, and/or other applicable privileges and/or immunities.

2. Plaintiff objects to the Interrogatories to the extent that they are vague, cumulative, unduly burdensome, not relevant to the claims and defenses at issue, and not proportional to the needs of the case.

3. Plaintiff objects to the Interrogatories to the extent that they attempt to impose obligations upon Plaintiff other than those imposed by the Federal Rules of Civil Procedure or the Local Rules.

4. Plaintiff reserves the right to object to the admissibility into evidence or other use of any of these responses at the trial of this action or at any other proceeding in this action or any other action.

5. Plaintiff reserves the right to object at any time to any demand for further responses to the Interrogatories or any other discovery procedures involving or relating to the subject matter of the Interrogatories.

6. Plaintiff reserves the right to revise, correct, add to, or clarify any of the responses to the Interrogatories set forth herein at any time.

7. Plaintiff objects to the Interrogatories to the extent that they seek disclosure of information already in Hardie's knowledge, possession, and/or control.

8. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any of the Interrogatories herein has been answered should not be taken as an admission of the facts assumed by such request.

9. Plaintiff objects to the definition of "identify" as overbroad because it imposes obligations upon Plaintiff beyond what is required by the Federal Rules of Civil Procedure or Local Rules.

10. Plaintiff objects to the definitions of "relate," "relating to," and "related to" and "refer," "relate," "pertain," "concerns" or "with regards to" because the terms appear to be defined twice and such definitions are inconsistent.

11. Plaintiffs incorporate by reference these General Objections in the responses to the Interrogatories set forth below.

# JEFF JARRET'S OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

1. Identify any and all businesses (whether for-profit or not-for-profit) to which Mr. Jarrett has provided services since January 1, 2014. With respect to such services, identify the duration of your involvement and identify the services offered. If there is an agreement relating to such services, please identify it.

**RESPONSE:** Plaintiff objects to the Interrogatory as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Identify all agreements, whether written or oral, between Jarrett and either Anthem Defendant during the period January 1, 2015 to the present.

**RESPONSE:** Plaintiffs object to this interrogatory as seeking information that is already in Defendants' possession, custody, or control. Subject to the General Objections and foregoing objections, see Exhibit 2 to the Second Amended Complaint.

3. Identify all agreements, whether written or oral, between Jarrett and any other party during the period January 1, 2015 to the present.

**RESPONSE:** Plaintiff objects to the Interrogatory to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Plaintiff further objects to the Interrogatory as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Please describe the circumstances surrounding Kevin Sullivan and the work he performed on the Amped Content, including a description of the work he was to perform, the parties to any written or oral agreement with Mr. Sullivan regarding the Amped Content (or any of it), the cost of those services, and the terms of your agreement with him. Please identify any documents that relate to Kevin Sullivan and any work he performed related to the Amped Content.

**RESPONSE:** Plaintiff objects to the Interrogatory as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Discoverable documents responsive to Defendants' Requests for Production relating to Kevin Sullivan and any work he performed related to the Amped Content in Mr. Jarrett's possession will be produced in response thereto.

5. Identify all persons who have relevant knowledge to the claims made in your Amended Complaint.

**RESPONSE:** Plaintiff objects to the Interrogatory on grounds that it is overly broad and to the extent it purports to impose on Plaintiff obligations other than those imposed by the Federal Rules of Civil Procedure. Without waiving said objections, persons who have relevant knowledge to the claims made in the Second Amended Complaint are identified in Plaintiffs' Initial Disclosures. To the extent additional persons are identified as discovery continues, Plaintiff will supplement this response.

6. In your view, what is a reasonable license fee for the use of the Amped Content about which you complain in this case? Please describe the basis for your opinion.

**RESPONSE:** Plaintiff object to this interrogatory as calling for expert disclosures prior to the deadline set by the Initial Case Management Order (Dkt. 22). Subject to the General Objections and the foregoing objection, Plaintiff asserts that the value of the destroyed content is between $100,000 and $300,000 based on industry standards. Moreover, discovery is ongoing, and this response will be timely supplemented.

7. Please identify any expert witness you have engaged in this matter, including the subject matter of the expert's expertise.

**RESPONSE:** Plaintiff will provide expert information, if any, in accordance with the Initial Case Management Order, Local Rules, and Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (BPR No. 022936)
Nicholas R. Valenti (BPR No. 035420)
A. Grace Van Dyke James (BPR No. 035667)
MILLER LEGAL PARTNERS PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988.9011
Email: Smiller@millerlegalpartners.com
Nvalenti@millerlegalpartners.com
Gjames@millerlegalpartners.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2019, the foregoing document was served via email and USPS mail upon the following:

Paige W. Mills
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800

Nashville, TN 37201

/s/ Samuel F. Miller

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRET, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM SPORTS & ENTERTAINMENT, CORP., and ANTHEM WRESTLING EXHIBITIONS, LLC, <br><br> Defendants. | CIVIL ACTION NO. 3:18-cv-00749 |

**PLAINTIFF JEFF JARRETT'S RESPONSES TO DEFENDANT ANTHEM SPORTS AND ANTHEM WRESTLING'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff Jeffrey Jarret ("Plaintiff") submits the following Responses and Objections to Defendants Anthem Sports & Entertainment, Corp. and Anthem Wrestling Exhibitions, LLCs' (collectively "Anthem" or "Defendants") First set of Requests for Production of Documents.

