IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett, <br><br> Plaintiffs, <br><br> v. <br><br> Anthem Wrestling Exhibitions, LLC, <br><br> Defendant. | Case No. 3:18-cv-00749 |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE HEARSAY TESTIMONY AND DOCUMENTARY EVIDENCE OF CONSUMER CONFUSION

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below, for entry of an Order excluding certain deposition testimony of Plaintiff Jeffrey Jarrett (Jarrett Dep. 173: 6-174:22) (excerpt attached as Exhibit A) and social media and website records produced by Plaintiffs within their sixth production (which includes documents with bates numbers GFE-0000674 through GFE-001133)[1] in so far as they contain hearsay regarding consumer confusion. Pursuant to Local Rule 7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

### ARGUMENT

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is not admissible unless specifically allowed under a

---

[1] Plaintiffs' sixth document production is also subject to another Motion in Limine filed simultaneously by Anthem Wrestling.

federal statute, the Federal Rules of Evidence, or Supreme Court rules. Fed. R. Evid. 802. First, Jeffrey Jarrett's deposition testimony describing alleged incidents of consumer confusion is hearsay and should be excluded from trial. When asked if Jarrett was aware of any actual consumer confusion caused by Anthem Wrestling's allegedly improper use of the Global Force Wrestling or GFW marks, Jarrett stated:

> Yes. … From the time that we split through generally most of 2018, the wrestling fans continued to ask questions in general like are you a part of Impact? Did you leave Global Force and Impact? Does Impact own GFW? Does GFW own Impact? Just general confusion in the marketplace on where things stood.[2]

(Jarrett Dep., 173:19-24) Jarrett went on to testify that consumers conveyed this confusion to him "personally, at events, conventions, wrestling shows, wrestling events. And then on – through social media." (Jarrett Dep., 174:20-22) These statements, if offered as evidence of consumer confusion, would be offered to prove the truth of the matter asserted: that these consumers were actually confused by the alleged improper use of the Global Force Wrestling or GFW marks. These statements do not qualify for any non-hearsay categories, and should be excluded from evidence.

Second, all social media and website comments or posts by consumers allegedly stating that they are confused by the use of the marks at issue is hearsay and should be excluded. The vast majority of Plaintiffs' social media evidence was produced nearly six months after discovery closed and in Plaintiffs' sixth production. One example of such a social media document is GFE-0001017 (attached as Exhibit B). On page 2, a commenter identified as "Shawn Green NADR"

---

[2] Anthem does not concede that these one-off statements by unknown people actually constitute trademark confusion. Rather than confusion as to source, they simply could have been asking about (and probably were) the status of the parties' plan to merge that had been widely publicized in the wrestling industry. This provides an additional basis on which to exclude the evidence: it is more prejudicial than probative given the strong possibility that it could be misconstrued by the jury. *See Fed. R. Evid.* 403.

2

posted, "No need for GFW Flashbacks. It's only confusing people as people get used to calling their beloved TNA/Impact now GFW. Use the Hashtag at the beginning or Name the video GFW History[.]" On page 4 of the same document, a commenter identified as "d77543020" posted, "honestly why even bother uploading this outdated video its confusing your fans half these people aren't even on the roster anymore[.]" These comments, and other like them, are clearly hearsay if they are relied upon to prove the truth of the matter asserted: that consumers and fans were actually confused. There are no hearsay exceptions that apply to these social media and website comments.

Additionally, both Jarrett's testimony and the documentary evidence of consumer confusion are inherently untrustworthy and prejudicial to Anthem Wrestling. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice[.]" Fed. R. Evid. 403. First, Plaintiff Jarrett has every motivation to claim that consumers were confused. However, Mr. Jarrett failed to provide any specifics about these alleged encounters with fans or provide the names of any alleged confused consumers, so Anthem Wrestling was unable to identify or question these alleged consumers. Furthermore, Plaintiffs failed to conduct a survey to properly identify whether consumers are likely to be confused. Plaintiffs cannot now rely on some vague comments that were allegedly said to Mr. Jarrett at some event at some time without allowing Anthem Wrestling the opportunity to question these consumers. Similarly, the social media and website comments are untrustworthy and prejudicial to Anthem Wrestling because it cannot question these unidentified commenters. In most instances, the commenters used false names and wrote brief statements regarding confusion that could have been confusion about things other than trademark, i.e. the status of the parties' well-publicized merger. Without being able to question these commenters, Anthem Wrestling cannot properly determine what the commenters meant or properly prepare a defense to such statements. Moreover, Anthem was deprived of the

3

ability to have an expert address these incidents because they were produced long after discovery closed.

## CONCLUSION

Anthem Wrestling humbly requests that the Court enter an Order excluding certain deposition testimony of Plaintiff Jeffrey Jarrett (Jarrett Dep. 173: 6-174:22) and social media and website records produced by Plaintiffs within their sixth production (which includes documents with bates numbers GFE-0000674 through GFE-001133) because such evidence is hearsay, inherently untrustworthy, and prejudicial to Anthem Wrestling.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*
Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219



                /s/ Paige W. Mills