## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

———————————————————————————

Global Force Entertainment, Inc. and Jeffrey
Jarrett,

        Plaintiffs,

v.

Anthem Wrestling Exhibitions, LLC,

        Defendant.

———————————————————————————

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:18-cv-00749

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SPREADSHEETS NOT CREATED IN THE NORMAL COURSE OF BUSINESS

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below*,* for entry of an Order excluding the document identified as Deposition Exhibit 10 and all drafts and copies thereof, including documents identified by the following bates numbers: ANTH-0000044_0001, ANTH-0000045_0001, ANTH-0000077_0001, ANTH-0000079_0001, ANTH-0000085_0001, ANTH-0005899-0001, ANTH-0007103-0001, ANTH-0008702-0001, ANTH-0008748-0001, ANTH-0011563-0001, ANTH-0012022_0001, ANTH-0012233_0001, ANTH-0012255_0001, and ANTH-0012257_0001. These documents are all copies and/or drafts of a spreadsheet created by Edward Nordholm, who testified the spreadsheet was not kept in the ordinary course of Anthem Wrestling's business and, because the data in the spreadsheet was likely provided by Plaintiff Jeffrey Jarrett without documentary evidence to support the dataash, the spreadsheets are inherently untrustworthy. Therefore, the spreadsheets are hearsay and the Court should exclude them from the evidence at trial. Pursuant to Local Rule

7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

## **ARGUMENT**

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is not admissible unless specifically allowed under a federal statute, the Federal Rules of Evidence, or Supreme Court rules. Fed. R. Evid. 802. The relevant portion of the spreadsheet at issue was created by Edward Nordholm in 2017 during the negotiations of the failed merger of Anthem Wrestling and Plaintiff Global Force Entertainment, Inc. ("GFE"). During depositions, Plaintiffs focused on the entry in this spreadsheet that includes projected values of the video content at issue in this case ("the Amped Content"). Plaintiffs clearly intend to rely on this evidence for the truth of the matter asserted: that this spreadsheet truthfully states the value of the Amped Content.

However, as Mr. Nordholm made clear in his deposition, this document does not fall within the non-hearsay category of a business record because this document was not created or kept in the ordinary course of Anthem Wrestling's business. Rule 803(6) of the Federal Rules of Evidence exempts records of a regularly conducted activity from hearsay. A document falls within this exception if:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) *the record was kept in the course of a regularly conducted activity of a business*, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) *all these conditions are shown by the testimony of the custodian or another qualified witness,* or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) *the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.*

2

Fed. R. Evid. 803(6). This spreadsheet cannot meet the requirements of this exception. Plaintiffs'
attorney specifically asked Mr. Nordholm, "[I]s this a spreadsheet that was kept in the normal
course of business by Anthem Wrestling?" Mr. Nordholm answered, "No. … I don't think Anthem
cared at all about this information. This is a spreadsheet that I prepared for my own analysis for
discussing the terms of a deal with Jeff Jarrett." (Nordholm Dep., Nov. 13, 2019, 131:22-132:8)
(excerpt attached as Exhibit A). Plaintiffs clearly cannot meet the second element of Rule 803(6)
and do not have a custodian or qualified witness who has testified that the spreadsheet meets the
conditions of that exception or any qualifying certification stating so.

Additionally, the source of the information within the spreadsheet is inherently
untrustworthy. Mr. Nordholm testified that the source of this information was likely Mr. Jarrett.
When asked where he got the data on the cost of the Amped Content Mr. Nordholm stated
"Probably from Jeff. … I think it was just a number as sort of Jeff's indication as to how much
money he had invested in getting the content." (Nordholm Dep., Nov. 13, 2019, 133:4-11) The
fact that this data came from Plaintiff, who was negiating to receive the highest amount of money
or equity that he could, inherently makes the data lack trustworthiness. Additionally, Mr.
Nordholm went on to testify that there were many versions of this spreadsheet that listed different
values for the Amped Content and GFE's projections. (Nordholm Dep., Nov. 13, 2019, 133:4-24)
Mr. Nordholm stated the various versions were created because Mr. Nordholm used these
spreadsheets to "reverse engineer" the numbers in order to allocate potential values to what
Anthem would be receiving from the transaction and to provide Mr. Jarrett with the equity he was
requesting. (Nordholm Dep., Nov. 13, 2019, 133:15-134:5) Also, Mr. Nordholm testified that he
preferred allocating more of GFE's value to GFE's library, including the Amped Content, than to
GFE's general goodwill due to tax implications. (Nordholm Dep., Nov. 13, 2019, 134:6-24) The

3

testimony proves that these numbers lacked consistency or any reliable evidence to support the data.

## <u>CONCLUSION</u>

Anthem Wrestling humbly requests that the Court enter an Order excluding the document identified as Deposition Exhibit 10 and all drafts and copies thereof because the data within the spreadsheet constitutes hearsay and is inherently untrustworthy.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*
Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219

*/s/ Paige W. Mills*

5