IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 3:18-cv-00749 |
| Anthem Wrestling Exhibitions, LLC, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF ANTHEM SPORTS & ENTERTAINMENT CORP.'S
CORPORATE STRUCTURE AND FINANCIAL CONDITION**

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below, for entry of an Order excluding all evidence and discussion of non-party Anthem Sports & Entertainment Corp.'s ("Anthem Sports") corporate structure and financial condition. Any such evidence of non-party Anthem Sports is irrelevant, prejudicial, and a waste of time. Pursuant to Local Rule 7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

**ARGUMENT**

As other district courts have held, evidence of a non-party parent company's financial condition is not relevant and should not be admitted where there is no evidence of fraud or that the defendant is an alter ego of its parent. *Mathias v. Accor Economy Lodging, Inc.*, 2002 WL 1611582, at *1 (N.D. Ill. July 22, 2002) (granting motion in limine to exclude as irrelevant

Case 3:18-cv-00749   Document 158   Filed 06/05/20   Page 1 of 4 PageID #: 2320

evidence of net worth of "defendants' parent company and non-party to this suit"); *Spellbound Dev. Grp. Inc. v. Pacific Handy Cutter Inc.*, 2012 WL 8748801, at *3 (C.D. Cal. Feb. 24, 2012) (granting defendants' motion in limine to exclude as irrelevant evidence about parent company's "assets or size"); *Greenwell v. Raytheon Aerospace Co.*, 1996 WL 476605, at *1 (E.D. La. Aug. 22, 1996) (granting defendant's motion in limine to exclude as irrelevant evidence about parent company's "net worth").

Anthem Sports was a defendant to this action but was dismissed with prejudice for lack of personal jurisdiction. (Order Granting Mot. to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 80) This Court, in analyzing the jurisdictional issues, has already considered and rejected Plaintiffs' argument that Anthem Sports and Anthem Wrestling were alter egos (Mem. Opinion, Dkt. No. 79, p. 9-12) and there has been no evidence of fraud in this matter. Therefore, any evidence of Anthem Sports' corporate structure or financial condition is completely irrelevant to the action at hand. It has no impact on or relevance to any of Plaintiffs' substantive claims. Additionally, such evidence of Anthem Sports' financials or assets would be extremely prejudicial to Anthem Wrestling. While Anthem Sports is Anthem Wrestling's parent entity, the two are completely separate business entities that do not share assets. Any evidence of Anthem Sports' financials could prejudice the jury against Anthem Wrestling by leading them to believe that Anthem Wrestling has assets that it does not have and would not be able to use to pay any potential award to Plaintiffs. Finally, any such evidence would confuse a jury and waste time. The details of the relationship between Anthem Wrestling and its non-party parent and the parent's financial condition are neither relevant nor helpful to the jury's analysis of the substantive issues. Complicated financial and structural evidence will serve only to confuse the jury unnecessarily and waste time during trial.

## CONCLUSION

Anthem Wrestling humbly requests that the Court enter an Order excluding all evidence of Anthem Sports' financial condition and corporate structure because such evidence is irrelevant and prejudicial to Anthem Sports.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*
Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219



                                            */s/ Paige W. Mills*