IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett,<br><br>       Plaintiffs,<br><br>v.<br><br>Anthem Wrestling Exhibitions, LLC,<br><br>       Defendant. | Case No. 3:18-cv-00749 |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY OF AN ORAL AGREEMENT BY PLAINTIFFS THAT IS INCONSISTENT WITH THEIR DISCOVERY RESPONSES

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below, for entry of an Order excluding all testimonial evidence regarding alleged agreements that are inconsistent with Plaintiffs' written discovery responses. In response to interrogatories propounded on both Plaintiffs requesting the identification of all agreements between Plaintiffs and Anthem Wrestling and its parent company, Plaintiffs only identified the written agreements attached as Exhibits 1 and 2 to Plaintiffs' Amended Complaint. These responses were never supplemented or amended. For the first time during summary judgment briefing, Plaintiffs admit that Anthem Wrestling had an implied license to use the Amped Content at issue but states that the license was contingent upon the merger closing. This alleged agreement making the use of the Amped Materials contingent on a successful merger is not in either of the written agreements identified in Plaintiffs' discovery responses. Pursuant to the Federal Rules of

Civil Procedure, Plaintiffs should not be allowed to present or rely on new testimonial evidence regarding this alleged agreement because of their failure to identify this evidence during discovery or through supplementary discovery responses. Plaintiffs' failure is not justified or harmless, and Anthem Wrestling will be greatly disadvantaged if Plaintiffs are allowed to present this new testimonial evidence for the first time at trial. Pursuant to Local Rule 7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

## ARGUMENT

Federal Rule of Civil Procedure 26(e) requires that a party who has responded to an interrogatory to supplement or correct its disclosure or response in a timely manner once the party learns that the disclosure is incomplete or incorrect. Pursuant to Middle District of Tennessee Local Rule 39.01(d), parties are permitted to supplement discovery responses no later than thirty days before trial. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). This Court has recited the standard for determining if an untimely disclosure is justified or harmless:

> "The phrase 'substantially justified' is generally interpreted to mean justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Brooks v. Kerry*, 37 F. Supp. 2d 187, 203 (D.D.C. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted)). Citing the advisory committee note to Rule 37(c), the Sixth Circuit has explained that a failure to supplement is "harmless" where that failure "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (quoting *Vance v. United States*, 182 F.3d 920 (Table), 1999 WL 455435, at *5 (6th Cir. June 25, 1999) (internal quotation marks omitted)). *See also* Fed. R. Civ. P. 37(c)(1) advisory committee's note (1993) (giving as an example of a harmless violation the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties"). The party accused of failing to comply with Rule 26 has the burden of proving that its failure to disclose or supplement was substantially justified or harmless. *Johnson*, 325 F.3d at 782 (collecting cases)[.]

2

*Hobson v. Mattis*, No. 3:14-CV-01540, 2017 WL 11475404, at *3 (M.D. Tenn. Sept. 11, 2017).

In February of 2019, Anthem Wrestling propounded its first set of interrogatories on both Plaintiffs. In response to Anthem Wrestling's interrogatory to both Plaintiffs requesting that they identify "all agreements, whether written or oral" between either Plaintiff and Anthem Wrestling or its parent company, GFE identified Exhibit 1 to the Amended Complaint (the "Mutual Nondisclosure Agreement" between GFE and Anthem Wrestling's parent company) and Jarrett identified Exhibit 2 to the Amended Complaint (the "Term Sheet" between Anthem Wrestling and Jarrett). (Pl. Jarrett's Responses to Def.'s First Set of Written Discovery to Jeff Jarrett, Response to Request for Production No. 2) (attached as Exhibit A); (Pl. Global Force Entertainment's Responses to Def.'s First Set of Written Discovery to Global Force Entertainment, Response to Request for Production No. 1) (attached as Exhibit B) Plaintiffs did not supplement or modify this response at any time. During summary judgment briefing, Plaintiffs began arguing, for the first time, that there was some alleged agreement amongst the parties that made Anthem Wrestling's use and airing of the Amped Content contingent upon a successful merger between Anthem Wrestling and GFE. (Pls.' Resp. to Def.'s Statement of Undisputed Material Facts in Supp. of its Mot. for Summary Judgment, Response No. 62) While Plaintiffs relied on a portion of Mr. Jarrett's testimony to support that argument, Mr. Jarrett again only identified the Term Sheet and indicated that it included an agreement that "the Amped content was part of the merger." (Jarrett Dep., 135:18-136:5) The Term Sheet does not state that the use of the Amped Content is contingent on a successful merger of Anthem Wrestling and GFE. Mr. Jarrett did not identify any other document or agreement that contained this alleged agreement during his deposition.

Because Plaintiffs failed to identify this alleged agreement in their discovery responses, they should not now be allowed to put on new evidence of this alleged agreement at trial. Plaintiffs'

3

failure to supplement their discovery responses regarding this alleged agreement is not substantially justified or harmless. Any evidence of this alleged agreement would have been available to Plaintiffs before this lawsuit was even filed, so there is no excuse for it not being provided to Anthem Wrestling during the discovery period. Furthermore, this delayed theory brought up by Plaintiffs so late in this litigation is extremely harmful to Anthem Wrestling. If Plaintiffs had disclosed this alleged agreement in its interrogatory responses, Anthem Wrestling could have potentially issued additional discovery requests or asked different questions during depositions. Instead, Plaintiffs have changed their theory of the case at the eleventh hour and failed to provide Anthem Wrestling with any notice or concrete evidence of this alleged agreement. If Plaintiffs can rely upon new evidence of this alleged agreement, Anthem Wrestling will be forced to combat evidence that is being provided for the first time at trial when it was denied the opportunity to obtain more information through discovery. Plaintiffs should not be allowed to thwart the Federal Rules of Civil Procedure or the rules of this Court to the detriment of Anthem Wrestling's ability to create a defense.

## CONCLUSION

Anthem Wrestling humbly requests that the Court enter an Order excluding all testimonial evidence regarding alleged oral agreements that are inconsistent with Plaintiffs' written discovery responses because, under the Federal Rules of Civil Procedure, Plaintiffs are barred from relying on evidence at trial that was not disclosed during discovery or with supplementary discovery responses.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*

                                            Paige W. Mills, TN Bar No. 16218  
                                          Ashleigh D. Karnell, TN Bar No. 36074  
                                          150 Third Avenue South, Suite 2800  
                                          Nashville, TN 37201  
                                          Phone: (615) 742-6200  
                                          Email: pmills@bassberry.com  
                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

   I hereby certify that on June 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219



*/s/ Paige W. Mills*