IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT ) ) ) ) Plaintiffs/Counter-Defendants, ) ) v. ) ) ANTHEM WRESTLING EXHIBITIONS, LLC, ) ) ) Defendant/Counter-Plaintiff. ) | CIVIL ACTION NO. 3:18-cv-00749 CHIEF JUDGE CRENSHAW MAGISTRATE BARBARA D. HOLMES JURY DEMAND |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' SIXTH DOCUMENT PRODUCTION (Dkt. 155)**

In opposition to Defendant's Motion In Limine To Exclude Plaintiffs' Sixth Document Production (Dkt. 155), Plaintiffs state as follows:

**I.     INTRODUCTION**

Defendant complains Plaintiffs produced 459 pages of supplemental production as *required* by Rule 26 of the Federal Rules of Civil Procedure and Local Rule 39.01(d). What Defendant neglects to tell the Court is that the entire production comprises just 45 documents that are largely publicly available website screen captures that Defendant's objections made necessary.

Forty (40) of the forty-five (45) documents are publicly available screen captures of websites on Plaintiffs' exhibit list which may be shown at trial live from the internet. The screen captures are from Defendant's own websites or social media pages (and thus they were readily known by Defendant) or other publicly available pages. On example of such screen capture is a press release dated May 20, 2020, that notices Defendant is increasing the number of IMPACT-

1

Case 3:18-cv-00749   Document 165   Filed 06/12/20   Page 1 of 8 PageID #: 2397

related television shows on AXS TV. This is directly relevant to Defendant's claim that it is losing money, a factor that may be considered by the jury in awarding punitive damages and is potentially relevant for a determination of exemplary damages and attorneys' fee awards.

Three (3) of remaining five (5) documents are comprised of an email dated May 23, 2017 and related attachment sent by Ed Nordholm (whom the Court may recall is Defendant's president and submitted the *many* declarations in this case). The email and attachment pertain to Defendant's finances, projections, and production costs (a significant point of contention in this case). It also provides a May 2017 projection of over $1 million for four One Night Only pay-per-view events (for which GFE's Original Masters were used). The May 2017 projection constitutes two documents because it was produced in both the native Excel format and PDF format. Because the email and attachment are from Mr. Nordholm, it begs the question how Defendant could be prejudiced by a document it sent, and significantly, why Defendant itself did not produce this directly relevant email and attachment. At best, Defendant had an obligation to supplement its production Nordholm's email and attachment under Rule 26 and LR 39.01(d), and failed to do so. This falls within the old adage that goes something along the lines of "he who has not behaved equitably is not entitled to the benefit of equity."

The remaining two (2) documents relate to third-party videos containing, in part, Mr. Jarrett's WWE WrestleMania and other wrestling performances. The documents show Mr. Jarrett's recent purchases of the videos after the close of discovery because he did not previously have possession or control of copies of those videos at the time discovery closed. Mr. Jarrett was forced to purchase the videos to supplement Plaintiffs' production. Defendant was fully aware of the videos from at least Mr. Jarrett's deposition testimony (e.g. he disclosed his WrestleMania and overall wrestling experience during the deposition – Exhibit 1, Jarrett Dep. 223:3-224:16, Nov.

19, 2019, attached hereto) as well and by Defendant generally if it has any knowledge of professional wrestling whatsoever.

Overall, Defendant's complaining is particularly odd because it objected to producing the very type of screen captures when Plaintiffs requested them: "Defendant's [sic] object to this request because Plaintiffs can copy these websites as easily as Defendants because this information is publically [sic] available."

Defendant's Motion should be denied in its entirety.

**II.     LAW AND ARGUMENT**

Defendant moves this Court for an Order "excluding all of the documents produced in Plaintiffs' sixth document production, which includes documents with bates numbers GFE-0000674 through GFE-001133." The documents contained in Plaintiffs' Sixth Production include:

- receipts for the purchase of items evidencing the use of the Jeff Jarrett Mark by GFE and the WWE made on May 28, 2020;
- public website screenshots evidencing the use of the Jeff Jarrett Mark by GFE and WWE;
- public website screenshots evidencing the marketing of the Amped Content by Defendant;
- public website screenshots evidencing Defendant's use of GFE's Marks after the initiation of this action;
- public website screenshots evidencing actual confusion regarding Defendant's use of GFE's Marks;
- public website screenshot announcing AXS TV series, which is a new relationship through which Defendant is distributing more wrestling content;
- TNA Financial Model Spreadsheet that was available to Defendant (and should have already been produced by Defendant); and
- May 23, 2017 email *from* Ed Nordholm (Defendant's president) that was available to Defendant (in other words, Defendant is claiming that it is prejudiced by an email Defendant sent).[1]

---

[1] Plaintiffs are willing to produce all 45 documents for the Court to verify Plaintiffs' counsel's representations in this Opposition. Plaintiffs have not filed all 45 documents out of respect for the already large number of filings in this case. If the Court would like to review the documents before granting or denying the Motion, Plaintiff remains ready, able, and willing to produce the documents.

