# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. and JEFFREY JARRETT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:18-cv-00749 ) |
| ANTHEM WRESTLING EXHIBITIONS, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER

In accordance with the discussions at the final pretrial conference on June 19, 2020, the Court confirms the following:

(1) The Court will call 28 prospective jurors for the trial who are qualified and willing to serve. Nine jurors will be seated. The Court will cover any issues related to COVID-19. Should the parties have additional, non-COVID-19, questions that they prefer the Court to ask the jury, those questions shall be submitted by or before 12:00 noon on June 24, 2020.

(2) Voir dire questioning will be limited to 30 minutes per side, as will opening statements. During this questioning and all arguments, counsel are limited to discussing the issues in the case and shall not try to curry favor with the jury by speaking about personal matters, such as a favorite sports team or the accomplishments of a child.

(3) Trial will begin on Monday, June 29, 2020 and continue through Thursday, July 2, 2020. If necessary, the trial will then resume on Monday, July 6, 2020, and conclude on Tuesday, July 7, 2020.

(4) Each trial day will begin at 9:00 a.m., and conclude around 4:30 to 5:30 p.m. If the jury

prefers, the start time and end time may be changed. There will be mid-morning, lunch, and mid-afternoon breaks of about ½ hour each.

(5) A corporate representative for each party will be present all day, each day that the trial is in session.

(6) The following shall pertain to exhibits:

    (a) Exhibits will be shown to the witnesses and jurors electronically from counsel's laptop.

    (b) Exhibits will be numbered sequentially.

    (c) Duplicate exhibits shall be eliminated.

    (e) Impeachment exhibits shall be loaded on a flash drive, and hard copies shall be provided to opposing counsel and the Court at the appropriate time.

    (f) Documents used to refresh a witness's memory shall be placed in a plastic sleeve and given to the Court Security Officer, who will deliver it to a witness.

    (g) Physical evidence shall be placed on the table adjacent to the witness stand before trial.

    (h) The parties shall provide the Court with three hard copies of the exhibits placed in a binder with tabs and a table of contents.

    (I) The parties may select a discrete number of exhibits (no more than 10 collectively) that they want to present to the jury in a hard-copy format. Those exhibits must be placed in one binder for each juror,

for a total of 9 binders. It will be counsels' obligation to insure that the binders contain only exhibits that have been admitted into evidence.

(7) In addition to any questions the parties want the Court to ask the jury during voir dire, the following shall be accomplished on or before 12:00 noon on June 24, 2020:

(a) An agreed statement of the case shall be filed, consisting of no more than 2 pages.

(B) The parties shall submit an agreed set of instructions on the elements and legal issues/definitions surrounding each claim. If the parties cannot reach an agreement, they shall report to the courtroom at 9:00 a.m. on June 24, 2020, whereupon accommodations will be made for them to discuss the disputed instructions in person until an agreement has been reached.

(c) Counsel shall meet in person in an effort to stipulate as many facts as possible, and reach agreement on the authenticity and admissibility of exhibits to the greatest extent possible.

(d) Demonstrative exhibits, or exhibits to be used during opening shall be shown to opposing counsel.

(8) Bench conferences will not be held unless absolutely necessary. Any possible issues that may come up during a witness's testimony shall be anticipated to the greatest extent possible and brought to the Court's attention, so that they may be discussed before trial, during the lunch break, or at the end of the trial day.

(9) Designations of deposition excerpts shall be filed by the close of business on June 22, 2020. Each party shall use a different color to identify the testimony they want to use at trial. The disputed designations shall be of a third color. For each dispute, the parties shall provide a short reason or reasons as to why that testimony should or should not be introduced at trial.

(10) Each witness will be called only once and shall testify as to all relevant matters. Where a defense witness is called as a part of plaintiff's case-in-chief, defendants can ask preliminary background questions to identify that witness and place his or her testimony in context.

(11) On or before noon on Friday, June 26, 2020, the parties shall file trial briefs of no more than 20 pages in length. In their brief, the Plaintiff shall identify the theory underlying each claim, and the anticipated proof to support that claim. Plaintiffs shall also brief the issue of damages for each claim, identifying the elements thereof, and whether, for a particular claim, the amount (if any) is for the Court or jury to decide. The parties shall also brief the issue as to whether wrestling is a "sport" or "entertainment."

(12) The trial will be bifurcated as between liability and compensatory damages, and punitive damages, although the jury will determine in the first phase whether an award of punitive damages is warranted.

(13) Vulgar language will not be used during trial, and the witnesses will be so instructed by counsel. If it becomes necessary for a curse word to be used, the witness shall spell it for the jury, and thereafter refer to the word by its first initial.

(15) Plaintiffs' First Motion in Limine (Doc. No. 145) to preclude Defendant from offering testimony or evidence related to Jeff Jarrett's conduct while intoxicated resulting from his alcoholism is **DENIED**. Of course, any questioning on this issue must be relevant and temporally

4

Case 3:18-cv-00749 Document 198 Filed 06/19/20 Page 4 of 6 PageID #: 3370

related to the issues in dispute.

(16) Plaintiffs' Second Motion in Limine (Doc. No. 147) to (a) exclude references to Global Force Entertainment's master recordings as "raw," "raw footage," "unedited," or "unfinished"; (b) exclude all references to the One Night Only shows as "broadcast ready" or "fully edited"; (3) require that Global Force Entertainment, Inc.'s original master recordings be referred to as such or as "Global Masters" and (4) require that the One Night Only shows titled GFW Amped Anthology be referred to by that description or by the phrase "Amped Anthology" is **DENIED.**

(17) Defendant's Motion in Limine to Exclude the Expert Report of Glenn Purdue (Doc. No. 149) is **TAKEN UNDER ADVISEMENT** pending a Daubert hearing to be held at 9:00 a.m. on June 25, 2020.

(18) Defendant's Motion in Limine to Exclude Plaintiffs' Sixth Document Production (Doc. No. 155) is **GRANTED IN PART, DENIED IN PART**, and **RESERVED IN PART.** The Motion is **DENIED** as to publicly available information on the Web, and videos purchased by Jeffrey Jarrett. The motion is **GRANTED** as to any documents evidencing actual confusion relative to Defendant's use of Global Force's mark. The Motion is **RESERVED** as to the email and attachments from Edward Nordholm.

(19) Defendant's Motion in Limine to Exclude Hearsay Testimony and Documentary Evidence of Consumer Confusion (Doc. No. 156) is **GRANTED IN PART** and **RESERVED IN PART**. The Motion is **GRANTED** as to social media evidence of confusion that was produced after discovery closed. The Motion is **RESERVED** as to Jeffrey Jarrett's testimony, specifically whether his testimony is based upon personal knowledge and not hearsay.

(20) Defendant's Motion in Limine to Exclude Spreadsheets Not Created in the Normal

Course of Business (Doc. No. 157) is **RESERVED**. Prior to the introduction of such evidence, Plaintiffs must first establish through Leonard Asper or another witness that the spreadsheets were truly business records, with the understanding that the Court is not persuaded that Anthem is in the business of mergers and acquisitions.

(21) Defendant's Motion in Limine to Exclude Evidence of Anthem's Corporate Structure and Financial Situation (Doc. No. 158) is **RESERVED** and will be taken up at the <u>Daubert</u> hearing on June 25, 2020.

(22) Defendant's Motion in Limine to Exclude Any Testimony or Oral Agreement Inconsistent with Discovery Responses (Doc. No. 159) is **DENIED**.

(23) Plaintiffs claims for false designation of origin and trademark name infringement are **VOLUNTARILY DISMISSED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE