IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:18-cv-00749 |
| Anthem Wrestling Exhibitions, LLC, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
TRIAL TESTIMONY FROM KAREN JARETT**

COMES NOW Defendant Anthem Wrestling Exhibitions, LLC ("Defendant" or "Anthem Wrestling"), by and through undersigned counsel, pursuant to Rule 104(a) of the Federal Rules of Evidence, and respectfully moves the Court *in limine*, with its Memorandum of Law in Support incorporated below, for entry of an Order excluding the testimony of Karen Jarrett at trial. Ms. Jarrett was never disclosed in Plaintiffs' initial disclosures or discovery responses. Ms. Jarrett's deposition was never taken in this matter. Ms. Jarrett was not included in Plaintiffs' preliminary witness list that was provided to Anthem Wrestling on May 13, 2020. For the first time in the two years since this case was filed, Plaintiffs identified Ms. Jarrett as a trial witness when it filed its witness list on June 12, 2020—a mere two and a half weeks before trial. Pursuant to the Federal Rules of Civil Procedure Rules 26 and 37, Ms. Jarrett should be excluded due to Plaintiffs' failure to identify her in their disclosures and discovery responses. Pursuant to Local Rule 7.01(a)(1), Anthem Wrestling has conferred with Plaintiffs' counsel and the relief sought by this Motion is opposed.

## ARGUMENT

The Federal Rules of Civil Procedure clearly require disclosure of potential witnesses far in advance of a trial. Federal Rule 26(a) requires parties, as part of their initial disclosures, to "provide to the other parties … the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses[.]" Rule 26(e)(1)(A) states that

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response… in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Failure to provide these necessary disclosures comes with serious consequences. Rule 37(c)(1) demands that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless."

Here, Plaintiffs failed to identify Ms. Jarrett in their initial disclosures. (Pls.' Rule 26(a)(1) Initial Disclosures at 2-5)(attached as Exhibit A) Anthem Wrestling similarly did not identify Ms. Jarrett in its initial disclosures. (Anthem's Amended Initial Disclosures at 1-2)(attached as Exhibit B) Neither Plaintiff identified Ms. Jarrett in response to Anthem Wrestling's interrogatory requesting the Plaintiffs to "[i]dentify all persons who have relevant knowledge to the claims made in your Amended Complaint." (Pl. Jarrett's Responses to Def.'s First Set of Written Discovery to Jeff Jarrett, Response to Interrogatory No. 5)(attached as Exhibit C); (Pl. Global Force Entertainment's Responses to Def.'s First Set of Written Discovery to Global Force Entertainment, Response to Interrogatory No. 4)(attached as Exhibit D) While Plaintiffs stated in their responses

2

that they would supplement this response "[t]o the extent additional persons are identified as discovery continues[,]" Plaintiffs never supplemented their interrogatory responses and, since Ms. Jarrett is the wife of Plaintiff Jeffrey Jarrett, Plaintiffs should have known whether Ms. Jarrett had relevant knowledge before this lawsuit was ever filed. Based on the data provided to Anthem Wrestling, Ms. Jarrett was not the custodian of any of the documents produced by Plaintiffs.[1] While Anthem Wrestling does not believe that simply producing documents from a person satisfies Plaintiffs' disclosure obligations, this is another example of Plaintiffs' failure to indicate in any way that Ms. Jarrett was a person with relevant knowledge that may be called at trial.

Based on Plaintiffs' failure to disclose Ms. Jarrett in any meaningful way, Anthem Wrestling did not depose Ms. Jarrett. Pursuant to agreement by the parties, the parties exchanged witness lists approximately one month before the witness lists were due to be filed with the court. On May 13, 2020, Plaintiffs provided their Preliminary Witness List to Anthem Wrestling. (Email with attachment from Sam Miller (May 13, 2020, 10:13 CST)(attached as Exhibit E) Ms. Jarrett was not identified on Plaintiffs' Preliminary Witness List. On June 12, 2020, for the first time in this case, Plaintiffs identified Ms. Jarrett as a trial witness in a filing with the court. (Dkt.181-1 at 1)

Plaintiffs' failure to identify Ms. Jarrett until less than two and a half weeks before trial is clearly untimely under Rule 26. The Sixth Circuit affirmed a district court decision to bar the testimony of witnesses that were not disclosed until a month before trial, so it is clear that two and

---

[1] Plaintiffs failed to produce most of the metadata for the majority of the documents they produced. Therefore, Anthem Wrestling cannot easily determine what documents came from which custodians. However, based on our review of the documents, Ms. Jarrett does not appear to be the custodian on any of the documents. Even if Ms. Jarrett was a custodian for a few of the documents, Plaintiffs' failure to produce the metadata meant that Ms. Jarrett was not identified through the document data as someone who had relevant documents and potential relevant knowledge.

