# EXHIBIT A

# PROPOSED JURY INSTRUCTION NO. __

## Remedies Under Federal Trademark Infringement (the Lanham Act)

If you find that Global Force Entertainment, Inc. owns a valid trademark, that Anthem Wrestling Exhibitions, LLC has infringed it or has engaged in federal unfair competition and Anthem Wrestling Exhibitions, LLC does not have a defense you must consider whether, and to what extent, monetary relief should be awarded.

### Global Force Entertainment, Inc.'s Actual Monetary Damages

You may award actual damages that Global Force Entertainment, Inc. has sustained. Global Force Entertainment, Inc. may recover the economic injury to its business proximately resulting from Anthem Wrestling Exhibitions, LLC's wrongful acts. You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual damages to Global Force Entertainment, Inc. must be just and reasonable, based on facts, and proved by Global Force Entertainment, Inc. by a preponderance of the evidence. It also cannot be based on speculation and must be proved with reasonable certainty.

==If you should determine that Plaintiff Global Force Entertainment, Inc. was a new business with no previous history of profitability, you should not award lost profits because those profits would be mere speculation. Further, you may not base an award of lost profits on any unaccepted offers or preliminary negotiations that Global Force Entertainment, Inc. may have participated in but failed to close prior to Anthem Wrestling Exhibitions, LLC's alleged use of its trademarks.==

### Anthem Wrestling Exhibitions, LLC's Profits and Calculation of Profits

In addition to Global Force Entertainment, Inc.'s actual damages, you may also make an award based on an accounting of Anthem Wrestling Exhibitions, LLC's profits. However, an award of both actual damages and the defendant's profits is not permitted if it serves to provide the Global Force Entertainment, Inc. with a double recovery.

In determining Anthem Wrestling Exhibitions, LLC's profits, Global Force Entertainment, Inc. only is required to prove Anthem Wrestling Exhibitions, LLC's gross sales. Anthem Wrestling Exhibitions, LLC may then prove the amount of sales made for reasons other than the infringement. Anthem Wrestling Exhibitions, LLC also may prove its costs or other deductions which it claims should be subtracted from the amount of its sales to determine its profits on such sales. Any costs or deductions that Anthem Wrestling Exhibitions, LLC proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Global Force Entertainment, Inc.

### Nominal Damages

If you find that Anthem Wrestling Exhibitions, LLC infringed Global Force Entertainment, Inc.'s trademark, but you do not find that Global Force Entertainment, Inc. sustained any actual damages or damages based on Anthem Wrestling Exhibitions, LLC's profits, you may return a verdict for Global Force Entertainment, Inc. and award what are called "nominal" damages. By "nominal" I

mean a small amount of damages that you, in your discretion, determine. You are also free to award no money judgment at all if you determine that is warranted under the circumstances.

## AUTHORITY

15 U.S.C. § 1114; 15 U.S.C. § 1117; Pattern Civ. Jury Instr. 11th Cir. 10.1 (2020) (profits section revised in light of *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492 (2020)); *Forklift Sys., Inc. v. Werner Enterprises*, No. 01A01-9804-CH-00220, 1999 WL 326159, at *1–2 (Tenn. Ct. App. May 25, 1999; *McClain v. Kimbrough Construction Co*., 806 S.W.2d 194, 200 (Tenn.App.1990); *Burge Ice Machine Co. v. Strother*, 197 Tenn. 391, 273 S.W.2d 479 (1954); *see also Koehler v. Cummings,* 380 F. Supp. 1294, 1312 (M.D. Tenn. 1971).

## ANTHEM'S ARGUMENT

Anthem Wrestling asserts that the highlighted language should be added to the instruction because it is an accurate statement of Tennessee law.Tennessee follows the "New Business" rule, i.e. generally, there is no recovery for lost profits for injury to a new business with no previous history of profits because it could only be based in speculation. *Burge Ice Machine Co. v. Strother,* 197 Tenn. 391, 273, S.W.2d 479 (1954)(" Here, we have a new corporation with a bright idea in a developing area of the safety field. Clearly lost profits as a basis of damages could only be speculative."); see also *Koehler v. Cummings*, 380 F. Supp. 1294, 1312 (M.D. Tenn. 1971) ([T]he the general rule is that no recovery for lost profits is allowed for injury to a new business with no previous history of profits.")

