# PROPOSED JURY INSTRUCTION NO. __

## Sports Broadcasts Defense

It is deemed a fair use and no violation of an individual's rights shall be found under the Tennessee Personal Rights Protection Act if the use of a name, photograph, or likeness is in connection with any news, public affairs, or sports broadcast or account.

To find Anthem Wrestling Exhibits, LLC liable to Mr. Jarrett for his Tennessee Personal Rights Protection Act claim, you must determine whether Anthem Wrestling Exhibitions, LLC has proved by a preponderance of the evidence that the Amped Anthology Parts 1, 2, 3, and 4 and any other Anthem Wrestling Exhibition, LLC broadcast are sports broadcasts rather than entertainment broadcasts.

If you find Amped Anthology Parts 1, 2, 3, and 4 and any other Anthem Wrestling Exhibition, LLC broadcast are entertainment broadcasts, the defense does not bar a finding of liability on Mr. Jarrett's Tennessee Personal Rights Protection Act claim.

## AUTHORITY

Tenn. Code Ann. § 47-25-1105(a) ("It is deemed a fair use and no violation of an individual's rights shall be found, for purposes of this part, if the use of a name, photograph, or likeness is in connection with any news, public affairs, or sports broadcast or account.") *In re Madden*, 151 F.3d 125, 130 (3d Cir. 1998) (discussing fictitious nature of professional wrestling); *Smith v. State*, 175 So. 3d 906, 910 (Fla. Dist. Ct. App. 2015) ("professional wrestling is choreographed entertainment"); *People v. Pouder*, No. E050706, 2011 WL 1832563, at *7 (Cal. Ct. App. May 13, 2011) (recognizing fake injuries and gimmicks in professional wrestling); *Bollea v. World Championship Wrestling, Inc.*, 610 S.E.2d 92, 96 (2005) (Discussing scripted story line on pay-per-view wrestling event: "Wrestling is a form of entertainment and the characters involved are fictional."); *Bergeron v. State Boxing & Wrestling Comm'n*, 2001-2247 (La. App. 4 Cir. 10/2/02), 829 So. 2d 620, 621, *writ denied,* 2002-2692 (La. 2/7/03), 836 So. 2d 97, *and writ denied*, 2002-2741 (La. 2/7/03), 836 So. 2d 99 (describing a wrestling match as "fake" when it had a pre-determined winner); *Mason v. City of Lincoln*, 266 Neb. 399, 408, 665 N.W.2d 600, 606 (2003) (recognizing that professional wrestling is "a form of entertainment in which 'wrestlers battle each other in matches that are scripted and rehearsed beforehand'" and professional wrestlers "perform as entertainers"); *Eadie v. McMahon*, No. 5:91CV0423(WWE), 1997 WL 289679, at *1 (D. Conn. Mar. 12, 1997) ("Professional exhibition wrestling is a form of staged entertainment, not a contest to win like a sport."); *Tattrie v. Com., Pennsylvania State Athletic Comm'n*, 521 A.2d 970, 973 (Pa. Cmwlth. 1987) ("It must be noted that professional wrestling contests and exhibitions are a form of entertainment."); *Murdock v. City of Jacksonville, Fla.*, 361 F. Supp. 1083, 1096 (M.D. Fla. 1973) (describing professional wrestling as "a purely entertainment pastime").