IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. ET AL.,<br><br>　　Plaintiffs/Counter-Defendants,<br><br>v.<br><br>ANTHEM WRESTLING EXHIBITIONS, LLC,<br><br>　　Defendant/Counter-Plaintiff. | CIVIL ACTION NO. 3:18-cv-00749<br><br>CHIEF JUDGE CRENSHAW<br>MAGISTRATE JUDGE HOLMES<br><br>JURY DEMAND |

### GLOBAL FORCE WRESTLING, INC.'S SUPPLEMENTAL TRIAL BRIEF ON WHETHER THE JURY CAN DETERMINE WRONGFUL PROFITS AND UNJUST ENRICHMENT

Per the Court's permission at the June 26, 2020 hearing, Plaintiffs submit this supplemental trial brief to address Anthem's eleventh-hour claim that the jury cannot decide wrong profits under the Lanham Act or unjust enrichment claims entirely. Quite simply, Anthem is incorrect. Courts in the Sixth Circuit have permitted juries to determine the amount of wrongful profits in Lanham Act cases. Tennessee state courts have permitted juries to determine both the merits and amount of damages for unjust enrichment claims.

If the law contrary to Anthem's position is insufficient, Anthem has waived its right to complain on this issues by submitting agreed jury instructions and the Final Agreed Verdict Form, both of which leave the issues of wrongful profits and unjust enrichment liability and damages in the hands of the jury. The instructions at issue are supported in part by the language of model jury instructions from the Eleventh Circuit. Anthem's changing position has prejudiced Plaintiffs in the last-minute preparation of their case due to the need to prepare this brief and, at best, wasted a

1

substantial amount of Plaintiffs' counsel's time negotiating instructions and the Agreed Verdict Form that Anthem no longer intends to follow.

### A. Applicable Caselaw—Including In This Circuit—Does Not Support Anthem's Late Assertions

The denial of a right to jury trial is not a trivial thing and should be done sparingly and with great caution. Anthem's arguments on waiver fail as a matter of law.

First, Anthem's factual argument for alleging Lanham Act wrongful profits and just enrichment is that the damages are just too "complicated" to submit to the jury. In the Supreme Court in *Dairy Queen v. Wood* rejected the theory that a jury right can be denied because the damages are too complicated. The Supreme Court stated

> Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff [this case involved a defendant asserting a right to jury] must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them. In view of the powers given to District Courts by Federal Rule of Civil Procedure 53(b) to appoint masters to assist the jury in those exceptional cases where the legal issues are too complicated for the jury adequately to handle alone, the burden of such a showing is considerably increased and it will indeed be a rare case in which it can be met. But be that as it may, this is certainly not such a case. A jury, under proper instructions from the court, could readily determine the recovery, if any, to be had here, whether the theory finally settled upon is that of breach of contract, that of trademark infringement, or any combination of the two. The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into petitioner's business records.

*Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478–79 (1962). Here, although the damages claims may be complicated, there is significant overlap in the basic damages that a jury can readily determine damages and wrongful profits. The punitive, exemplary, and statutory damages are a little more complex issues of law but still not beyond the average juror.

Second, Anthem's asserted cases to support barring Plaintiffs' right to jury trial are likewise unavailing. Although Anthem cites to a Second Circuit case, Anthem ignores contrary Sixth Circuit district court cases. If Anthem's position were the law, there would be no reason for the

district courts in the South District of Ohio on May 5, 2020 and the Eastern District of Michigan in 2015 to permit juries to award wrongful profits under the Lanham Act and deny attempts to undo those jury awards.

In the recent case of *Max Rack, Inc. v. Core Health & Fitness, LLC*, 2020 WL 2128614, at *7 (S.D. Ohio May 5, 2020) the court denied a motion to court denied a request to vacate a jury awards of wrongful profits under the Lanham Act and upheld the jury's award of wrongful profits. *Id*. at *4. The *Max Rack* court recognized the difference between actual damages and wrongful profits: "Plaintiff mistakenly conflates an award of disgorged profits -- which the jury found to be $250,000 -- with the award of compensatory damages." *Id*.[1]

Similarly, *in LidoChem, Inc. v. Stoller Enterprises Inc.*, No. 1:09-CV-204, 2015 WL 13470218, at *8 (W.D. Mich. Mar. 31, 2015), the court denied a motion to vacate the jury's award of wrongful profits.

