IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. ET AL. | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) ) |
| v. | ) ) ) |
| ANTHEM WRESTLING EXHIBITIONS, LLC, | ) ) ) |
| Defendant/Counter-Plaintiff. | ) ) ) |

CIVIL ACTION NO. 3:18-cv-00749

CHIEF JUDGE CRENSHAW
MAGISTRATE JUDGE HOLMES

JURY DEMAND

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO THE
JURY INSTRUCTION ON PERSONAL PROPERTY—LOST OR DESTROYED**

Defendant objected to Global Force Entertainment, Inc.'s ("GFE") proposed language for the jury instruction titled "Personal Property—Lost or Destroyed." Specfically, Defendant objected to the sentence "Fair market value can be the same as replacement costs." The Court requested GFE submit supplemental statement of additional authorization beyond *Hutsell v. Kenley*, No. E2013-01837-COA-R3CV, 2014 WL 2949455, at *9 (Tenn. Ct. App. June 27, 2014) in which this Court determined the sentence "in certain circumstances, fair market value and replacement cost can be the same" to be dicta.

Two Tennessee cases directly hold that the replacement cost approach is an acceptable manner of valuing loss or damage to personal property. *Vinsant Plumbing & Heating Co. v. Rudder Const. Co.*, 486 S.W.2d 540, 544 (Tenn. Ct. App. 1971); *Third Nat. Bank v. Am. Equitable Ins. Co. of New York*, 178 S.W.2d 915, 924 (Tenn. Ct. App. 1943). These two cases are the cited bases in *Hutsell* for the above statement regarding whether market value and replacement costs can be the same.

The case of *Vinsant Plumbing & Heating Co. v. Rudder Const. Co.*, 486 S.W.2d 540, 543-44 (Tenn. Ct. App. 1971) shows that replacement costs can be a proxy for fair market value. In *Vinsant*, the Court of Appeals weighed how to value certain copper tubing that was stolen. The Chancery Court determined the value of the copper at the time of theft was $6,695.24. The plaintiff testified that the copper tubing probably could have been bought for less than that amount and subsequently bought replacement tubing for $5,889.74. The Court of Appeals held that the market cost for copper tubing fluctuated, but found the actual replacement cost was "the more accurate gauge of the loss suffered" by the theft. The Court of Appeals reversed the Chancery Court's decision and reduced the award to match the replacement cost.

Although not as simple as replacing copper tubing, the Tennessee Court of Appeals in *Third Nat. Bank v. Am. Equitable Ins. Co. of New York*, 178 S.W.2d 915, 924 (Tenn. Ct. App. 1943) determined that replacement cost was an accurate way to measure fair market value. In *Third Nat. Bank*, the Court of Appeals looked at the value of replacing a house that was substantially destroyed by fire. The court determined that unlike "[p]roperty which is daily dealt in and is readily replaceable in a current market has an established market value," a house is not generally sold independent of the land upon which it is built. This means houses without real property included are not subject to market sales "and therefore have no established market value which corresponds with their actual value." *Id*. The court then noted the cost of replacing the building as it was "before the loss usually approximates an expression of their actual value in terms of money." *Id*. The Court of Appeals then opined that depreciation should not be deducted from the replacement cost because that would create an insufficient amount to return the house to the pre-loss state i.e. parts cost a fixed amount and less money means not all parts could be acquired for replacement. *Id*. at 925. The Court of Appeals opined that "the evidence of the cost of repairing and restoring the building

to the same condition it was in before the fire was not only material, but was the most persuasive, evidence of the amount of the loss for which defendants were liable under the policies." *Id*. "[I]t is for the jury to consider 'every fact and circumstance which would logically tend to the formation of a correct estimate of the loss.'" *Id*.

Although the loss of a home destroyed by fire and the related costs of restoration differ from the instant case as to the specific type of property, the positions are analogous. In *Third Nat. Bank* the property at issue was unique because value of the house for replacement purposes—the house was not fully destroyed—did not include the underlying land. In the present case, GFE's original Amped files cannot be easily given market value because (1) the content was unique in that it was unaired, (2) it costed less to create due to discounts that have been used up, and (3) it had performers that are no longer available because they now performer for other companies, such as the WWE. The latter point is particularly relevant because even if the original Amped files could be recovered, GFE cannot simply pick up where it left off with the same performers. It would take a whole new cast with new story lines and characters.

The underlying principle is to return the Plaintiff to the position they were in before the harm was done applies in the context of copper tubing and houses, and should apply in the present case.

Accordingly, the statement "Fair market value can be the same as replacement costs" accurately reflects the correct measure of damages and the replacement cost approach is an acceptable manner of valuing loss or damage to personal property.

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Sara R. Ellis

<pre>
                              Samuel F. Miller, TN Bar No. 22936
                              Sara R. Ellis, TN Bar No. 30760
                              Hayley H. Baker, TN Bar No. 037439
                              Fifth Third Center–Suite 2000
                              424 Church Street
                              Nashville, Tennessee 37129
                              Tel/Fax: (615) 988-9590
                              Email: SMiller@millerlegalpartners.com
                                     Sellis@millerlegalpartners.com
                                     Hbaker@millerlegalpartners.com
</pre>

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2020, the foregoing document was filed via ECF upon the following:

Paige W. Mills
Ashleigh Karnell
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
pmills@bassberry.com
ashleigh.karnell@bassberry.com

<pre>
                              /s/ Sara R. Ellis
                              Sara R. Ellis
</pre>