IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GLOBAL FORCE ENTERTAINMENT, INC. ET AL. ) ) ) Plaintiffs/Counter-Defendants, ) ) v. ) ) ANTHEM WRESTLING EXHIBITIONS, LLC, ) ) ) Defendant/Counter-Plaintiff. ) | CIVIL ACTION NO. 3:18-cv-00749 CHIEF JUDGE CRENSHAW MAGISTRATE JUDGE HOLMES JURY DEMAND |

**PLAINTIFF'S OBJECTION AND SUGGESTED ADDITION TO "TRADEMARK LICENSE" AND "LIMITS OF IMPLIED LICENSE" JURY INSTRUCTIONS**

Plaintiff Global Force Entertainment, Inc. ("GFE") submits the following objections and proposed addition to the "Trademark License" and "Implied License" jury instructions (pages 52, 53 and 54 of draft provided to the parties).

GFE's issue with the instructions is that they do not provide sufficient detail for the jury regarding the creation of an implied license. It is fundamental that Defendant must prove the existence of the license. As the instructions are written, they do not state that if a condition creating a license is not there, the license does not exist.

Whether there is a condition that must be met—such as the occurrence of a specific event—can determine whether an implied license exists. If that condition—such as an event—does not occur, then no license exists. In *Ranieri v. Adirondack Dev. Grp., LLC*, 164 F. Supp. 3d 305 (N.D.N.Y. 2016) (in the architectural context), the court held no implied license existed because the parties' intent was conditioned upon the occurrence of an event—namely the completion of a project by which the alleged licensor was terminated prior to completion. *Id*. at 341. *Ranieri* is a similar principal to that of *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998), where the Sixth

1

Circuit affirmed the district court's finding that lack of intent to create an implied license was shown by unsigned documents that conditioned assignment of drawings on the alleged assignor's understanding that he would be the architect on the job.

The principal in *Ranieri* and Johnson *applies* here—where the existence of the license may be contingent upon meeting a condition. Accordingly, GFE requests the Court modify the last two paragraphs of the "Trademark License" instruction as follows (additions in bold and italics):

> The key question ***is*** determining whether an implied license ***exists and*** was granted to Anthem Wrestling. ***Whether there is a condition that must be met can determine whether an implied license exists.*** The totality of the circumstances ***may*** indicate that Jeffrey Jarrett or GFE intended that the trademarks were used in the manner in which they were used. Based on the totality of the circumstances of the case, whether the evidence supports the notion that the parties, in essence, made an ***unwritten*** agreement permitting Anthem Wrestling to use the work, consistent with certain understands or terms.
>
> If you find that ***an implied license exists and*** GFE or Jeffrey Jarrett granted Anthem Wrestling an implied license to use the trademarks at issue, you cannot find Anthem Wrestling liable for trademark infringement unless you find that Anthem Wrestling acted beyond the terms of the implied license or exceeded the scope of implied license.

GFE respectfully submits such additions are necessary to be in accord with applicable law and to provide clarity for the jurors in their deliberations that they must first decide whether an implied license exists.

Even if the jury finds that an implied license exists because the existence of the license was not contingent on completion of the merger, the "Limits of Implied License" instruction incorrectly states the existence of a license is a *complete* bar to GFE's claims. That is contradictory to the totality of the circumstances test. The jury could find that the license had a defined scope and Defendant's actions exceed the scope. This potential is expressed in the "Trademark License" instruction's last paragraph that states in part "you cannot find Anthem Wrestling liable for trademark infringement *unless* you find that Anthem Wrestling acted beyond the terms of the

implied license or exceeded the scope of the implied license." (Emphasis added.) The "Limits of Implied License" directly contradicts the "Trademark License" instruction previously stated because the "Limits of Implied License" instruction states "If the completion of the merger was not a condition of the implied license, Anthem Wrestling's conduct cannot constitute trademark infringement of infringement of Mr. Jarrett's image and likeness *because* it did not exceed the scope of the implied license." (Emphasis added.) To be consistent with the law, and to avoid confusing the jurors, the word "because" must be changed to "unless." Accordingly, GFE respectfully requests that change.

Wherefore, GFE respectfully requests the Court:

1. Modify the last two paragraphs of the "Trademark License" instruction as follows (additions in bold and italics):

> The key question ***is*** determining whether an implied license ***exists and*** was granted to Anthem Wrestling. ***Whether there is a condition that must be met can determine whether an implied license exists.*** The totality of the circumstances ***may*** indicate that Jeffrey Jarrett or GFE intended that the trademarks were used in the manner in which they were used. Based on the totality of the circumstances of the case, whether the evidence supports the notion that the parties, in essence, made an ***unwritten*** agreement permitting Anthem Wrestling to use the work, consistent with certain understands or terms.
>
> If you find that ***an implied license exists and*** GFE or Jeffrey Jarrett granted Anthem Wrestling an implied license to use the trademarks at issue, you cannot find Anthem Wrestling liable for trademark infringement unless you find that Anthem Wrestling acted beyond the terms of the implied license or exceeded the scope of implied license.

2. Modify the last sentence of the second paragraph in the "Limits to Implied License" by substituting "unless" for the word "because."

Respectfully submitted,

MILLER LEGAL PARTNERS PLLC

/s/ Samuel F. Miller
Samuel F. Miller, TN Bar No. 22936
Sara R. Ellis, TN Bar No. 30760
Hayley H. Baker, TN Bar No. 037439
Fifth Third Center–Suite 2000
424 Church Street
Nashville, Tennessee 37129
Tel/Fax: (615) 988-9590
Email: SMiller@millerlegalpartners.com
Sellis@millerlegalpartners.com
Hbaker@millerlegalpartners.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2020, the foregoing document was filed via ECF upon the following:

Paige W. Mills
Ashleigh Karnell
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
(615) 742-6200
pmills@bassberry.com
ashleigh.karnell@bassberry.com

/s/ Samuel F. Miller
Samuel F. Miller