TMIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Global Force Entertainment, Inc. and Jeffrey Jarrett,<br><br>        Plaintiffs,<br><br>v.<br><br>Anthem Wrestling Exhibitions, LLC,<br><br>        Defendant. | Case No. 3:18-cv-00749 |

## NOTICE OF OBJECTION TO PLAINTIFFS' PROPOSED CHANGES TO JURY INSTRUCTIONS

In accordance with the Court's instructions on Thursday, July 2, 2020, the parties met with Mr. Genakos to discuss final, non-substantive changes to the jury instructions. The parties met and worked out several changes in accordance with the Court's instructions. Plaintiff, however, is still advocating for major, substantive changes at this late date. Anthem asserts that no further substantive changes should be made at this date as the parties need finality on them to craft their closing arguments. Moreover, we have had numerous rounds of negotiations on the instructions, and the Court has heard the parties' arguments and ruled on the outstanding disputes. For this reason, Anthem believes the Court should not make any further changes to the jury instructions at this juncture.

**Plaintiff's Proposed Instructions on Trademark Validity**

Further, Anthem would state that Plaintiffs' requested instructions regarding the validity of the GLOBAL FORCE WRESTLING trademark are incorrect. If the entity that filed the statement of use was administratively dissolved at the time it filed it, the statement of use is invalid.

While it is true that an administratively dissolved LLC can do acts in furtherance of winding up, the only transfers it can make is to the LLC's members, who may make further transfers as necessary. *See* Tenn. Code Ann. § 48-245-501(b). Because Global Force Wrestling, LLC purportedly made a transfer of the registrations to Global Force Entertainment and that entity is *not* a member of the LLC, the transfers were invalid even if you accept that they were made in furtherance of winding up. Moreover, as set forth previously, because the alleged owner of the mark did not file the application, the applications are void *ab initio*.[1] Accordingly, the Court should not accept Plaintiffs' changes to this jury instruction.

Plaintiffs are hoping to convince the Court that the "related entity" concept fixes the problems with their registrations. It does not, however. The related entity rule allows a licensor (the correct owner of the mark) to rely on its licensee's use to obtain the registration. It does not, however, allow an entity that is not the owner of the mark at the time application was made to validly file the application. As the authorities cited herein provide, an application filed by an entity that is not the owner is void *ab initio*. The proof at trial has established that this has happened and GFE's remaining federal registration is invalid for at least two reasons—1) it was filed by an entity

---

[1] The applicant for a registration must be the owner of the mark as of the date of filing of the application. *Holiday Inn v. Holiday Inns, Inc.*, 534 F.2d 312, 319, n.6, 189 U.S.P.Q. 630, 635, n.6 (C.C.P.A. 1976); *In re Wella A.G.,* 787 F.2d 1549, 1554, 229 U.S.P.Q. 274 (Fed. Cir. 1986); 15 U.S.C.A. § 1051. If the entity filing the application was not the owner of the mark as of the filing date, the application is void *ab initio*. This is a statutory requirement and cannot be waived. *Chien Ming Huang v. Tzu Wei Chen Food Co. Ltd.*, 849 F.2d 1458, 1460, 7 U.S.P.Q.2d 1335 (Fed. Cir. 1988); See T.M.E.P. § 1201.02(b) to (c) (April 2016 ed.).

This basic rule applies to both use-based and Intent to Use applications. *American Forests v. Barbara Sanders*, 54 U.S.P.Q.2d 1860, 1999 WL 1713450 (T.T.A.B. 1999) aff'd 232 F.3d 907 (Fed. Cir. 2000) T.M.E.P. § 1201.02(b) (April 2016 ed.) ("In an application under § 1(b) or § 44 of the Trademark Act, 15 U.S.C.A. § 1051(b), § 1126, the applicant must be entitled to use the mark in commerce on the application filing date, and the application must include a verified statement that the applicant has a bona fide intention to use the mark in commerce."). *See generally* 3 McCarthy on Trademarks and Unfair Competition § 19:53 (5th ed.)).

that did not own it at the time of filing; and, 2) the entity that was not the owner was administratively dissolved when it filed the Statement of Use, thus rendering that critical document invalid as well. Accordingly the GLOBAL FORCE WRESTLING mark is invalid and Plaintiffs' proposed instructions are incorrect and should not be adopted.

**Plaintiffs' Proposed Instruction on Implied License**

Likewise, for the reasons asserted in Anthem's earlier filings, Anthem believes the instructions on "Implied License" and the "Limits of the Implied License" are correct as finalized by the Court and should not be amended or changed further at this late date. Contrary to Plaintiffs' assertion, the "Limits of the Implied License" instruction does not state that the existence of a license is a complete bar to Plaintiffs' claims. It clearly states in the first paragraph that Anthem may be liable for infringement if it exceeded the terms of the license. Moreover, if Plaintiffs are unable to establish that the completion of the merger was a condition precedent to the license, the existence of the license *is* a complete bar to liability for infringement. If the "completion of the merger" is not a condition precedent, it is merely a contractual covenant. If the covenant was breached, it is a breach of contract and not infringement. Accordingly, the instructions are correct as written and Plaintiffs' attempts to change them at this late date should be denied.

Respectfully Submitted,

**BASS, BERRY & SIMS PLC**

*/s/ Paige W. Mills*

Paige W. Mills, TN Bar No. 16218
Ashleigh D. Karnell, TN Bar No. 36074
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Email: pmills@bassberry.com
*Counsel for Defendant*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on July 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

Samuel F. Miller
Sara R. Ellis
Hayley Hanna Baker
Miller Legal Partners, PLLC
Fifth Third Center – Suite 2000
424 Church Street
Nashville, TN 37219

                                            */s/ Paige W. Mills*