# PROPOSED JURY INSTRUCTION NO. ___

## Comparative Fault, Theory and Effect

In deciding this case you must determine the fault, if any, of each of the parties. If you find more than one of the parties at fault, you will then compare the fault of the parties. To do this, you will need to know the definition of fault.

A party is at fault if you find that the party was negligent and that the negligence was a cause in fact and legal cause of the injury or damage for which a claim is made.

Fault has two parts: negligence and causation. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. The mere happening of an injury or accident does not, in and of itself, prove negligence. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is causation.

Causation has two components: (a) causation in fact and (b) legal cause.

A cause in fact of the plaintiff's injury is a cause which directly contributed to the plaintiff's injury and without which the plaintiff's injury would not have occurred. To be a cause in fact, it is not necessary that a negligent act or omission be the sole cause of plaintiff's injury, only that it be a cause.

Once you have determined that a party's negligence was a cause in fact of plaintiff's injury, the next question you must decide is whether the party's negligence was also a legal cause of the plaintiff's injury.

Two requirements must be met to determine whether a party's negligent act(s) or omission(s) was (were) a legal cause of the injury or damage.

1. The conduct must have been a substantial factor in bringing about the harm being complained of; and

2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and prudence.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

A single injury can be caused by the negligent acts or omissions of one or more persons.

If you find that a party was negligent and that the negligence was a cause in fact and also a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. The plaintiff has the burden to prove the defendant's fault. If the plaintiff fails to do so, you should find no fault on the part of the defendant. Likewise, the defendant has the burden to prove the plaintiff's fault. If the defendant fails to do so, you should find no fault on the part of the plaintiff. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

You must also determine the total amount of damages sustained by any party claiming damages. You must do so without reducing those damages by any percentage of fault you may have charged to that party.

I will instruct you on the law of damages in a few minutes.

It is my responsibility under the law to reduce the amount of damages you assess against any party by the percentage of fault, if any, that you assign to that party.

A party claiming damages will be entitled to damages if that party's fault is less than 50% of the total fault in the case. A party claiming damages who is 50% or more at fault, however, is not entitled to recover any damages whatsoever.

## **AUTHORITY**

T.P.I.—CIVIL3.50Comparative Fault, Theory and Effect, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 3.50 (2019 ed.)

**PROPOSED JURY INSTRUCTION NO. \_\_**

**<u>Compensatory Damages –
Plaintiffs Global Force Entertainment, Inc. and Jeffrey Jarrett</u>**

You have found that Anthem Wrestling Exhibitions, LLC is liable to Plaintiff Global Force Entertainment, Inc. for federal trademark infringement of the registered mark GLOBAL FORCE WRESTLING, violation of the Tennessee Consumer Protection Act, unjust enrichment, negligence, conversion, and federal unfair competition for infringement and Tennessee trademark infringement for the following logo:



You have found that Anthem Wrestling Exhibitions, LLC is liable to Plaintiff Jeffrey Jarrett for violation of the Tennessee Personal Rights Protection Act.

Now you must determine an amount that is fair compensation for Plaintiffs Global Force Entertainment, Inc. and/or Mr. Jarrett's damages for only the above listed claims. You are not to consider any other of Global Force Entertainment, Inc.'s trademarks. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett whole — that is, to compensate Plaintiffs Global Force Entertainment, Inc. and/or Mr. Jarrett for the damage that they have suffered. Compensatory damages are not limited to expenses that Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett may have incurred because of their injury. They are entitled to compensatory damages for the harm that they have suffered because of Anthem Wrestling Exhibitions, LLC's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett prove were proximately caused by Anthem Wrestling Exhibitions, LLC's wrongful conduct by a preponderance of the evidence. The damages that you award must be fair compensation for all of Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Anthem Wrestling Exhibitions, LLC. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett have actually suffered or that Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett are reasonably likely to suffer in the future and that they have proved by a preponderance of the evidence.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs Global Force Entertainment, Inc. and Mr. Jarrett prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Each cause of action in this case has different damages available under it. You are to consider the individual instructions for each particular claim when making your determination. You may not award the same damages under multiple claims because double recovery is not permitted.

**AUTHORITY**
Pattern Civ. Jury Instr. 5th Cir. 15.2 (2014) (modified because damages elements are included in claim/counterclaim instructions); *Ford Motor Co. v. Taylor*, 60 Tenn. App. 271, 291, 446 S.W.2d 521, 530 (1969).