**PRELIMINARY STATEMENT**

1. Plaintiff's responses and objections to these Requests are based upon its present knowledge, information, and belief. Plaintiff has not completed its investigation and discovery of facts related to this action. Without acknowledging any obligation to do so, except as requested by law, Plaintiff reserves the right to amend or supplement these responses when and if new and additional material or information becomes available.

2. Plaintiff's responses and objections are made solely for the purpose of this action. Plaintiff reserves all objections and other questions as to the competency, relevance, proportionality, materiality, privilege, or admissibility of these responses and any document or

1

thing identified in response to these Requests as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever.

3. The following responses are submitted without prejudice to Plaintiff's right to produce evidence of any subsequently discovered fact or facts, which Plaintiff may later recall or discover. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but in no way prejudices Plaintiff's ability to engage in further discovery, research, or analysis.

4. Plaintiff's search for information and documentation in connection with the Requests was conducted with the necessary degree of diligence to located responsive information, if any exists, in locations where such information is likely to exist.

5. Plaintiff incorporates by reference the foregoing in each and every response to the Requests as set forth below.

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to each of the Requests for Production and to any amendments, modifications, or supplements to these responses, which may be provided at a later date:

1. Plaintiff objects to the Requests insofar as they purport to require disclosure of communications and information that are shielded from disclosure by the attorney/client privilege, attorney work-product doctrine, and/or other applicable privileges and/or immunities.

2. Plaintiff objects to the Requests to the extent that they are vague, cumulative, unduly burdensome, not relevant to the claims and defenses at issue, and not proportional to the needs of this case.

3. Plaintiff objects to the Requests to the extent that they attempt to impose obligations upon Plaintiff other than those imposed by the Federal Rules of Civil Procedure.

4. Plaintiff reserves the right to object to admission into evidence or other use of any of these responses or any documents or things produced in response to the Requests at any proceeding or trial in this action or at any proceeding or trial in any other action.

5. Plaintiff reserves the right to object at any time to any demand for further responses to the Requests or any other discovery procedures involving or relating to the subject matter of the Requests.

6. Plaintiff reserves the right at any time to revise, correct, add to or clarify any of the responses to the Requests set forth herein.

7. Plaintiff objects to the Requests to the extent that they seek disclosure of information or documents already in Defendant's knowledge, possession and/or control and/or information, documents, or things that are publicly available.

8. Plaintiff objects to Instructions to the extent they are inconsistent with and/or impose obligations beyond those of the parties' Stipulated Order and Protocol Regarding Electronic Discovery and Format of Production of Documents ("ESI Protocol").

9. Plaintiff objects to Instructions because they impose obligations upon Plaintiff beyond what is required by the Federal Rules of Civil Procedure or Local Rules.

10. Plaintiff's responses or productions in response to any Request shall not be construed as an admission to any fact made, implied, or suggested in any Request. The fact that any Request herein has been answered should not be taken as an admission of the facts assumed by such Request.

**JEFF JARRET'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Please produce all documents identified in your response to Defendants' Interrogatories, above.

**RESPONSE:** Plaintiff incorporates by references its objections and responses to Defendants' Interrogatories. Subject to the foregoing specific objections and the General Objections above, Plaintiff will produce the responsive documents within his possession.

2. Please produce a copy of all documents provided to the US Copyright Office in support of your application for registration for any of the GFW Amped videos.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents.

3. Please produce a copy of any documents that relate to your application for registration with the US Copyright Office for the GFW Amped videos.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Subject to the General Objections and the foregoing objections, see response to Request No. 2 above.

4. Please provide a copy of any emails, regardless of from what email account it originates, between Jeff Jarrett and any employee of Anthem Wrestling or Anthem Sports, that evidence, support, contradict, or relate to the allegations in the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as not limited to a reasonable time period. Subject to the General Objections and foregoing objections, Plaintiff will produce certain emails for production.

5. Please provide a copy of any emails, regardless of from what email account it originates, between any other individual and any employee of Anthem Wrestling or Anthem Sports, that evidence, support, contradict, or relate to the allegations in the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to this Request as not limited in time. Subject to the General Objections and foregoing objections, Plaintiff will produce certain emails for production.

6. Please provide a copy of any emails, regardless of from what email account it originates, between Jeff Jarrett and any other individual or entity, that evidence, support, contradict, or relate to the allegations in the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Plaintiff objects to the Request as irrelevant to any party's claim or defense and no

5

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Further, Plaintiff objects to this Request because it is not limited to a reasonable time period.

7. Please provide a copy of all model or talent releases that you obtained for any individual appearing in GFW Amped videos.