### A. Publicly Available Documents To Not Have To Be Produced

Defendant allegedly relies on *Hobson v. Mattis* to incorrectly argue Plaintiffs' supplemental production should be excluded. However, *Hobson* is actually contrary to its argument. In *Hobson*, four of the documents the plaintiff sought to exclude were public records readily accessible online. *Hobson v. Mattis,* No. 3:14-CV-01540, 2017 WL 11475404, at *7 (M.D. Tenn. Sept. 11, 2017, Trauger, J.). The Court noted that several courts within the Sixth Circuit "have recognized that there is no discovery obligation to produce documents in the public record that are equally available to both parties." *Id*. (string cite omitted). The Court further stated that "to the extent that parties are required to disclose public records in discovery, courts have found that the failure to do so has a minimal impact on the opposing party." *Id*. (citing *Ford v. Hamilton Cnty. Juvenile Court*, No. 1:05–CV–557, 2007 WL 2302816, at *8 n.6 (S.D. Ohio Aug. 8, 2007) (finding that a failure to disclose was harmless when the party did nothing more than rely on public records that were available on the internet)). In *Hobson*, the Court did not exclude the documents as Defendant requests here; instead, the Court ultimately denied the plaintiff's motion to exclude the documents.

Defendant complains the 45 documents in the supplemental production are late produced and prejudicial. As explained *supra*, Defendant neglects to note that 40 of the 45 documents are screenshots of publicly available websites; 3 of the 45 are an email sent by Defendant's president and the related email attachment (produced in native Excel and PDF). The remaining 2 documents are evidence of Mr. Jarrett's purchase of videos showing his wrestling made after the close of discovery but of content Defendant knew and/or should have known existed.

Admittedly, the screen captures are not formally a "public record." Yet, they are similar to the documents *Hobson* and follow the same logic in that they are public documents that are equally

available to both parties online and locatable via internet search engines. In fact, Defendant itself objected to one of Plaintiffs' discovery requests regarding its *own* website stating "Defendant's [sic] object to this request because Plaintiffs can copy these websites as easily as Defendants because this information is publically [sic] available."

**REQUEST NO. 17:** Produce a copy of "Anthems' website and the website of its affiliates and their marketing materials for same" referenced in Defendants' Initial Disclosures.

**RESPONSE:**

Defendant's object to this request because Plaintiffs can copy these websites as easily as Defendants because this information is publically available.

What is good for the goose is good for the gander. Defendant cannot rely on documents being "publicly available" as an objection to production and then complain Plaintiffs have not produced publicly available documents. *Cf. Isbell v. DM Records, Inc.*, No. 4:07-CV-146, 2012 WL 369246, at *2 (E.D. Tex. Feb. 3, 2012) ("[Defendant] may not refuse to produce certain documents, arguing that they are 'equally accessible to the Plaintiff using internet services,' then later object to [Plaintiff's] procuring such documents 'using internet services.'")

Defendant may attempt to rely *Abrahamsen v. Trans–State Exp., Inc.*, 92 F.3d 425, 428 (6th Cir. 1996) which held that "[t]he rules of discovery . . . do not permit parties to withhold material simply because the opponent could discover it on his or her own." Contrary to the issue here, that general statement in *Abrahamsen* was made in the context of counsel's failure to disclose a statement made to a witness because the witness's name was available in a police report. *See id*. *Abrahamsen* is not analogous to the facts here and does not refute more the applicable and specific caselaw.

The principle that publicly available documents need not be produced "is consistent with the federal rule governing the production of documents and things, Fed. R. Civ. P. 34, which

5

permits a party to request from another party, limited to those documents and things 'which are in the possession, custody, or control of the party upon whom the request is served.'" *Krause v. Buffalo & Erie Cty. Workforce Dev. Consortium, Inc.*, 425 F. Supp. 2d 352, 375 (W.D.N.Y. 2006) (citing Fed. R. Civ. P. 34(a)(1)). The screen captures have been produced as a courtesy to Defendant and in line with Local Rule 39.01(d) at least 30 days before trial. Plaintiffs intend to present the websites from which the placeholder screenshots were taken at trial. Notably, Defendant has not made any claim whatsoever that it would have been be burdensome, financially or otherwise, to obtain these documents from the internet, just as Plaintiffs did.