3

a half weeks before trial is insufficient. *Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 977, 982 (6th Cir. 2017).

Furthermore, Plaintiffs' failure is not substantially justified or harmless under Rule 37. In determining whether an omitted or late disclosure is substantially justified or harmless, the Sixth Circuit looks to five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *HLV, LLC v. Van Buren Cty.*, 775 F. App'x 204, 214 (6th Cir. 2019).

First, Anthem Wrestling is clearly surprised by the addition of Ms. Jarrett because, as described in detail above, Plaintiffs failed to disclose her even with numerous opportunities to do so. Waiting until two and a half weeks before the trial to disclose her is obviously surprising. Plaintiffs will argue that they did not need to disclose Ms. Jarrett because she is mentioned in the Term Sheet and in some of the documents produced. However, the Sixth Circuit has already ruled that this is not a sufficient disclosure under the Rules. In *Abrams*, the Sixth Circuit held that the "surprise [was] obvious" when the defendant could have only known about the late-disclosed witnesses because they authored or were copied on documents at issue in the matter and the defendant could not have known what the witnesses would say at trial. 694 F. App'x at 982. The mere mentioning of a person in a document or copying someone on a produced email is not sufficient notice to other parties that this person contains relevant knowledge and may be called at trial.

Second, the surprise cannot be cured. Anthem Wrestling was not able to depose Ms. Jarrett or request documents from her because discovery had been closed for over six months at the time

4

of her first disclosure. There is no time to conduct a deposition before trial even should the Court be willing to allow such a deposition to be taken. Because Anthem Wrestling did not and now cannot depose Ms. Jarrett, Anthem Wrestling has no idea what she will testify about.

Third, at this late stage of the litigation, allowing Ms. Jarrett to testify would delay and disrupt the trial. In *Abrams*, the Sixth Circuit stated that the defendant would need time to depose the late-disclosed witnesses and be given the opportunity and time to find rebuttal evidence or testimony. *Id.* As the trial is going forward in one week, there is clearly no time to allow Anthem Wrestling to take a deposition and prepare its rebuttal. Any such preparation would require a delay and the disruption of the trial. Furthermore, because Plaintiffs have represented that Ms. Jarrett will testify to the central issues at the core of this case ("Anthem's representations regarding, at least, the Merger and Mr. Nordholm's statements and actions directed to the Merger and Term Sheet.") (Dkt. 192 at 1), such preparation is crucial to Anthem Wrestling's ability to prepare its defense.

Fourth, while Plaintiffs state that Ms. Jarrett will testify to key issues in this case, Plaintiffs can presumably get the same evidence in through witnesses they have properly disclosed— including Mr. Nordholm himself and Jeffrey Jarrett who is designated to discuss the terms of the merger. Finally, Plaintiffs cannot show a satisfactory explanation for their failure to disclose Ms. Jarrett. This is not an instance where a witness was recently discovered. Ms. Jarrett is Plaintiff Jeffrey Jarrett's wife. Plaintiffs knew whether Ms. Jarrett had relevant information to this matter before they even filed this lawsuit. Plaintiffs were required to identify and disclose Ms. Jarrett in their initial disclosures and discovery responses. Their failure to do so has no justification. Plaintiffs may also argue that Anthem Wrestling should have known of Ms. Jarrett because she's

mentioned in produced documents. As already described above, the Sixth Circuit has held that this is not a valid excuse for their late and improper disclosure.

It is clear that the use of Ms. Jarrett's testimony on trial will be extremely harmful to Anthem Wrestling. The Federal Rules of Civil Procedure exist for a reason. Rule 26 and 37 were written to prevent exactly this kind of improper and prejudicial trial tactic.

## CONCLUSION

Anthem Wrestling humbly requests that the Court enter an Order excluding Ms. Karen Jarrett from testifying at trial because Plaintiffs failed to disclose her in their initial disclosures or discovery responses, and their failure to do so is unjustified and extremely harmful to Anthem Wrestling.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*

Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 22, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

 Samuel F. Miller
 Sara R. Ellis
 Hayley Hanna Baker
 Miller Legal Partners, PLLC
 Fifth Third Center – Suite 2000
 424 Church Street
 Nashville, TN 37219

              */s/ Paige W. Mills*