Moreover, it is unsuitably speculative to base an award of lost profits on unaccepted offers or preliminary negotiations. *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc*., 358 F. App'x 643, 651 (6th Cir. 2009) ("No doubt, unaccepted offers and preliminary negotiations generally do not establish the basis for a damages award."). This rule makes sense because it approaches conjecture, if not enters that forbidden territory, to assume that both parties would agree to one party's quote or even that both parties would reach a final agreement. *Id. See also Crowe v. First Am. Nat. Bank*, No. W2001-00800-COA-R3CV, 2001 WL 1683710, at *9 (Tenn. Ct. App. Dec. 10, 2001) ("According to Crowe's own testimony, we find no material evidence of Crowe's lost profit damages. It is uncertain that Crowe would have received the job contracts even if the bank had not repossessed his truck."). The evidentiary value of unaccepted offers is limited because plaintiffs could easily artificially inflate the royalty rate by making outrageous offers. *See Deere & Co. v. Int'l Harvester Co.,* 710 F.2d 1551, 1557 (Fed.Cir.1983) (upholding district court's decision to give little probative value to an offer to license).

Plaintiff cites the case *Waggoner Motors, Inc. v. Waverly Church of Christ*, 159 S.W.3d 42, 59 (Tenn. Ct. App. 2004) for the proposition that new businesses are entitled to lost profits. However, that case does not stand for the proposition that new businesses are entitled to lost profits, merely that *any* lost profit award "depends on whether the evidence provides a satisfactory basis for estimating what the injured party's probable earnings and expenses would have been had the wrongdoing not occurred." *Id.* (citations omitted).

# PROPOSED JURY INSTRUCTION NO. __

## Unjust Enrichment—Plaintiff Global Force Entertainment, Inc.

Plaintiff Global Force Entertainment, Inc. asserts that Anthem Wrestling Exhibitions, LLC was unjustly enriched for use of the Original Master's and Global Force Entertainment, Inc.'s trademarks. Unjust enrichment is a quasi-contractual theory or contract implied-in-law in which a contractual obligation may be imposed where one does not exist. Such contracts are not based upon the intention of the parties but are obligations created by law.

Global Force Entertainment, Inc. establishes unjust enrichment when it shows:

1. Global Force Entertainment, Inc. confers a benefit upon Anthem Wrestling Exhibitions, LLC;
2. Anthem Wrestling Exhibitions, LLC appreciates such benefit; and
3. Anthem Wrestling Exhibitions, LLC's acceptance of such benefit under the circumstances would be inequitable or unjust without payment of the value thereof.

A benefit is any form of advantage that has a measurable value including the advantage of being saved from an expense or loss.

If you find that Global Force Entertainment, Inc. received a benefit from Anthem Wrestling Exhibitions, LLC for its use of any of plaintiffs' intellectual property, you cannot find that Anthem Wrestling Exhibitions, LLC is liable for unjust enrichment.

If you find that Global Force Entertainment, Inc. granted Anthem Wrestling Exhibitions, LLC an implied license to use the trademarks at issue, you cannot find Anthem Wrestling Exhibitions, LLC liable for unjust enrichment unless you find that Anthem Wrestling Exhibitions, LLC exceeded the scope of the license.

If you find in favor of Global Force Entertainment, Inc. on the unjust enrichment claim, the amount of damages to be awarded to Global Force Entertainment, Inc. must be based on the reasonable value of the benefit conferred, not the contract price. Reasonable value is to be judged by the customs and practices prevailing in that type of business.

## AUTHORITY

*Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005); *Whitehaven Community Baptist Church v. Holloway,* 973 S.W.2d 592, 596 (Tenn. 1998); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (Tenn. 1966); *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006); *FLSmidth Inc. v. Fiber Innovation Tech., Inc.*, 626 F. App'x 625, 629 (6th Cir. 2015); *FLSmidth Airtech, Inc. v. Fiber Innovation Tech., Inc.*, No. 2:11-CV-357, 2014 WL 992795, at *9 (E.D. Tenn. Mar. 13, 2014), *aff'd sub nom. FLSmidth Inc.*, 626 F. App'x 625; *Metro. Gov't of Nashville & Davidson Cty. v. Cigna Healthcare of Tennessee, Inc.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005).