> Under the Lanham Act, a plaintiff may recover a liable defendant's profits, subject to principles of equity. 15 U.S.C. § 1117(a). The jury in this case found Plaintiff entitled to an award disgorging profits Defendants derived from violation of the Lanham Act of $1.2 million.

*Id*. at *8.

The case cited by Anthem, *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 132-133 (2d Circ. 2014), pertains to whether a court has the authority under the Lanham Act to issue a "Freeze Order" to freeze the wrongful profits of an infringer. *It did not deal with the issue of denial of a right to jury trial on wrongful profits*. GFE does not dispute that issuing an injury or an order to freeze assets is the exclusive province of the Court. It is elementary that a jury cannot do that because it is a type of injunctive relief. However, Anthem's citation to *Gucci* as a direct holding

---

[1] GFE does dispute that actual confusion is required for a claim for actual damages. *See Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 606 (6th Cir. 1991); *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 2006 WL 8431783, at *2 (E.D. Mich. Feb. 2, 2006).

that "there is no jury trial as of right" is aggressive at best. The context of the *Gucci* decision is not the same and does not determine whether the right to a jury should be abrogated. A denial of such significant right must not be made based on an opinion pertaining to injunctive or other orders for freezing assets.

Similarly, Anthem's citations to Tennessee law are unavailing. Anthem did not cite to cases where the Tennessee Court of Appeals upheld a jury verdict on an unjust enrichment claim or a jury verdict on an unjust enrichment claim without any indication that unjust enrichment claims were not the province of juries. For example, in *First Nat. of N. Am., LLC v. Marks*, No. M2002-03104-COA-R3CV, 2004 WL 1114574, at *1 (Tenn. Ct. App. May 18, 2004), plaintiff First National of North America, LLC brought a claim for unjust enrichment against defendant Michael Marks. In affirming the jury's verdict on unjust enrichment, the Court of Appeals stated:

> The jury was asked to decide whether Marks was unjustly enriched by any portion of the $44,394 that Marks received at closing, and, if so, in what amount. The jury rendered a verdict finding that Marks was unjustly enriched to the extent of $38,000. Whether Marks was unjustly enriched to the extent of $38,000 was a jury question.

*Id.* at *7. In *Leconte v. Swann*, No. E2013-01971-COA-R3CV, 2014 WL 2061164, at *1 (Tenn. Ct. App. May 16, 2014), the Court of Appeals upheld a jury verdict for unjust enrichment without any comment that unjust enrichment was not appropriate for a jury determination.

Further, it does not appear that Anthem's quote from *Smith Cnty. Educ. Ass'n v. Anderson*, 676 S.W.2d 328, 336 (Tenn. 1984) accurately represents the determination of the jury issue. In *Anderson*, the Tennessee Supreme Court discussed how the old rule of a jury being unavailable for anything to do with an equitable claim was replaced by Tenn. Code Ann. § 21-1-103 (formerly § 21-1011 at the time of the case) that permitted juries to be involved in chancery suits to try and determine any material fact in dispute and all the issues of fact in any proper case. The sum of

Anderson's holding is that such jury determinations were permitted and were binding, non-advisory. *See Anderson*, 676 S.W.2d at 337.

Anthem's other case, *Young v. City of LaFollette*, 479 S.W.3d 785 (Tenn. 2015), is even further removed and, frankly, irrelevant in that it does not support the position for which it is asserted. The issue in that case was whether there was a right to jury trial under Tennessee Public Protection Act. *Young*, 479 S.W.3d at 786–87. The *Young* court found there was no right to a jury trial in circuit court, because it was not in the statute, whereas Tenn. Code Ann. § 21-1-103 provided a basis for a right to jury trial in chancery court. The court noted that if the legislature did not want that odd result, it could change the statute. Again, it is unclear why *Young* is relevant or supportive to Anthem's position.

Finally, Anthem's citation to *Whitehaven* and *SKS Commc'ns* are without importance. Neither pertains to whether a jury trial is appropriate in a Lanham Act or state law unjust enrichment claim. In fact, *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) does not contain the word "jury" and pertained to the elements of an unjust enrichment claim in summary judgment. Likewise, *SKS Commc'ns* involved a trial court sitting without a jury. *SKS Commc'ns, Inc. v. Globe Commc'ns, Inc.*, No. 03A01-9405-CH-00176, 1994 WL 589576, at *1 (Tenn. Ct. App. Oct. 21, 1994). These cases simply are not relevant.