# PROPOSED JURY INSTRUCTION NO. __

## Compensatory Damages – Counterclaim Plaintiff Anthem Wrestling Exhibitions, LLC

Compensatory damages also apply to Counterclaim Plaintiff Anthem Wrestling Entertainment, LLC's counterclaims. Because you found that Anthem Wrestling Entertainment, LLC's liability in this action was caused by Mr. Jarrett's breach of his fiduciary duty and his duty of loyalty and that Mr. Jarrett is liable to Anthem Wrestling for such breaches, you must determine an amount that is fair compensation for all of Anthem Wrestling Exhibitions, LLC's damages incurred from and arising from this lawsuit. The purpose of compensatory damages is to make Anthem Wrestling Exhibitions, LLC whole — that is, to compensate Anthem Wrestling Exhibitions, LLC for the damage that it has suffered. Compensatory damages are not limited to expenses that Anthem Wrestling Exhibitions, LLC may have incurred because of its injury. Anthem Wrestling Exhibitions, LLC is entitled to compensatory damages for the harm that it has suffered because of Mr. Jarrett's wrongful conduct.

You may award compensatory damages only for injuries that Anthem Wrestling Exhibitions, LLC proves were proximately caused by Mr. Jarrett's wrongful conduct. The damages that you award must be fair compensation for all of Anthem Wrestling Exhibitions, LLC damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Anthem Wrestling Exhibitions, LLC has actually suffered or that Anthem Wrestling Exhibitions, LLC is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Anthem Wrestling Exhibitions, LLC prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Each cause of action in this case has different damages available under it. You are to consider the individual instructions for each particular claim when making your determination. You may not award the same damages under multiple claims because double recovery is not permitted.

## AUTHORITY

Pattern Civ. Jury Instr. 5th Cir. 15.2 (2014) (modified because damages elements are included in claim/counterclaim instructions); *Ford Motor Co. v. Taylor*, 60 Tenn. App. 271, 291, 446 S.W.2d 521, 530 (1969).

# PROPOSED JURY INSTRUCTION NO. __

## Trademarks: Remedies Under Federal Law
## (the Lanham Act) for Trademark Infringement

You have found that Anthem Wrestling Exhibitions, LLC liable for federal trademark infringement of the mark GLOBAL FORCE WRESTLING. Now you must consider whether, and to what extent, monetary relief should be awarded.

**Global Force Entertainment, Inc.'s Actual Monetary Damages**

You may award actual damages that Global Force Entertainment, Inc. has sustained. Global Force Entertainment, Inc. may recover the economic injury to its business proximately resulting from Anthem Wrestling Exhibitions, LLC's wrongful acts.

Additionally, Global Force Entertainment, Inc. cannot recover monetary relief for infringement of a mark registered with the United States Patent and Trademark Office unless either: (1) Global Force Entertainment, Inc. has used the ® symbol in connection with the mark, putting the defendant on constructive notice of the plaintiff's rights or (2) that Anthem Wrestling Exhibitions, LLC had actual notice of Global Force Entertainment, Inc.'s federal trademark registration. If you find that Anthem Wrestling did not have constructive or actual notice of Global Force Entertainment, Inc.'s registration of the trademark, Global Force Entertainment, Inc. is not entitled to monetary damages for any alleged infringement of the registered mark GLOBAL FORCE WRESTLING.

You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual damages to Global Force Entertainment, Inc. must be just and reasonable, based on facts, and proved by Global Force Entertainment, Inc. by a preponderance of the evidence. It also cannot be based on speculation and must be proved with reasonable certainty.

If you should determine that Plaintiff Global Force Entertainment, Inc. was a new business with no previous history of profitability, you should not award lost profits because those profits would be mere speculation. Further, you may not base an award of lost profits on any unaccepted offers or preliminary negotiations that Global Force Entertainment, Inc. may have participated in but failed to close prior to Anthem Wrestling Exhibitions, LLC's alleged use of its trademarks.

**Anthem Wrestling Exhibitions, LLC's Profits and Calculation of Profits**

In addition to Global Force Entertainment, Inc.'s actual damages, you may also make an award based on an accounting of Anthem Wrestling Exhibitions, LLC's profits. However, you may not make this finding if it would result in double recovery to one or both Plaintiffs.