**RESPONSE:** Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Plaintiff objects to this Request because it is not limited to a reasonable time period.

8. Please provide a copy of all documents that evidence, support, contradict, or relate to the allegations in Paragraph 34 of the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Plaintiff objects to this Request because it is not limited to a reasonable time period.

9. Please provide a copy of all documents that evidence, support, contradict, or relate to the allegations in Paragraph 35 of the Amended Complaint.

6

**RESPONSE:** Plaintiff objects to the Request as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Plaintiff objects to this Request because it is not limited to a reasonable time period.laintiff objects to this request on the bases of the attorney-client privilege and work-product doctrine.

10. Please provide a copy of all documents that evidence, support, or relate to the allegations in Paragraph 37 of the Amended Complaint.

**RESPONSE:** Plaintiff has no documents in his possession that support "on or about December 23, 2016, Anthem Sports formed Anthem Wrestling" as alleged in Dkt. 54. The allegation is based on a press release from Anthem Sports website.

11. Please provide a copy of all documents that evidence, support, or relate to the allegations in Paragraph 40-41 of the Amended Complaint, including previous drafts of the indicated press release.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Plaintiff objects to the Interrogatory as irrelevant to any party's claim or defense and no proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Further, Plaintiff objects to this Request because it is not limited to a reasonable time period.

7

12. Please provide any and all documents that would indicate that third parties were interested in publishing the Amped Content, including all documents that would indicate the value these third parties were willing to pay.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession.

13. Please provide a copy of all documents that relate to Mr. Jarrett's termination from Anthem Wrestling.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

14. Please provide a copy of all documents that relate to the parties' failure to complete the contemplated merger described in the Amended Complaint.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

15. Please provide a copy of all documents that evidence one or both Anthem Defendants' alleged marketing and/or promotion of the Amped Content.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

16. Please provide a copy of all documents that would support the allegations in Paragraphs 62-65 of the Amended Complaint.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Further, Plaintiff objects to this Request because it is not limited to a reasonable time period. Subject to the General Objections and the foregoing objections, see Exhibit 5 to Dkt. 54,

the parties' respective websites, and the AMPED packaging. Plaintiff will produce additional responsive documents in his possession to the extent such documents exist.

17. Please provide any and all documents that would indicate that third parties were interested in publishing the Amped Content, including all documents that would indicate the value these third parties were willing to pay.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

18. Please provide a copy of all documents that relate to Mr. Jarrett's termination from Anthem Wrestling.

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

19. Please provide a copy of all documents that would indicate that consumers have been confused or deceived by Defendants' alleged use of the marks GFW, GLOBAL WRESTLING NETWORK, the GLOBAL WRESTLING NETWORK logo, GWN, and the GWN logo (as these marks are described in the Amended Complaint).

**RESPONSE:** Plaintiff objects to the Request to the extent it calls for information subject to attorney-client privilege, work product doctrine, common defense privilege, or any other privilege. Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

20. Please provide a copy of all documents in your possession, custody or control that would evidence Defendants' alleged use of the marks GFW, GLOBAL WRESTLING NETWORK, the GLOBAL WRESTLING NETWORK logo, GWN, and the GWN logo (as these marks are described in the Amended Complaint).

**RESPONSE:** See Exhibit 5 to Dkt. 54, the parties' respective websites, and the AMPED packaging. Plaintiff will produce additional responsive documents in his possession to the extent such documents exist.

21. Please provide a copy of all documents in your possession, custody or control that would support your allegations that defendants have been unjustly enriched at the expense of Plaintiffs.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents.

22. Please provide all documents that would indicate that Jarrett has suffered an ascertainable loss of money and/or market share are a result of alleged unfair and deceptive trade practices committed by Defendants.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents.

23. Please provide any documents that would evidence any restrictions that Jeff Jarrett placed on the use of or retention of the Masters provided to Anthem Wrestling.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

24. Please provide any documents that would evidence any restrictions that Plaintiff Jarrett placed on Defendants' alleged use of the marks GFW, GLOBAL WRESTLING

NETWORK, the GLOBAL WRESTLING NETWORK logo, GWN, and the GWN logo (as these marks are described in the Amended Complaint).

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession.

25. Please provide any documents that would evidence any restrictions that Plaintiff Jarrett placed on Defendants' alleged use of the Amped Content.

**RESPONSE:** Subject to the foregoing General Objections, Plaintiff will produce responsive documents in his possession to the extent such documents exist.

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (BPR No. 022936)
Nicholas R. Valenti (BPR No. 035420)
A. Grace Van Dyke James (BPR No. 035667)
MILLER LEGAL PARTNERS PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219
Telephone/Fax: (615) 988.9011
Email: Smiller@millerlegalpartners.com
Nvalenti@millerlegalpartners.com
Gjames@millerlegalpartners.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2019, the foregoing document was served via email and USPS mail upon the following:

Paige W. Mills
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201

/s/ Samuel F. Miller