Because Plaintiffs had no duty to produce publicly available documents that were not in their possession, custody, or control, coupled with Defendant's reliance on the same position for their production, the timing of Plaintiffs' Sixth Production is both "substantially justified" and "harmless." Defendant's Motion must be denied.

**B. Documents Evidencing Consumer Confusion Do Not Unfairly Prejudice Defendant.**

As discussed above, the documents included in the Sixth Production evidencing consumer confusion were equally available to Defendant. At no point, whatsoever, did Plaintiffs state that there was no evidence of likelihood of confusion to support its Lanham Act and state law claims.

During Mr. Jarrett's November 2019 deposition, Anthem inquired about consumer confusion. He stated, "From the time that we split through generally most of 2018, the wrestling fans continued to ask questions in general like are you a part of Impact? Did you leave Global Force and Impact? Does Impact own GFW? Does GFW own Impact? Just general confusion in the marketplace on where things stood." (Exhibit 1, Jarrett Dep. 173:13-24, Nov. 19, 2019). Mr. Jarrett further stated that the confusion was conveyed to him personally as well as "at events, conventions, wrestling shows, wrestling events. And then on -- through social media." (Exhibit 1,

6

Case 3:18-cv-00749 Document 165 Filed 06/12/20 Page 6 of 8 PageID #: 2402

Jarrett Dep. 174:13-22, Nov. 19, 2019). Based on Mr. Jarrett's testimony, Defendant's had notice of the existence of consumer confusion and its failure to search for its evidence and failure to retain an expert to testify falls squarely on their own shoulders. The jury can make its own determinations regarding the evidence of consumer confusion before it.

### C. TNA Financial Model Spreadsheet And Email Were Available To Defendant.

Included in the Sixth Production is an email and attached spreadsheet titled "TNA Financial Model." (Exhibit 2, GFE-0000824-844, 997-998). Upon information and belief, this document was prepared by Defendant as part of the acquisition of National Wrestling Alliance's Total Nonstop Action ("NWA-TNA") and subsequently emailed to Mr. Jarrett by Ed Nordholm on May 23, 2017. Thus, these documents were already available to and in the possession of Defendant. Plaintiffs did not recall seeing these specific documents in Defendant's 12,500-plus pages of production and, therefore provided the email and spreadsheet out of an abundance of caution. Because Defendant did produce or should have produced these documents itself, any delay in production is both "substantially justified" and "harmless."

### D. The Size Of Production Is Not Unfairly Prejudicial Or Burdensome

Defendant complains that it is prejudiced by the size of Plaintiffs' Sixth Production. While the production was 459 pages, it is only a total of 45 separate documents. Moreover, many of the pages do not include relevant information (containing ads and other inconsequential material) as the website screenshots were produced in their entirety. The amount of time to review the documents is minimal. Additionally, although both parties are actively preparing for trial at this time, Plaintiff notes that it has taken on the majority of the drafting of the documents due to the Court on June 12. As such, the size of the production is not unfairly prejudicial or burdensome to Defendant.

### III. CONCLUSION

Plaintiffs respectfully request the Court deny Defendant's Motion In Limine To Exclude Plaintiffs' Sixth Document Production.

Dated: June 12, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Samuel F. Miller*
　　　　　　　　　　　　　　　　　　　　Samuel F. Miller, TN Bar No. 22936
　　　　　　　　　　　　　　　　　　　　Sara R. Ellis, TN Bar No. 30760
　　　　　　　　　　　　　　　　　　　　Hayley H. Baker, TN Bar No. 037439
　　　　　　　　　　　　　　　　　　　　MILLER LEGAL PARTNERS PLLC
　　　　　　　　　　　　　　　　　　　　Fifth Third Center–Suite 2000
　　　　　　　　　　　　　　　　　　　　424 Church Street
　　　　　　　　　　　　　　　　　　　　Nashville, Tennessee 37129
　　　　　　　　　　　　　　　　　　　　Tel/Fax: (615) 988-9590
　　　　　　　　　　　　　　　　　　　　Email: smiller@millerlegalpartners.com
　　　　　　　　　　　　　　　　　　　　　　　　sellis@millerlegalpartners.com
　　　　　　　　　　　　　　　　　　　　　　　　hbaker@millerlegalpartners.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2020, the foregoing document was filed via ECF:

Paige W. Mills
Ashleigh D. Karnell
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200

　　　　　　　　　　　　　　　　　　　　/s/ *Samuel F. Miller*
　　　　　　　　　　　　　　　　　　　　Samuel F. Miller