## ANTHEM'S ARGUMENT

Anthem Wrestling asserts that the yellow highlighted language should be added to the instruction because it is an accurate statement of Tennessee law. If the plaintiff has received a benefit from the transaction, the defendant has not been unjustly enriched. *See Bennett v. Visa U.S.A. Inc*., 198 S.W.3d 747, 756 (Tenn. Ct. App. 2006) citing *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 154 (1966) ("The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust." *Paschall's*, at 155. If a third-party defendant 'has given any consideration to any person' for the benefits received from the plaintiff, there is no injustice in allowing the defendant to retain those benefits without paying the plaintiff. *Id*.")

Anthem is asserting a license defense to nearly all of Plaintiffs' claims in this action. It is well-settled that if there is a contract implied in fact, one cannot get damages for unjust enrichment. Accordingly, the blue highlighted language should be added because it is also supported by Tennessee authorities: "A party may recover damages in equity if there exists a contract implied in law, *see Paschall's,* 407 S.W.2d at 153; however, **equitable relief is not available if there exists a contract implied in fact."** *See Ridgelake Apartments v. Harpeth Valley Utilities District of Davidson and Williamson Counties,* 2005 WL 831594, at *8 (Tenn. Ct. App. 2005) (holding only contracts implied in law are creatures of equity)(emphasis added); *Metro. Gov't of Nashville & Davidson Cty. v. Cigna Healthcare of Tennessee, Inc.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005).

# PROPOSED JURY INSTRUCTION NO. __

## Conversion

Global Force Entertainment, Inc. has asserted a claim of conversion against Anthem Wrestling Exhibitions, LLC regarding the original master recordings. A conversion is any assumption of control over property that is inconsistent with the rights of the owner. Anthem Wrestling Exhibitions, LLC denies that it is liable for conversion. A conversion may consist of the:

1. Use and enjoyment of personal property of another without the owner's consent; or

2. Destruction or dominion over the property of another by excluding or defying the owner's right; or

3. Withholding of personal property from the owner under a claim of title, inconsistent with the owner's claim of title.

Anthem cannot be liable for conversion if Global Force Entertainment, Inc. did not exercise ordinary due diligence to protect the deleted footage.

It not necessary for someone to actually steal property for a finding of conversion. The tort of conversion exists even when Anthem Wrestling Exhibitions, LLC rightfully obtained possession of the property. Further, Anthem Wrestling Exhibitions, LLC's intention does not have to be a conscious wrongdoing; it can merely be an exercise of dominion or control over the property in such a way that would be inconsistent with the owner's rights and which results in injury to him.

If personal property that has been entrusted to another is used in a different manner, or for a different purpose, or for a longer time than was agreed upon by the parties, the person who received the personal property is guilty of conversion. In that case, the person to whom the property is entrusted is answerable for all damages, including a loss that due care could not have prevented.

If you find that Global Force Entertainment, Inc. did not have an immediate right to possess the deleted footage at the time of the alleged conversion, you cannot find Anthem Wrestling Exhibitions, LLC liable for conversion.

## Damages

If you find Anthem Wrestling Exhibitions, LLC liable for conversion, you are to consider the amount of compensatory damages, if any, that should be awarded to Global Force Entertainment, Inc. and whether Anthem Wrestling Exhibitions, LLC acted willfully. You should use Jury Instruction Numbers ___ for determination of compensatory damages.

## AUTHORITY

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.65 (2019 ed.) (modified for party clarity and to incorporate *Permobil, Inc. v. American Exp. Travel Related Serv. Co., Inc.*, 571 F. Supp. 2d 825, 840 (M.D. Tenn. 2008); *White v. Empire Exp., Inc*., 395 S.W.3d 696, 721 (Tenn. Ct. App. 2012)); damages added); *Annaco, Inc. v. Corbin, 02A01-9804-CH-00111*, 1998 WL 929637, *5

(Tenn. Ct. App. December 31, 1998); *Crow v. First American Nat. Bank*, 2001 WL 1683710 at *6-7 (Tenn. Ct. App. December 10, 2001).