### B. The Lanham Act Explains How Equity Applies – To Increase Damages And/Or Raise Or Lower Profit Awards

15 U.S.C. § 1117(a) is this controlling statute for damages for violations of the Lanham Act. It states:

**a) Profits; damages and costs; attorney fees**

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to

> the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, ***to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action***. ***The court shall assess such profits and damages or cause the same to be assessed under its direction***. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. ***In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount***. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (emphasis added). Treble damages under § 1117(b) are available for counterfeiting claims. Although the statute uses the words "principles of equity," that does not mean a jury cannot determine the amount of wrongful profits. Indeed, the location of the phrase describes both defendant's profits and any damages. Later in § 1117(a), the statute describes how the principles of equity are to be applied. The Court may increase the amount of a plaintiff's damages and/or may increase or decrease the amount of profits awarded based on what the Court deems "just, according to the circumstances of the case." The reading of the statute is consistent with how district courts in the Sixth Circuit have applied the law (as set forth previously). They allow juries to determine the amount of damages and profits in Lanham Act cases.

### C. Anthem's Agreed Jury Instructions And Verdict Forms Are Contrary To Its Last-Minute Trial Brief

The timing of Anthem's request to deny GFE the right to a jury to determine wrongful profits under the Lanham Act is curious and inconsistent with the positions in this case. In Anthem's Answer, Anthem states GFE is not entitled to a jury and then directly references the alleged jury waiver in the Term Sheet. (Dkt. 87 at 44). Nowhere in the Answer does Anthem affirmative plead that a jury cannot decide wrongful profits or an unjust enrichment claim. Although Anthem's Answer is not a statute, by analogy, the principle of *expression unius est*

*exclusion alterius* is directly on point. By including another specific reason for denial of a jury right, any other reason has been waived.

Admittedly, Anthem did mention the profits issue in Pretrial Order in a footnote and an issue generally for the Court, both of which will be addressed in detail later herein. Anthem, however, made no mention of both parties' entire unjust enrichment being barred from jury determination. Quite to the contrary, Anthem identifies GFE's claim for unjust enrichment as an issue for the jury. (Dkt. 196 at 18 ¶ 5, Pretrial Order). Anthem also identifies its unjust enrichment claim against GFE and Mr. Jarrett as an issue for the jury. (*Id*. at 19 ¶ 9(a)-(e)). Most telling, Anthem states at Dkt. 196 at 18 ¶ 9(a) that the following is an issue for the jury "If the jury finds that Plaintiffs were unjustly enriched, whether and to what extent to award damages to Anthem Wrestling."

If that was not sufficient to show Anthem's last-minute position flip, the Court need look no further than the agreed upon jury instructions submitted jointly by the parties at 4:25 p.m. on May 24, 2020 (email to Ms. Seay). At temporary page number 32, Anthem agreed to the jury instruction for GFE's unjust enrichment claim elements and agreed the following statement of remedy in the jury's hands:

> **If you find in favor of Global Force Entertainment, Inc. on the unjust enrichment claim, the amount of damages to be awarded to Global Force Entertainment, Inc. must be based on the reasonable value of the benefit conferred, not the contract price. Reasonable value is to be judged by the customs and practices prevailing in that type of business.**

(emphasis added). On temporary page 42, Anthem agreed to the very same elements and the same statement of available damages for its unjust enrichment counterclaims against GFE and Mr. Jarrett. These statements are consistent with the Final Agreed Verdict Form jointly submitted to the Court jury instruction form on May 24, 2020 (email to Ms. Seay). In section D, ¶¶ 20-21 of the Final Agreed Verdict Form (which was fully and completely negotiated and agreed to by the

parties' counsel), Anthem agreed to allow the jury to determine both liability and damages related to GFE's unjust enrichment claim against Anthem. "21. If you answered "Yes" to Question 20, what is the amount of damages, if any, that should be awarded to Global based on Anthem's wrongfully obtained benefit(s)?" Anthem also agreed to submit its counterclaims for unjust enrichment liability and damages against GFE and Mr. Jarrett.