In determining Anthem Wrestling Exhibitions, LLC's profits, Global Force Entertainment, Inc. only is required to prove Anthem Wrestling Exhibitions, LLC's gross sales of products or services containing the mark GLOBAL FORCE WRESTLING. Anthem Wrestling Exhibitions, LLC may

6

then prove the amount of sales made for reasons other than the infringement. Anthem Wrestling Exhibitions, LLC also may prove its costs or other deductions which it claims should be subtracted from the amount of its sales to determine its profits on such sales. Any costs or deductions that Anthem Wrestling Exhibitions, LLC proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Global Force Entertainment, Inc.

### Nominal Damages

If you find that Anthem Wrestling Exhibitions, LLC infringed Global Force Entertainment, Inc.'s trademark, but you do not find that Global Force Entertainment, Inc. sustained any actual damages or damages based on Anthem Wrestling Exhibitions, LLC's profits, you may award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine. You are also free to award no money judgment at all if you determine that is warranted under the circumstances.

**AUTHORITY**
15 U.S.C. § 1111; 15 U.S.C. § 1114; 15 U.S.C. § 1117; Pattern Civ. Jury Instr. 11th Cir. 10.1 (2020); *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc*., 358 F. App'x 643, 651 (6th Cir. 2009)(citations omitted); *Forklift Sys., Inc. v. Werner Enterprises*, No. 01A01-9804-CH-00220, 1999 WL 326159, at *1–2 (Tenn. Ct. App. May 25, 1999); *McClain v. Kimbrough Construction Co*., 806 S.W.2d 194, 200 (Tenn.App.1990); *Burge Ice Machine Co. v. Strother*, 197 Tenn. 391, 273 S.W.2d 479 (1954); *see also Koehler v. Cummings,* 380 F. Supp. 1294, 1312 (M.D. Tenn. 1971); *United Phosphorus, Ltd. v. Midland Fumigant, Inc*. 205 F.3d 1219, 1227-28 (10th Cir. 2000).

## PROPOSED JURY INSTRUCTION NO. __

### Trademarks: Remedies Under Federal Law
### (the Lanham Act) for Unfair Competition

You have found that Anthem Wrestling Exhibitions, LLC is liable for unfair competition for infringing the following logo:



Now you must consider whether, and to what extent, monetary relief should be awarded.

**Global Force Entertainment, Inc.'s Actual Monetary Damages**

You may award actual damages that Global Force Entertainment, Inc. has sustained. Global Force Entertainment, Inc. may recover the economic injury to its business proximately resulting from Anthem Wrestling Exhibitions, LLC's wrongful acts. You may not, however, award money damages to Plaintiffs unless you determine that Plaintiff Global Force Entertainment, Inc. has proved that at least one customer was actually deceived, as opposed to likely to have been deceived.

You are not required to calculate actual damages with absolute exactness – you may make reasonable approximations. But an award of actual damages to Global Force Entertainment, Inc. must be just and reasonable, based on facts, and proved by Global Force Entertainment, Inc. by a preponderance of the evidence. It also cannot be based on speculation and must be proved with reasonable certainty.

If you should determine that Plaintiff Global Force Entertainment, Inc. was a new business with no previous history of profitability, you should not award lost profits because those profits would be mere speculation. Further, you may not base an award of lost profits on any unaccepted offers or preliminary negotiations that Global Force Entertainment, Inc. may have participated in but failed to close prior to Anthem Wrestling Exhibitions, LLC's alleged use of its trademarks.

**Anthem Wrestling Exhibitions, LLC's Profits and Calculation of Profits**

In addition to Global Force Entertainment, Inc.'s actual damages, you may also make an award based on an accounting of Anthem Wrestling Exhibitions, LLC's profits. However, you may not make this finding if it would result in double recovery to one or both Plaintiffs. You are not permitted to make an award of both Plaintiff's lost profits and Defendant's profits if that will result in Global Force Entertainment recovering twice for the same measure of loss.