## ANTHEM'S ARGUMENT

Anthem asserts that the yellow highlighted language should be inserted because it is an accurate statement of Tennessee law. As the Tennessee Court of Appeals held in *Crowe v. First Am. Nat. Bank,* No. W2001-00800-COA-R3CV, 2001 WL 1683710, at *6 (Tenn. Ct. App. Dec. 10, 2001):

> In addition to loss of use damages, these issues also involve a determination of damages for conversion of property. The law in Tennessee on conversion damages is as follows:
>
> As a general rule, plaintiff's damages in an action for conversion are measured by the sum necessary to compensate him for all actual losses or injuries sustained as a natural and proximate result of the defendant's wrong. However consequential damages must be proved with reasonable certainty. The ordinary measure of damages for conversion is the value of the property converted at the time and place of conversion, with interest. If special damages are pleaded and proved, plaintiff may recover for all injuries or losses sustained as a proximate result of the conversion, ***but there can be no recovery for losses or injuries which are too remote or uncertain, or which the plaintiff could have avoided by the exercise of ordinary diligence.***
>
> * * *
>
> While it has been held absolutely that injuries to business are not recoverable as damages in trover, and there can be no recovery for loss of profits or injuries to businesses of a speculative or uncertain nature, it is often held that there can be a recovery for such losses if they are shown with certainty, ***except in so far as such losses could have been avoided or minimized by the exercise of due diligence on the part of the plaintiff.*** (citation omitted)(emphasis added).

Likewise, the blue highlighted statement should also be added because it too is an accurate statement of Tennessee law. "[C]onversion can be maintained only if the plaintiff can show possession or a right to immediate possession of the item converted at the time of the alleged conversion." *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836–37 (Tenn. Ct. App. 1977); see also *AHCI, Inc. v. Short*, 878 S.W.2d 112, 115 (Tenn. Ct. App. 1993); *Annaco, Inc. v. Corbin*, 02A01-9804-CH-00111, 1998 WL 929637, *5 (Tenn. Ct. App. December 31, 1998).

# PROPOSED JURY INSTRUCTION NO. __

## Tennessee Personal Rights Protection Act

Mr. Jarrett claims that Anthem Wrestling Exhibitions, LLC violated his personal rights to his name, photograph, and likeness. To establish this claim, Mr. Jarrett must prove the following:

1. That Anthem Wrestling Exhibitions, LLC knowingly used Mr. Jarrett's name, photograph and/or likeness on products, merchandise, goods, or services or to advertise or sell products, merchandise, goods, or services
2. That the use did not occur in connection with a news, public affairs, or sports broadcast or account;
3. That Anthem Wrestling Exhibitions, LLC did not have Mr. Jarrett's consent;
4. That Anthem Wrestling Exhibitions, LLC's use of Mr. Jarrett's name, photograph, and/or likeness was used for purposes of advertising products, merchandise, goods, or services, or for purposes of fund raising, solicitation of donations, purchases of products, merchandise, goods, or services, That Mr. Jarrett was harmed; and
5. That Anthem Wrestling Exhibitions, LLC's conduct was a substantial factor in causing Mr. Jarrett's harm.

If you find that a professional wrestling broadcast constitutes a "sports broadcast," instead of an "entertainment broadcast," you must find that Anthem Wrestling Exhibitions, LLC did not violate the Tennessee Personal Rights Protection Act.

If Mr. Jarrett proves his claim under the Tennessee Personal Rights Protection Act, he is entitled to recover the actual damages suffered as a result of the knowing use or infringement of such individual's rights and any profits that are attributable to such use or infringement which are not taken into account in computing the actual damages. Profit or lack thereof by the unauthorized use or infringement of an individual's rights shall not be a criteria of determining liability.

## AUTHORITY

Tenn. Code Ann. § 47-25-1101 et seq.