Despite its apparent attempt to reserve the ability to contest allowing the jury to award wrongful profits under the Lanham Act (which is incorrect on both legal and factual bases), Anthem agreed in the jointly submitted jury instructions at temporary page number 24 "Remedies Under Federal Trademark Infringement (the Lanham Act)," Anthem agreed without any objection to the following statement of law for the jury:

> **Anthem Wrestling Exhibitions, LLC's Profits and Calculation of Profits**
>
> In addition to Global Force Entertainment, Inc.'s actual damages, you may also make an award based on an accounting of Anthem Wrestling Exhibitions, LLC's profits. However, an award of both actual damages and the defendant's profits is not permitted if it serves to provide the Global Force Entertainment, Inc. with a double recovery.
>
> In determining Anthem Wrestling Exhibitions, LLC's profits, Global Force Entertainment, Inc. only is required to prove Anthem Wrestling Exhibitions, LLC's gross sales. Anthem Wrestling Exhibitions, LLC may then prove the amount of sales made for reasons other than the infringement. Anthem Wrestling Exhibitions, LLC also may prove its costs or other deductions which it claims should be subtracted from the amount of its sales to determine its profits on such sales. Any costs or deductions that Anthem Wrestling Exhibitions, LLC proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Global Force Entertainment, Inc.

The citation to this instruction references Pattern Civ. Jury Instr. 11th Cir. 10.1 (2020) as well as various cases. Section 10.1 of the Pattern Civ. Jury Instruction is attached here as **Exhibit 1**. Pattern Civ. Jury Instr. 11th Cir. 10.1 specifically authorizes the jury to calculate and award wrongful

profits. Pattern Civ. Jury Instr. 11th Cir. 10.1 is the foundation for the language in the agreed upon jury instruction.

In the parties' agreed upon portion of the jury instruction for Counterfeiting on temporary page 28, Anthem agreed to instruct the jury to determine: "If you find that Global Force Entertainment, Inc. proved that Anthem Wrestling Exhibitions, LLC violated Global Force Entertainment, Inc.'s trademark by counterfeiting, you must consider whether, and to what extent, money damages should be awarded including but not limited to actual damages and wrongful profits." This instruction cites to Pattern Civ. Jury Instr. 11th Cir. 10.6 (2020), which is attached hereto as **Exhibit 2**. Pattern Civ. Jury Instr. 11th Cir. 10.6 specifically authorizes the jury to calculate and award wrongful profits. Pattern Civ. Jury Instr. 11th Cir. 10.6 is the foundation for the language in the agreed upon jury instruction.

The same applies to the portions of the Final Agreed Verdict Form for the Lanham Act claim. Anthem agreed in the Final Agreed Verdict Form to allow the jury, if a finding of liability was made, to make a determination of the amount of wrongful profits related to GFE's Lanham Act claims for Federal Trademark Infringement, Unfair Competition, and Counterfeiting. (Section A ¶ 6).

Despite Anthem's agreement to include wrongful profits and unjust enrichment in the jury instructions and Final Agreed Verdict Form just two (2) days ago, it now asks the Court at the last possible motion, 12 p.m. on the Friday before a Monday trial date, to ignore Anthem's contrary positions in the Pretrial Order, agreed sections of the jury instructions, and Final Agreed Verdict Form—the latter two that were negotiated for nearly eight (8) hours on Wednesday, May 24, 2020 from 9 a.m. to 4:30 p.m.

Anthem's position is untenable by law and based on its own positioning in this case. Anthem's argument that juries cannot decide wrongful profits awards or unjust enrichment claims must be rejected.

Dated: June 27, 2020

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Sara R. Ellis
Samuel F. Miller, TN Bar No. 22936
Sara R. Ellis, TN Bar No. 30760
Hayley H. Baker, TN Bar No. 037439
Fifth Third Center–Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9590
Email: SMiller@millerlegalpartners.com
          Sellis@millerlegalpartners.com
          Hbaker@millerlegalpartners.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2020, the foregoing document was filed via ECF upon the following:

Paige W. Mills
Ashleigh Karnell
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
pmills@bassberry.com
ashleigh.karnell@bassberry.com

/s/ Sara R. Ellis
Sara R. Ellis