In determining Anthem Wrestling Exhibitions, LLC's profits, Global Force Entertainment, Inc. only is required to prove Anthem Wrestling Exhibitions, LLC's gross sales arising from the sale of goods

or services containing the allegedly infringing mark, above. Anthem Wrestling Exhibitions, LLC may then prove the amount of sales made for reasons other than the infringement. Anthem Wrestling Exhibitions, LLC also may prove its costs or other deductions which it claims should be subtracted from the amount of its sales to determine its profits on such sales. Any costs or deductions that Anthem Wrestling Exhibitions, LLC proves by a preponderance of the evidence are required to be subtracted from the sales attributable to the infringement and the difference is the amount that may be awarded to Global Force Entertainment, Inc.

**Nominal Damages**

If you find that Anthem Wrestling Exhibitions, LLC infringed Global Force Entertainment, Inc.'s trademark, but you do not find that Global Force Entertainment, Inc. sustained any actual damages or damages based on Anthem Wrestling Exhibitions, LLC's profits, you may award what are called "nominal" damages. By "nominal" I mean a small amount of damages that you, in your discretion, determine. You are also free to award no money judgment at all if you determine that is warranted under the circumstances.

**AUTHORITY**
15 U.S.C. § 1114; 15 U.S.C. § 1117; Pattern Civ. Jury Instr. 11th Cir. 10.1 (2020); *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 690 (6th Cir. 2000); Restatement (Third) of Unfair Competition § 36, cmt. i (1995); *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 639 (7th Cir. 2003); *Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.,* 926 F.2d 134, 139 (2d Cir. 1991); *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc*., 358 F. App'x 643, 651 (6th Cir. 2009)(citations omitted); *Forklift Sys., Inc. v. Werner Enterprises*, No. 01A01-9804-CH-00220, 1999 WL 326159, at *1–2 (Tenn. Ct. App. May 25, 1999; *McClain v. Kimbrough Construction Co*., 806 S.W.2d 194, 200 (Tenn.App.1990); *Burge Ice Machine Co. v. Strother*, 197 Tenn. 391, 273 S.W.2d 479 (1954); *see also Koehler v. Cummings,* 380 F. Supp. 1294, 1312 (M.D. Tenn. 1971); *United Phosphorus, Ltd. v. Midland Fumigant, Inc*. 205 F.3d 1219, 1227-28 (10th Cir. 2000).

# PROPOSED JURY INSTRUCTION NO. __

## Trademarks: Remedies Under Tennessee Common Law for Trademark Infringement

You have found Anthem Wrestling Exhibitions, LLC is liable for Tennessee trademark infringement for the following logo:



Now you must consider whether, and to what extent, monetary relief should be awarded.

You must determine the amount of damages that Global Force Entertainment, Inc. suffered, if any. This damage amount may be based on (1) an award based on the infringer's profits and (2) an award based on Global Force Entertainment, Inc.'s actual business damages, including lost profits.

You may not, however, make an award of damages that allows Global Force Entertainment, Inc. to recover the same damages twice. For example, if you have already made an award of damages to compensate Global Force Entertainment for use of this trademark above, you may not award those same damages a second time.

You should use Jury Instruction Numbers ___ for determination of compensatory (i.e. actual damages).

## **AUTHORITY**

*Corp. Catering, Inc. v. Corp. Catering, LLC*, No. M1997-00230-COA-R3CV, 2001 WL 266041, at *6 (Tenn. Ct. App. Mar. 20, 2001); *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir.1998); *Ford Motor Co. v. Taylor*, 60 Tenn. App. 271, 291, 446 S.W.2d 521, 530 (1969).

10

Case 3:18-cv-00749   Document 250   Filed 07/24/20   Page 10 of 20 PageID #: 4328

# PROPOSED JURY INSTRUCTION NO. __
## Protection Law (Consumer Protection Act of 1977)—Actual Damages

You have found that the defendant engaged in an act or practice that the law has declared to be unfair or deceptive or that you have determined to be unfair or deceptive. Therefore, the plaintiff is entitled to recover actual damages for any money, property, or thing of value that was lost as a result of the defendant's unfair or deceptive acts or practices.

Your award of damages for this claim is not allowed as a punishment and cannot be imposed or increased to penalize Defendant Anthem Wrestling Exhibitions, LLC. You are to only award the actual damages that plaintiff has proven by a preponderance of the evidence.

**AUTHORITY**
T.P.I.—CIVIL11.45Consumer Protection Law (Consumer Protection Act of 1977) Actual Damages, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 11.45 (2019 ed.) (edited to remove liability instructions); *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901 (Tenn. 1999).