## ANTHEM'S POSITION

Anthem asserts that the yellow highlighted language is not appropriate, is slanted, and has no basis in applicable law. While Anthem has been unable to find a definition of a "sports broadcast" in applicable case law, Anthem asserts that it is appropriate to look to dictionary definitions to define these terms. Merriam-Webster defines "sport"[1] as "a contest or game in which people do certain physical activities according to a specific set of rules and compete against each other," as well as "a physical activity that is done for enjoyment." *Wikipedia* defines "sport" as "including all forms of competitive physical activity or games which, through casual or organized participation, at

---

[1] Found at https://www.learnersdictionary.com/definition/sport.

least in part aim to use, maintain or improve physical ability and skills while providing enjoyment to participants, and in some cases, entertainment for spectators."

Wikipedia further defines "broadcasting" as the "distribution of audio or video content to a dispersed audience via any electronic mass communications medium, but typically one using the electromagnetic spectrum (radio waves), in a one-to-many model."[2] Wikipedia's article on "Broadcasting of Sports Events,"[3] defines the "broadcasting of sports events" as the "coverage of sports as a television program, on radio, and other broadcasting media. It usually involves one or more sports commentators describing the events as they happen." It goes on to describe sports broadcasting in the United States and states, "Pay-per-view broadcasts are typically restricted to combat sports such as boxing, mixed martial arts or professional wrestling." *Id.*

Considering these definitions, Anthem suggests that the Court include the following statement in this instruction:

*A "sport" includes all forms of competitive physical activity or games which, through casual or organized participation, at least in part aim to use, maintain or improve physical ability and skills while providing enjoyment to participants, and in some cases, entertainment for spectators. A "sports broadcast" is the coverage of sports via any electronic mass communications medium.*

---

[2] Found at https://en.wikipedia.org/wiki/Broadcasting.
[3] Found at https://en.wikipedia.org/wiki/Broadcasting_of_sports_events.

# PROPOSED JURY INSTRUCTION NO. __

## Personal Property—Lost or Destroyed

The measure of damages for personal property either lost or destroyed is the fair market value of such property at the time and place of its loss or destruction. ==Fair market value can be the same as replacement costs.==

==In certain circumstances, if plaintiff's personal property has been negligently destroyed by the defendant and the property cannot be replaced within a reasonable period of time, plaintiff may recover damages for lost profits as a result of the destruction of the property The measure of damages for loss of use is reasonable compensation to the plaintiff for being deprived of the use of the property during the time reasonably necessary for a reasonably prudent person to replace the property.==

## AUTHORITY

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.42 (2019 ed.).

## ANTHEM'S ARGUMENT

Anthem asserts that all the text highlighted in yellow should be removed. The Court resolved this issue at the Daubert Hearing. It is well settled that damages for conversion are the fair market value of the property at the time of the conversion and fair market value is not a synonym for replacement cost. *See Lance Productions, Inc. v. Commerce Union Bank*, 764 S.W.2d 207, 213 (Tenn. Ct. App. 1988).

The second paragraph, which Plaintiffs advocate for including, is an exception for unique circumstances that are not applicable here. The jury instructions Plaintiffs cite identify this language as an exception but Plaintiffs deleted that language. The Court held in the recent Daubert Hearing that *Hutsell v. Kenley*, No. E2013-01837-COA-R3CV, 2014 WL 2949455 (Tenn. Ct. App. June 27, 2014), did not stand for the proposition for which the Plaintiffs and their expert were advancing—that they were entitled to replacement costs to "recreate the content." First this exception applies to *replacing*—the unique situations where it is appropriate are when it is possible to simply purchase the same thing as a replacement. For example, *Third Nat'l Bank v. American Equitable Ins. Co. of New York*, 27 Tenn.App. 249, 178 S.W.2d 915, 924 (Tenn.Ct.App.1943), one of the cases cited by Plaintiff, involved the plaintiff obtaining recovery under an insurance policy for funds spent to re-build a partially burned down house, i.e., the cost to rebuild the burned portion is the best evidence of the fair market value of the loss in that unique situation. Likewise, *Vinsant Plumbing and Heating Co., Inc. v. Rudder Const. Co., Inc.*, 486 S.W.2d 540, 543–544 (Tenn.Ct.App.1971), another of Plaintiffs' cited authorities, discussed the replacement of stolen copper tubing under the terms of a contractor's insurance policy. In short, the cases cited by Plaintiffs do not demonstrate that it is appropriate to apply this limited and unique exception to the circumstances in this case.