**PROPOSED JURY INSTRUCTION NO. \_\_**
**Unjust Enrichment Remedies**

You have found in favor of Global Force Entertainment, Inc. on its unjust enrichment claim. The amount of damages to be awarded to Global Force Entertainment, Inc. must be based on the reasonable value of the benefit conferred. Reasonable value is to be judged by the customs and practices prevailing in that type of business.

**AUTHORITY**

*FLSmidth Inc. v. Fiber Innovation Tech., Inc.*, 626 F. App'x 625, 629 (6th Cir. 2015).

**PROPOSED JURY INSTRUCTION NO. \_\_**
**Damage to Personal Property (Negligence)**

You have found for Global Force Entertainment, Inc. on its claim that Defendant Anthem Wrestling Exhibitions, LLC was negligent in deleting the original footage of the Amped content. You must determine the amount of damages that Global Force Entertainment, Inc. suffered, if any. The measure of damage to personal property is as follows:

If the damages have been repaired or the property is capable of repair so that the three factors of function, appearance, and value have been or will be restored to substantially the same value as before the incident, then the measure of damages is the reasonable cost of repairs necessary for the restoration plus any loss of use pending the repairs.

If the property is not capable of repair so as to restore function, appearance, and value as they were immediately before the incident, then the measure of damages is the difference in the fair market value of the property immediately before the incident and immediately after the incident.

**AUTHORITY**

T.P.I.—CIVIL 14.40 Damage to Personal Property, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.40 (2019 ed.)

## PROPOSED JURY INSTRUCTION NO. __

### Personal Property—Lost or Destroyed (Conversion)

You have found Defendant Anthem Wrestling Exhibitions, LLC is liable for conversion for its deletion of the original footage of the Amped content. The measure of damages for personal property either lost or destroyed is the fair market value of such property at the time and place of its loss or destruction.

If all or a portion of the footage remains in substantially the same form, you may take this into account in whatever damage calculation, if any, you find it appropriate to make.

### AUTHORITY

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.42 (2019 ed.).

**PROPOSED JURY INSTRUCTION NO. \_\_**

**Property Damage—Duty to Mitigate**

A person whose property has been damaged by the wrongful act of another is bound to use reasonable care to avoid loss and to minimize damages. A party may not recover for losses that could have been prevented by reasonable efforts or by expenditures that might reasonably have been made.

**AUTHORITY**
T.P.I.—CIVIL14.52Property Damage—Duty to Mitigate, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.52 (2019 ed.)

## PROPOSED JURY INSTRUCTION NO. __

## Remedies: Tennessee Personal Rights Protection Act

You have found for Mr. Jarrett on his claim under the Tennessee Personal Rights Protection Act, therefore he is entitled to recover the actual damages suffered as a result of the knowing use or infringement of such individual's rights and any profits that are attributable to such use or infringement and any profits that are attributable to such use or infringement (as long as such profits were not already accounted for in the award of actual damages so that Mr. Jarrett would receive a double recovery).

## AUTHORITY

Tenn. Code Ann. § 47-25-1101 et seq.

# PROPOSED JURY INSTRUCTION NO. __
## Remedies for Breach of Fiduciary Duty and Breach of Duty of Loyalty

Because you found that Anthem Wrestling Entertainment, LLC's liability in this action was caused by Mr. Jarrett's breach of his fiduciary duty and his duty of loyalty and that Mr. Jarrett is liable to Anthem Wrestling for such breaches, you must determine an amount that is fair compensation for all of Anthem Wrestling Exhibitions, LLC's damages incurred or arising from this lawsuit.

You may award Anthem Wrestling Exhibitions, LLC an amount that will compensate it for the harm that it suffered because of Mr. Jarrett's breaches of these duties. This may include Anthem Wrestling Entertainment, LLC's costs to litigate this action and any damages awarded against it caused by Mr. Jarrett's decisions as Chief Creative Officer, including his failure to notify Anthem Wrestling Entertainment, LLC that it was required to preserve the original Amped footage and Mr. Jarrett's directions to Anthem Wrestling Entertainment, LLC to use the trademarks and intellectual property that you have found to be infringement.

Additionally, you may award Anthem Wrestling Entertainment, LLC any benefit or profit that Mr. Jarrett received as a result of his disloyal activities, including any monetary amount awarded to Mr. Jarrett through this lawsuit that occurred because of his breach of duty of loyalty to Anthem Wrestling Entertainment, LLC.

## AUTHORITY

*B & L Corp. v. Thomas & Thorngren, Inc.*, 162 S.W.3d 189, 219-20 (Tenn. Ct. App. 2004) (the appropriate compensatory damages for breach of fiduciary duty are those that flow from the breach); *L-S Indus., Inc. v. Matlack*, No. 3:07-CV-273, 2010 WL 11639631, at *3 (E.D. Tenn. Apr. 7, 2010) (the appropriate remedy for breach of duty of loyalty is the disgorgement of any profit or benefit the breaching party received as a result of his disloyal activities).

# PROPOSED JURY INSTRUCTION NO. __
## Punitive Damages

Plaintiff Global Force Entertainment, Inc. has asked you make an award of punitive damages for the claims of negligence and conversion, but you may consider an award of punitive damages only if you find that Global Force Entertainment, Inc. has suffered actual damage as a legal result of Anthem Wrestling Exhibitions, LLC's fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate Global Force Entertainment, Inc. but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages are reserved for especially egregious conduct.

## AUTHORITY

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.55A (2019 ed.) (modified to clarify parties and remove liability instructions).

# PROPOSED JURY INSTRUCTION NO. __
## Punitive Damages─Amount

You have decided that the Anthem's conduct was willful. In this event, plaintiff may be entitled to punitive damages for its claims of negligence and conversion. You must now decide the amount of those damages, if any. The plaintiff has the burden of proving by a preponderance of the evidence the amount of punitive damages that you should award.

In making your decision you must consider the instructions I have already given you and also the following:

1. Anthem Wrestling Exhibitions, LLC's net worth and financial condition;

2. The objectionable nature of the Anthem Wrestling Exhibitions, LLC's wrongdoing, the impact of Anthem Wrestling Exhibitions, LLC's conduct on Global Force Entertainment, Inc., and the relationship of the parties;

3. Anthem Wrestling Exhibitions, LLC's awareness of the amount of harm being caused and Anthem Wrestling Exhibitions, LLC's motivation in causing the harm;

4. The duration of Anthem Wrestling Exhibitions, LLC's misconduct and whether Anthem Wrestling Exhibitions, LLC attempted to conceal the conduct;

5. The amount of money Global Force Entertainment, Inc. has spent in the attempt to recover the losses;

6. Whether Anthem Wrestling Exhibitions, LLC profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7. The number and amount of previous punitive damage awards against Anthem Wrestling Exhibitions, LLC based upon the same wrongful act;

8. Whether, once the misconduct became known to Anthem Wrestling Exhibitions, LLC, Anthem Wrestling Exhibitions, LLC tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9. Any other circumstances shown by the evidence that bears on determining the proper amount of the punitive award.

Punitive damages may only be awarded once you have already awarded Global Force Entertainment, Inc. compensatory damages for the purpose of making Global Force Entertainment, Inc. whole. The purpose of an award for punitive damages is to punish a wrongdoer and to deter misconduct by Anthem Wrestling Exhibitions, LLC or others.

## **AUTHORITY**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.56 (2019 ed.) (modified to clarify parties).

**PROPOSED JURY INSTRUCTION NO. \_\_**

**Consumer Protection Claim Brought With a Separate
Claim for Punitive Damages Under Another Theory**

Because you have found for Plaintiff Global Force Wrestling on both the Tennessee Consumer Protection Law claim and the claims based on negligence and conversion, the plaintiff will not be permitted to collect damages under both claims but instead will have to choose whether to accept the damages under the Tennessee Consumer Protection Law or the damages under the claims based on negligence and conversion. In other words, if you decide the plaintiff should recover monetary damages from the defendant the plaintiff will be able to recover those damages only once, even though you have found that the plaintiff has proved both the Tennessee Consumer Protection Law claim and the claims based on negligence and conversion.

**AUTHORITY**
T.P.I.—CIVIL11.47Consumer Protection Claim Brought With a Separate Claim for Punitive Damages Under Another Theory, 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 11.47 (2019 ed.) (revised to remove liability language and take trifurcation of trial into account).